## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE BASU GROUP INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-cv-00461-PGG |
| | ) |
| SEVENTH AVENUE, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12 (b) (6) F.R.C.P.

TABLE OF CONTENTS

I.      INTRODUCTION......................................................................................................1

II.     APPLICABLE LAW..................................................................................................2

        A.    Validity Is Not Contested for Purposes of this Motion .......................................... 3

        B.    Insufficient Similarity May Be Decided As A Matter of Law ................................3

III.    ANALYSIS .............................................................................................................. 3

        A.  SIMILARITY IN IDEAS IS INSUFFICIENT TO
        CONSTITUTE INFRINGEMENT ……………………………………………….. 6

        B. THE ORDINARY OBSERVER HERE WOULD FIND NO INFRINGEMENT ……7

        1.    Basu Cannot Demonstrate Substantial Similarity................................................7

        2.    Differences So Dominate That The Ordinary Observer Would Not Find
              Substantial Similarity.......................................................................................8

        3.    The Complaint Fails to State a Plausible Claim and Must Be Dismissed..............10

CONCLUSION....................................................................................................................11

# TABLE OF AUTHORITIES

## Statutes

Copyright Act, 17 U.S.C. § 102(b) …………………………………………………………….. 7

## Rules

Rule 12(b)(6), Federal Rule of Civil Procedure  …………………………………………... 1

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................. 2

*Bank of America AIG Disclosure Securities Litigation, In re* 980 F. Supp. 2d 564 (S.D.N.Y. 2013) ...................................................................................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ................................... 2

*Beaudin v. Ben and Jerry's Homemade, Inc.*, 95 F. 3d 1 (2d Cir., 1996) ................................... 3, 9

*Dyer v. Napier*, 2006 WL 2730747, 2006 Copr.L.Dec. P 29,242, 81 U.S.P.Q.2d 1035  (D Ariz 2006) ...................................................................................................................... 6

*Eden Toys, Inc. v. Marshall Field & Co.*, 675 F. 2d 498 (2d Cir. 1982) .................................. 7, 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282 (1991)   ……………. 2

*Folio Impressions, Inc. v. Byer Cal*., 937 F.2d 759 (2d Cir.1991) ................................. 7

*Gordon v. Invisible Children, Inc*. Case No. 14-4122 (PGG), 2015 WL 5671919 (S.D.N.Y. Sept. 24, 2015) ...................................................................................................... 10

*Hamil Am. Inc. v. GFI*, 193 F.3d 92  (2d Cir. 1999) ....................................................... 2

*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir. 1974) ................ 6

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971) ............................. 6

*Klauber Bros. v. Bon-Ton Stores, Inc.* 557 F. App'x 77, 110 U.S.P.Q.2d 1602  (2d Cir. 2014)  ..4, 7, 8, 10

*Klauber Bros., Inc. v. Russell-Newman, Inc*., Case No. 11-4895 (PGG), 2013 WL 1245456 (S.D.N.Y. Mar. 26, 2013) .......................................................................................... 4

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F. 3d 57 (2d Cir. 2010) 2, 3, 6, 7, 10

*Psihoyos v. National Geographic Society* 409 F.Supp. 2d 268 (SD NY 2005) ............................. 6

*Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir.2003) ....................................................... 6

## Other Authorities

*Webster's Ninth New Collegiate Dictionary* 130, 442, 967, 969  (Merriam-Webster Inc., 1988) 4, 5

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BASU GROUP INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-cv-00461-PGG |
| | ) |
| SEVENTH AVENUE, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12 (b) (6) F.R.C.P.**

Defendant Seventh Avenue, Inc. (hereinafter "Seventh Avenue"), through its counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff The Basu Group, Inc. (hereinafter "Basu"), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.

## I.    INTRODUCTION

Plaintiff Basu filed its Complaint on January 21, 2016. The Complaint alleges that a Hand-Painted Leather Bag sold by Seventh Avenue ("the Accused Bag") infringes Basu's Peacock Feather # 1. Dkt. 1, Complaint. at ¶¶ 12-17. However, a review of the two designs reveals that no reasonable jury could find that they are substantially similar, a prerequisite to a finding of infringement. Accordingly, this case should be dismissed before the parties  incur substantial litigation costs.

