UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE BASU GROUP INC.,

                      Plaintiff,

    v.

SEVENTH AVENUE, INC.,

                      Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/4/16

Civil Action No. 16-cv-00461-PGG
ECF CASE

## RESUBMISSION OF JOINT MOTION FOR EXTENSION OF DEADLINES

The parties in the above subject litigation herein respectfully request the Court enter this Stipulation seeking an extension of the deadline to complete fact discovery of paragraph 6 of the Civil Case Management Plan and Scheduling Order ("Scheduling Order"), entered onto the docket of this case as Document 26, on July 26, 2016 (a copy of which is attached hereto as Exhibit A), as well as all subsequent dates of the Scheduling Order, as provided for below. Plaintiff requests a three month extension, if depositions of nationals of India are needed, while Defendant requests a one month extension in order to minimize conflicts with the respective retail business during the extremely busy holiday season:

      6.     The parties must complete <u>fact</u> discovery no later than **January 31, 2017** (Plaintiff) or **November 30, 2016** (Defendant). The parties will complete their first production of documents by serving the same to the other party's counsel's office by emails, on disc or on USB stick if electronic in nature, or by mail if paper in nature, by or before **November 3, 2016**. Defendant will send duplicate original catalogs to counsel for Plaintiff on or before that date. If the parties have no disputes regarding the production, or if they have such and they are resolved

between the parties without intervention of the Court, then the following depositions will take place:

    a.    Plaintiff's 30(b)(6) deposition(s) of defendant, on – **November 17 or 18, 2016** to be agreed depending on the scope of the notices and witness availability.

    b.    Defendant's 30(b)(6) deposition of plaintiff, on – **November 21 or 22, 2016**
If the parties have discovery disputes they are unable to resolve without intervention of the Court, they will bring them to the attention of the Court by **November 23, 2016**.

    7.c.    Complete depositions of fact witnesses by **January 31, 2017** (Plaintiff) or **November 30, 2016** (Defendant). Depositions in addition to the above of paragraph 6, as, for example, the author/artist of the Plaintiff's bag or the allegedly infringing bag, if needed, will be completed by January 31, 2017. Such depositions of nationals of India, unless agreement can be reached between the parties, may require the Hague or stipulation between the parties.

    8.    The parties must complete <u>expert</u> discovery no later than **March 31, 2017** (Plaintiff) or **January 30, 2017** (Defendant).

    a.    Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **February 7, 2017** (Plaintiff) or **December 7, 2016** (Defendant). Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **February 21, 2017** (Plaintiff) or **January 30, 2017** (Defendant).

    10.    Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by **February 7, 2017** (Plaintiff) or **December 7, 2016** (Defendant). Opposition letters are due **February 14,**

**2017** (Plaintiff) or **December 14, 2016** (Defendant).

Pursuant to Rule 1(D) of the Court's Individual Practices, and Document 39 denying the parties first filed Stipulation, the parties state:

(1) The deadlines sought to be extended are those starting from the current fact discovery closing date of October 31, 2016, and that all of these dates be moved forward by three (3) months, respectively. Such month movement of such dates are shown above.

(2) The requested extension of the parties is one (1) month (Defendant) or two (3) months (Plaintiff).

(3) This is the parties' resubmission of their first request for extension of these dates in response to the Court's denial of the original Stipulation, which denial is Document 39 of the docket of this case.

(4) Defendant produced some documents via email at 8:00pm EST on Friday, October 28, 2016. Plaintiff will produce its documents by the above requested extended deadline of November 3, 2016. As such, no depositions have yet taken place and the parties will not be able to do so by today's fact discovery completion deadline.

Further, and in specific response to Document 39, the parties have provided in their above proposed, revised schedule, the requested information of subparagraphs (1) – (3) of Document 39. In addition, the parties herein state that since the initial pretrial conference on July 7, 2016, they have:

(a). Served and provided written responses to each other's interrogatories and document requests. Pursuant to the Scheduling Order, the parties served their interrogatories and document requests on each other by August 9, 2016, and timely responded in writing to the

same.

