

**MYERS WOLIN**
INTELLECTUAL PROPERTY

MYERS WOLIN, LLC
ATTORNEYS AT LAW
100 HEADQUARTERS PLAZA
NORTH TOWER, 6TH FLOOR
MORRISTOWN, NJ 07960-6834
(PH) 973-401-7157
(FAX) 866-864-3947

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/16
```

MICHAEL R. GILMAN, ESQ., PARTNER
NY AND CT BARS ONLY, REG. PAT. ATTY
MICHAEL.GILMAN@MYERSWOLIN.COM

November 9, 2016

*Via ECF w/ Courtesy Copy by Facsimile to (212) 805-7986*
Honorable Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Rm 2204
New York, NY 10007

**MEMO ENDORSED:**
The application is denied. Plaintiff's counsel has not explained how or why the absence of an answer prevents him from taking discovery.

**SO ORDERED:**
*[signature]*
Paul G. Gardephe, U.S.D.J.
Nov. 16, 2016

Re: *The Basu Group, Inc. v. Seventh Avenue, Inc.*, 1:16-cv-00461 (PGG)
Pleadings Status – Discovery Closing, But Answer Not Yet Filed

Dear Judge Gardephe:

We represent plaintiff in the above-referenced civil litigation. We herein write requesting a pre-motion conference under Your Honor's individual Rule 4A, to address an important discovery and scheduling omission which prejudices plaintiff.

In particular, as currently scheduled under the Memo Endorsed Order of Document 41 of the docket of this action, fact discovery is set to close by November 30, 2016, *without* defendant having Answered the Complaint.

Plaintiff's counsel herein represents that I totally forgot about this important fact when negotiating with defendant's counsel, preparing and filing the parties' Resubmission of Joint Request for Extension of Deadlines (Doc. 40). My memory of the pendency of defendant's Motion to Dismiss (Documents 28-34 of the docket of this action) and, therefore, that no Answer has yet been filed, was only just refreshed yesterday, while taking steps to move forward and try to complete fact discovery by the new November 30, 2016 deadline of Document 41. I deeply, and sincerely, apologize to Your Honor and Your Honor's staff, for any inconvenience caused by this omission, but with discovery moving forward under the Scheduling Order, I quite honestly had simply forgotten that no Answer had yet be filed.

Accordingly, and since plaintiff will be prejudiced by the close of fact discovery prior to completion of the pleadings stage of this action, plaintiff herein respectfully brings this matter to the Court's attention and requests a pre-motion conference to address the same.

Case 1:16-cv-00461-PGG   Document 43   Filed 11/17/16   Page 2 of 2
Case 1:16-cv-00461-PGG   Document 42   Filed 11/09/16   Page 2 of 2

Honorable Judge Gardephe
November 9, 2016
Page 2

Plaintiff's counsel called and discussed this issue with defendant's counsel yesterday afternoon. During that call, defendant's counsel informed me that he had *not* forgotten this important fact when we were negotiating and drafting the Resubmission of *Joint* Request for Extension of Deadlines (Doc. 40). If failure to remind me and the Court of this important fact was intentional (which I assume (hope) it was not), in order to try to have fact discovery close without plaintiff having an opportunity to address defendant's defenses (and/or, possibly, counterclaims), such a failure would be counter to the spirit of cooperation required of the parties in their efforts to resolve discovery issues before bringing them to the Court.

Respectfully submitted,

Michael R. Gilman (MRG 7608)

c: Ralph H. Cathcart, Esq. and David Brezina, Esq. (via email)