Basu's Peacock Feather # 1 is shown as an image in the Copyright Registration attached as Exhibit A to the Complaint (Ct. Dkt 1), and is also attached as Exhibit A to the supporting Declaration of David C. Brezina (Brezina Decl.) .  A photograph of an advertisement showing the

1

Accused Bag is attached as Exhibit B to the Complaint, and is also attached as Exhibit B, Brezina Decl.  A larger image of the Accused Bag is attached as Exhibit C, Brezina Decl.

The Court in *Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F. 3d 57, 64 (2d Cir. 2010) stated "In copyright infringement actions, the works themselves supersede and control contrary descriptions of them . . . contained in the pleadings.'" (Citations omitted). Additionally, the court may consider matter referenced in the complaint, but not attached, *Id.* at 65, and matter in the public domain by judicial notice. *Bank of America AIG Disclosure Securities Litigation, In re* 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013).  Thus, where, as here, the two dimensional graphic "works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation" *Gaito, supra*, at 64

## II.    APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

Copyright infringement requires "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, (1991).  This motion to dismiss can be decided based on lack of sufficient similarity "between the defendant's work and the protectable elements of plaintiff's." *Gaito, supra at* 63 (citing *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)).

## A. VALIDITY IS NOT CONTESTED FOR PURPOSES OF THIS MOTION

Solely for the purposes of this Motion to Dismiss, the first element, including ownership and copyright validity, is not contested.  There is a rebuttable presumption of validity that flows from registration.  Defendant may contest that presumption in a different context, but mere validity does not equate with a strong copyright.  *Beaudin v. Ben and Jerry's Homemade, Inc.*, 95 F.3d 1 (2d Cir., 1996) ("Where the quantum of originality is slight and the resulting copyright is "thin," infringement will be established only by very close copying because the majority of the work is unprotectable.")

## B. INSUFFICIENT SIMILARITY MAY BE DECIDED AS A MATTER OF LAW

The level of similarity a plaintiff must prove can depend on the facts of the case, which facts are clearly presented in this case.  If the only similarity is  the "idea" in the copyrighted work, that similarity is insufficient for there to be infringement.  No copyright owner has the exclusive right to use the idea of depictions of peacock feathers on purses and bags. The typical copyright case uses the ordinary observer test to determine if similarity is substantial enough that the observer would consider the defendant's work as a whole impermissably copies plaintiff's protectable expression.  Where a copyrighted work is based on matter in the public domain, such as the peacock feather here, plaintiff's case may be dismissed unless a "more discerning observer" finds similarity examining only the original features of the copyrighted work. *Gaito, supra*, at 66.  Even if using the less stringent "ordinary observer" test, rather than the "more discerning" test, it is clear that there is no substantial similarity between Basu's design and the design on the Accused Bag.

## III. ANALYSIS

Basu's complaint must be dismissed because a visual comparison of the design in the Accused Bag and Basu's Peacock Feather # 1 demonstrates that no reasonable jury could find that

the works are sufficiently similar for there to be infringement.  As the Court instructively observed in *Klauber Bros., Inc. v. Russell-Newman, Inc*., Case No. 11-4895 (PGG), 2013 WL 1245456 (S.D.N.Y. Mar. 26, 2013) Slip op. at 14 *aff'd sub nom. Klauber Bros. v. Bon-Ton Stores, Inc*. 557 F. App'x 77, 110 U.S.P.Q.2d 1602  (2d Cir. 2014), "The Court recognizes that its obligation is to examine the works' total concept and feel, rather than the individual elements . . .but  there are enough differences in the individual elements here that the "total concept and feel of these works . . . is different."  The individual elements notable in the Exhibits demonstrate a different total concept and feel as set forth below:

1.      In viewing the accused bag, what is immediately apparent is the red colored background and a plurality of contrasting white colored abstract, but generally onion shaped, figures, most of which have simple, oval, red and gold "eye" shapes within the figures, with some minor red shaped figures and, due to their muted tones, two less dominant blue figures of the same onion shaped geometry and within the blue figures are peacock feathers;