    (b). On August 9, 2016, plaintiff's counsel also provided defendant's counsel with plaintiff's counsel's signature on a copy of the Court's Model Protective Order. Plaintiff's counsel sent a reminder to defendant's counsel on August 30, 2016 regarding the Protective Order, as no response to plaintiff's August 9th correspondence had been received by that date. Plaintiff's counsel then sent another correspondence to defendant's counsel on September 12, 2016, as there continued to be no response to the signed Protective Order from defendant. (Copies of these correspondence are available at the Court's discretion.) Defendant responded on September 12, 2016, with suggested revisions to the Court's Model Protective Order. After various correspondence back and forth (including the below discussed September 27th letter), counsel reached agreement on language for the Protective Order on October 5, 2016 and filed the fully executed Protective Order with the Court on October 10, 2016 (the slight delay being due to other trial deadlines of defendant's counsel).

    (c). On September 27, 2016, plaintiff's counsel sent a letter to defendant's counsel addressing both the above continuing Protective Order negotiations and discovery deficiencies, believed by plaintiff to exist in defendant's written discovery responses. This 11 page, single spaced, letter was prepared and sent within a week of plaintiff's counsel's receipt on September 20, 2016 of defendant's written discovery responses. On October 17, 2016, plaintiff's counsel sent a reminder to defendant's counsel regarding plaintiff's discovery dispute letter. On October 19, 2016, the parties exchanged non-substantive correspondence regarding discovery and plaintiff's September 27th letter.

    (d). On October 24, 2016, the Court issued the So Ordered Protective Order.

    (e). Also on October 24, 2016, plaintiff counsel, realizing discovery would not be able

4

to be completed by the October 31, 2016 deadline of the Scheduling Order, prepared the first filed Stipulation for Extension and sent it to defendant's counsel for review and approval. Defendant's counsel agreed to the draft and plaintiff's counsel finalized and filed the same on October 24, 2016.

(f). Defendant served document production on October 28, 2016.

(5) Both parties agree regarding the need for extensions, although Defendant believes that fact discovery should be completed before the holidays, with the other dates reset accordingly. Plaintiff would agree with Defendant, if the parties stipulate they shall not attempt to produce or produce for trial (i.e., so that pre-trial depositions are not needed), any none employee of either party who was responsible of creation of plaintiff's design or defendant's accused design. Plaintiff believes these individuals are nationals of India. Defendant believes that there are a number of issues that may be ripe for stipulation at the appropriate time, but cannot make a stipulation such as proposed by Plaintiff until the deposition(s) of Plaintiff's witness(es) and production of Plaintiff's documents.

| | |
|---|---|
| **MYERS WOLIN, LLC** | **LADAS & PARRY LLP** |
| By: /Michael R. Gilman/ | By: /David C. Brezina/ |
| Michael R. Gilman (MG 7608) | David C. Brezina (DB 4599) *pro hac vice* |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 100 Headquarters Plaza | 224 S. Michigan Ave. |
| North Tower, 6th FL | Suite 1600 |
| Morristown, NJ 07960 | Chicago, IL 60604 |
| Tel: (973) 401-7157 | Tel: (312) 408-2532 |
| michael.gilman@myerswolin.com | dbrezina@ladas.net |
| Dated: October 31, 2016 | Dated: October 31, 2016 |

**MEMO ENDORSED**

Fact discovery must be completed by November 30, 2016. Expert discovery is to be completed by Jan. 30, 2017.

SO ORDERED:

/Paul A. Gardephe/
Paul G. Gardephe, U.S.D.J.

Dated: Nov. 4, 2016

5

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the document entitled **"STIPULATION FOR EXTENSION OF DEADLINES,"** was served on the below identified counsel for Defendant, on this 31st day of October, 2016, via Email, with consent:

>Ralph H. Cathcart, Esq.
>Ladas & Parry LLP
>1040 Avenue of the Americas
>New York, NY 10018
>(Attorneys for Defendant Seventh Avenue, Inc.)

and

>David C. Brezina, Esq.
>Ladas & Parry LLP
>224 South Michigan Avenue, Suite 1600
>Chicago, IL 60604
>(Attorneys for Defendant Seventh Avenue, Inc.)

Dated: October 31, 2016         By: ___/Michael R. Gilman/___
                                     Michael R. Gilman (MG 7608)