2.      Looking at the peacock feathers, the designs of the body of the respective feathers are very different from one another;

3.      The "eye[1]" in Plaintiff's feather is blue with two solid circular defined linear borders, while the "eye" in the stylized peacock feather of the Accused Bag is red with a shaded, not clearly defined border;

4.      The "eye" in Plaintiff's work is more oval or obround (racetrack shaped), not circular, while the "eye" in the stylized peacock feather of the Accused Bag is circular; the

---

[1] "a usu. circular marking (as on a peacock's tail)"  *Webster's Ninth New Collegiate Dictionary* 442  (Merriam-Webster Inc., 1988)

abstract "eyes" in the accused work include "U" shapes and oval shapes, with some only red, some red and gold;

5.      Plaintiff's peacock feather has a curved quill[2] while the Accused Bag has a straight quill;

6.      Plaintiff's work has very short barbs[3] at the bottom of the peacock feather while the Accused Bag's stylized peacock feather has barbs at the bottom that extend all the way to the middle or above the "eye" of the feather;

7.      Plaintiff's work has three barbs attached to the top of the "eye", while the Accused Bag has eight;

8.      The background in Plaintiff's work is a golden brown versus blue and red in the Accused Bag;

9       The background behind feather in the Accused Bag is white, blue and red in highly stylized geometric forms;

10.     The accused peacock feather is encased in solid, linear bordered "onion-shaped" design, which carries the theme of the other, more abstract "onion-shaped" designs on the Accused Bag, there is no such design surrounding the peacock feather of Plaintiff's work;

11.     Plaintiff's feather is skeletal and flimsy in comparison to the stylized feather part on the Accused Bag which is full and substantial providing a different "look and feel";

12.     Plaintiff's feather barbs are colored black, green and blue, varying between bottom and top, while the accused design feather barbs are combinations black, purple, red and green, varying between left and right;

---

[2] "the hollow horny barrel of a feather" *Id*. at 967; see also "rachis": "the distal part of the shaft of a feather that bears the web" *Id*.  at 969

[3] "any of the side branches of the shaft of a feather -- see FEATHER illustration" *Id*. at 130

13.  The very different overall color schemes used in the two works considering the combination of general background, different background for specific peacock feather shapes and differences in coloration for the feathers themselves.

## A.    SIMILARITY IN IDEAS IS INSUFFICIENT TO CONSTITUTE INFRINGEMENT

The Second Circuit, in *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64, 65 (2d Cir. 1974) (per curiam) used a merger of idea and expression analysis in connection with a jewelry item comprising a bejeweled pin formed to look like a natural turtle to be unenforceable against another jewelry item formed to look like a natural turtle.  The Second Circuit relied on the Ninth Circuit's analysis regarding a bejeweled pin formed like a natural bee, see *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 742 (9th Cir. 1971).  Applying this doctrine, in *Gaito supra*, at 67 the Court stated "This principle, known as the 'idea/expression dichotomy,' 'assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.' " See 17 U.S.C. § 102(b) ("In no case does copyright protection ... extend to any idea ....").

If the idea is to use the colorful appearance of the end of a peacock feather for decorative purposes, as is the case in Basu's Peacock Feather # 1, and this is the only similarity with respect to the accused work, there is no infringement.  See *Dyer v. Napier*, 2006 WL 2730747, 2006 Copr.L.Dec. P 29,242, 81 U.S.P.Q.2d 1035  (D Ariz 2006) ("when a live creature commonly appearing in nature is reproduced, the only elements protected by copyright are those original aspects which are not required in the depiction of the creature as expressed in nature"); *Psihoyos v. National Geographic Society*, 409 F.Supp. 2d 268 (S.D.N.Y. 2005) ("the 'idea' of showing the Fossil in its 'natural setting.'") *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir.2003) (artist who created a jellyfish sculpture "may not prevent others from copying elements of expression that nature displays for all observers.")

**B. THE ORDINARY OBSERVER HERE WOULD FIND NO INFRINGEMENT**

To determine whether the two works are substantially similar, the court is only required to perform "a visual comparison of the works." *Folio Impressions, Inc. v. Byer Cal*., 937 F.2d 759, 766 (2d Cir.1991). This visual comparison test is often called the "ordinary observer test" and asks whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Gaito, supra* at 66. Under this test, the court examines the works' "total concept and feel." *Eden Toys, Inc. v. Marshall Field & Co*., 675 F. 2d 498, 500 (2d Cir. 1982) (holding that two designs were not substantially similar).

### 1.      Basu Cannot Demonstrate Substantial Similarity

A review of the Accused Bag and Basu's Peacock Feather # 1 shows no substantial similarity between their overall or feather designs. Indeed, the patterns substantially differ in detail and nuance, with similarity between them existing solely because the works generally represent the same subject matter – a peacock feather. But this similarity falls short of demonstrating "substantial similarity" (and thus infringement), because "the similarity between two works must concern the expression of ideas, not the ideas themselves." *Gaito, supra*, at 67 (citations omitted).

The first major difference between the designs – that which is immediately apparent to the observer -- is the graphics of abstract shapes, white shapes being prominent, some minor red shapes and graphically muted blue shapes as backgrounds (item 1) for the peacock feather depictions in the Accused Bag.  The muted blue shapes are intermittent with the other abstract shapes. These colors and shapes are completely absent from Basu's Peacock Feather #1 which has a uniform golden brown background (item 8)  Defendant's "fantasy representation of peacock feathers" (Exhibit B) and abstract shapes (item 9) surrounding distinct feather depictions (items 2, 3, 4, 5, 6, 7, 10, 11,12 and 13) provide a completely different concept and feel than Basu's Peacock Feather # 1.

Second is the difference in color schemes. (item1)  This factor is key, as noted by this court in *Klauber, at 15*.  There, this court summarized the law of the Second Circuit regarding copyright infringement fabric cases and found that "a common element in the cases that have found infringement – which is not a factor here – is the presence of a similar or identical color scheme." *Id*. at 8 (citing a collection of cases).  The accused work is dominated by the red backround, broken up with the highly contrasting white shapes and the blue shape is behind the peacock feather. (item 1)

### 2. Differences So Dominate That The Ordinary Observer Would Not Find Substantial Similarity

The presumably protectable expression identified in the Copyright registration as "Peacock Feather #1" (Complaint, Par. 12) conveys an image of a peacock feather in a "hand painted" style on a background.   The Accused Bag has a multiplicity of abstract shapes (items 1, 10, 13) on a brightly colored background, the shapes generally formed as "onion" shapes and having some oval-shaped and some "U-shaped" contained within the onion shapes. (items 3 and 4)  One such shape has a stylized peacock feather and one such shape a partial stylized peacock feather.  The stylized peacock feathers are less abstract than the other shapes on the Accused Bag, but the abstract shapes cover a greater surface area.

Looking only at the peacock feather portions of the designs, the depicted feathers, themselves, are not alike. For example, while Basu's Peacock Feather # 1 is an isolated feather that starts at the bottom right corner of the frame and extends up and slightly right, the design in the Accused Bag extends primarily straight up.  Also, the quills of the feathers in Accused Bag are short and blunt; whereas, the base of Basu's Peacock Feather # 1 is elongated and curved, providing a different aesthetic appeal. (item 5)  Further, the feather barbs of the design in the Accused Bag are completely encased in an onion shape and differently configured (items 6 and 7).

8

Basu's Peacock Feather # 1 has no such feature. Lastly, the design in the Accused Bag appears to be supported by a gold ring-shaped structure on its bottom right side. Again, Basu's Peacock Feather # 1 has no such feature.

Here, as in *Klauber,* similarity of color schemes of the two designs is absent.  While the shapes discussed above dominate the Accused Bag's graphic, comparing colors provides a material additional distinction.  Starting with the backgrounds of the designs, the presumably protectable expression in Basu's Peacock Feather # 1 has a very noticeable golden brown background that is prevalent throughout the design. This golden brown background prominently appears between each feather barb and in the eye portion of the feather design; it also completely surrounds the outside of the feather. On the other hand, the design in the Accused Bag has a multitude of background colors. (items 8 and 9)  For example, the left feather barbs have a mainly green background while the right feather barbs have a mainly reddish background. Further, the top feather barbs are set on a background that has blue, pink, and white color variations. (item 12)

The color schemes of the barbs of the two designs also differ. Basu's Peacock Feather # 1 has bottom feather barbs that are black and green. It also has top feather barbs that are black and blue. On the other hand, the design in the Accused Bag has left feather barbs that are black, purple, and red. It has right feather barbs that are black purple and green – contrasting colors different than Basu's. Because peacock feather colors are derived from nature, all differences are material, while similarities are explainable as similarities in idea.  (*Beaudin, supra at 2,* "The idea of placing Holstein-like black splotches on a white background is not the subject of the copyright, which protects only Beaudin's expression of this idea.")

The eye patterns of the two feather designs –  one for which peacock feathers are known (see footnote 1) – also differ in color. (item 3) Basu's Peacock Feather # 1 has a distinct blue center

eye, which is surrounded by another blue circle, which is then encompassed by the golden brown color scheme noted above. On the other hand, the design in the Accused Bag has a distinct red center eye, which is surrounded by a circle that has orange, yellow, red, and green coloring. (items 3 and 4). As pointed out, the other abstract shapes have "eyes" of different color as well as shape.

The two works do not share the same "total concept and feel" and few aspects of the peacock feather portions of the works are the same. Accordingly, no reasonable juror could find that they are substantially similar.

> ### 3.     The Complaint Fails to State a Plausible Claim and Must Be Dismissed

Because Basu's copyright infringement claim requires a showing of substantial similarity between Basu's Peacock Feather # 1 and the Accused Bag, and no reasonable jury could find that the two works meet this test, Basu's copyright infringement complaint fails to "state a claim to relief that is plausible on its face." *Gaito supra*, at 69.   Different colors for the peacock feather "barbs" and "barbules" and a different "eye" pattern in the two designs, coupled with the added abstract shapes of defendant's graphics are such that an average lay observer would never consider "the alleged copy as having been appropriated from the copyrighted work." *Gaito*, *supra,* at 66. The "total concept and feel" of defendant's two-dimensional graphics and plaintiff's Peacock Feather #1 are not substantially similar.  *Eden Toys, supra,* at 500.

This current lawsuit must therefore be dismissed because Basu has not demonstrated substantial similarity. *See Id* at 501. (finding no substantial similarity and affirming district court's dismissal of the complaint); *Klauber*, *supra* at 8 - 9 (finding no substantial similarity and granting motion to dismiss copyright claim); *Gordon v. Invisible Children, Inc*. Case No. 14-4122 (PGG), 2015 WL 5671919, at 10-12 (S.D.N.Y. Sept. 24, 2015) (same).

**CONCLUSION**

Defendant Seventh Avenue respectfully moves that the Court dismiss Basu's Complaint against Seventh Avenue in its entirety because Plaintiff has failed to state a claim that the Accused Bag is substantially similar to Basu's Peacock Feather # 1.

                                                Respectfully submitted,

                                                Ladas & Parry LLP

                                                Attorneys for Defendant, Seventh Avenue, Inc.

Date: August 11, 2016                    By:   /David C. Brezina/
                                                David C. Brezina
                                              DB4599 (*pro hac vice*)
                                              Ladas & Parry, LLP
                                              224 South Michigan Avenue, #1600
                                              Chicago, IL   60604
                                              Tel 312.427.1300
                                              Fax 312.427.6663

Ralph Cathcart, Esq.
Ladas & Parry, LLP
1040 Avenue of the Americas
New York, NY 10018
Tel 212.708.1800
Fax 212.246.8959

CERTIFICATE OF SERVICE


I hereby certify that I have this 9th day of September, 2016, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: to:

Michael Robert Gilman
Myers Waolin, LLC
100 Headquarters Plaza
North Tower 6th Floor
Morristown, NJ 07960

Email: mgilman@pgclawgroup.com

and that a copy was served electronically on August 11, 2016 by electronically transmitting a copy to mgilman@pgclawgroup.com


Dated: September 9, 2016                                    /David C. Brezina/
                                                                              David C. Brezina
                                                                              DB4599 (*pro hac vice*)