**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                               :

THE BASU GROUP INC.,                     :
                               :
             **Plaintiff,**       :         **Civil Action No.**
                               :         **16-cv-00461-PGG**
         **v.**                       :
                               :
**SEVENTH AVENUE, INC.**           :         <u>**JURY DEMANDED**</u>
                               :
             **Defendant.**       :
-------------------------------------------------------------X

<u>**ANSWER AND COUNTERCLAIM**</u>

       Defendant Seventh Avenue, Inc. (hereinafter SEVENTH AVENUE) through its

counsel hereby answer the Plaintiff, THE BASU GROUP INC.'s (hereinafter "BASU")

Complaint as follows:

<u>**JURISDICTION AND VENUE**</u>

       1.      This cause of action arises under the Copyright Laws of the United
States, 17 U.S.C. §101 <u>et. seq.</u>

    ANSWER TO PARAGRAPH 1.

       1.      With respect to the allegations contained in Paragraph "1" of the Complaint,

SEVENTH AVENUE admits the Complaint purports to allege a claim of Copyright

Infringement and denies that there is any infringement.

       2.      Jurisdiction of the subject matter of this action is conferred on this Court
by, at least, 28 U.S.C. §§ 1331 and 1338(a).

    ANSWER TO PARAGRAPH 2

       With respect to the allegations contained in Paragraph "2" of the Complaint,

SEVENTH AVENUE admits Copyright Infringement is a Federal question and denies

there is infringement.

3.      Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§1391 and 1400(a).

ANSWER TO PARAGRAPH 3

SEVENTH AVENUE denies the allegations of Paragraph "3" of the Complaint.

## THE PARTIES

4.      Plaintiff The Basu Group Inc. (hereinafter "Basu"), is a corporation of the state of New Jersey, with an office and place of business at 1003 Berkshire Drive, Princeton, NJ 08540.

ANSWER TO PARAGRAPH 4

SEVENTH AVENUE is without knowledge sufficient to admit or deny the

allegations of Paragraph "4" and accordingly denies same.

5.      Basu has been, and continues to be, a well-known and well-regarded innovator of unique works of art used in connection with its lines of women's bags, including but not limited to, handbags, purses and wallets.

ANSWER TO PARAGRAPH 5

5.      SEVENTH AVENUE is without knowledge sufficient to admit or deny the

allegations of Paragraph "5" and accordingly denies same.

6.      Basu's goods are of the highest quality from the viewpoint of both workmanship and design, and are so regarded by the consuming public and associated trades.

ANSWER TO PARAGRAPH 6

6.      SEVENTH AVENUE is without knowledge sufficient to admit or deny the

allegations of Paragraph "6" and accordingly denies same.

7.      Upon information and belief, Seventh Avenue, Inc. (hereinafter "SA" or "Defendant"), is a corporation of the state of Wisconsin having a place of business at 1112 7th Avenue, Monroe, Wisconsin 53566, and is the owner and operator of the retail, internet website located at www.seventhavenue.com and also distributes a consumer goods catalog nationwide.

ANSWER TO PARAGRAPH 7

SEVENTH AVENUE admits the allegations of Paragraph "7".

8.        Upon information and belief, Defendant regularly offers for sale and sells through its stated website and catalogs consumer goods to consumers located throughout the United States, including, but not limited to, to consumers located and/or residing in the state of New York and this judicial district.

ANSWER TO PARAGRAPH 8

SEVENTH AVENUE admits it offers for sale and sells goods to consumers in the

United States through its website and catalogs and occasionally in New York, but denies

the remaining the allegations of Paragraph "8".

9.        Upon information and belief, and as hereinafter further alleged, Defendant has offered for sale and/or sold handbags bearing a design that infringes a US Copyright owned by Basu to consumers located and/or residing in the state of New York and this judicial district.

ANSWER TO PARAGRAPH 9

9.        SEVENTH AVENUE denies the allegations of Paragraph "9" of the

Complaint.

10.        Upon information and belief, Defendant transacts business within this district, derives substantial revenue from intrastate and interstate commerce and has committed tortuous acts within this district and also without this district having injurious consequences within this district, and Defendant is otherwise within the jurisdiction of this Court.

ANSWER TO PARAGRAPH 10

SEVENTH AVENUE admits it offers for sale and sells goods to consumers in the

United States through its website and catalogs and occasionally in New York, but denies

the remaining the allegations of Paragraph "10".

**ANSWER TO FIRST CAUSE OF ACTION FOR COPYRIGHT
INFRINGEMENT ARTWORK - PEACOCK FEATHER #1**

11.        Basu repeats and re-alleges paragraphs 1-10 hereof, as if fully set forth

herein.

ANSWER TO PARAGRAPH 11

11.     SEVENTH AVENUE repeats and re-alleges its Answers to paragraphs 1-10

hereof, as if fully set forth herein as its Answer to Paragraph "11" of the Complaint.

12.     Basu is the owner of a certain original work of art entitled "Peacock Feather #1", and has used said artwork for a design found on Basu's goods (hereinafter the "Peacock Feather Design").

ANSWER TO PARAGRAPH 12

12.     SEVENTH AVENUE denies the allegations of Paragraph "12" of the

Complaint.

13.     The Peacock Feather Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

ANSWER TO PARAGRAPH 13

13.     SEVENTH AVENUE denies the allegations of Paragraph "13" of the

Complaint.

14.     Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Peacock Feather Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Peacock Feather Design, identified as VA 1-652-678, having an effective date of February 10, 2009. A copy of the issued Certificate of Registration for the Peacock Feather Design, along with a copy of the registered Peacock Feather Design, is attached hereto as Exhibit "A".

ANSWER TO PARAGRAPH 14

14.     SEVENTH AVENUE admits that a copy of Certificate VA 1-652-678 was

attached to the Complaint, but denies the remaining allegations of Paragraph "14" of the

Complaint.

15.     All copies of said artwork, including all of Basu's goods bearing the Peacock Feather Design have been sold in conformity with the provisions of the

Copyright Laws of the United States.

ANSWER TO PARAGRAPH 15

15.     SEVENTH AVENUE denies the allegations of Paragraph "15" of the

Complaint.

16.     Defendant has infringed Basu's copyright rights in the Peacock Feather
Design by manufacturing or having manufactured for it, printing or having
printed for it, reprinting or having reprinted for it, painting or having painted
for it, publishing, displaying, importing, exporting, vending, distributing, offering
for sale, selling, promoting and/or advertising at least handbags bearing significant
copies of the Peacock Feather Design.

ANSWER TO PARAGRAPH 16

16.     SEVENTH AVENUE denies the allegations of Paragraph "16" of the

Complaint.

17.     In particular, Defendant is currently selling on at least its website a
handbag it calls "Hand-Painted Leather Peacock Bag", under Item No. #D7724955,
which bag bears infringing copies of the Peacock Feather Design. A copy of
Defendant's website page showing the sale of such bag, is attached hereto as Exhibit
"B".

ANSWER TO PARAGRAPH 17

17.     SEVENTH AVENUE admits that a copy showing content from its website

was attached to the Complaint, but denies the remaining allegations of Paragraph "17" of

the Complaint.

18.     All of these activities of Defendant have been, and if continuing are, in
violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Peacock Feather
Design.

ANSWER TO PARAGRAPH 18

18.     SEVENTH AVENUE denies the allegations of Paragraph "18" of the

Complaint.

19.     Based upon an earlier lawsuit, in this same judicial district between these

same parties, Docket No. 12-cv-05565 (SN) (now closed), wherein Basu asserted the same Peacock Feather Design against Defendant, Defendant had full and specific knowledge of Basu's copyright rights in the Peacock Feather Design prior to the creation of the infringing design found on Defendant's Hand-Painted Leather Peacock Bag.

ANSWER TO PARAGRAPH 19

19.     SEVENTH AVENUE admits Copyright Certificate VA 1-652-678 was

alleged in the earlier lawsuit, but denies the remaining allegations of Paragraph "19" of the

Complaint.

20.     Defendant has also had knowledge of Basu's claim of infringement since  its  receipt of an email letter to Defendant's counsel from the earlier action, dated December 9, 2015,  notifying Defendant of Basu's new infringement claim.

ANSWER TO PARAGRAPH 20

20.     SEVENTH AVENUE admits that a letter asserting a baseless claim of

Copyright infringement was received, but denies the remaining allegations of Paragraph

"20" of the Complaint.

21.     Based upon Defendant's prior knowledge of Basu's rights in the Peacock Feather Design, all of Defendant's activities in relation to the infringing design found on Defendant's  Hand-Painted Leather Peacock Bag have been in willful violation of Basu's rights.

ANSWER TO PARAGRAPH 21

21.     SEVENTH AVENUE denies the allegations of Paragraph "21" of the

Complaint.

22.     All of the acts of Defendant are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

ANSWER TO PARAGRAPH 22

22.     SEVENTH AVENUE admits that no permission, license or consent was

necessary and accordingly was not received and further denies the remaining allegations of

Paragraph "22" of the Complaint.

23.    Defendant has been unjustly enriched and Basu is entitled to an accounting of all defendant's profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

ANSWER TO PARAGRAPH 23

23.    SEVENTH AVENUE denies the allegations of Paragraph "23" of the Complaint.

24.    Defendant's foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing activities of Defendant continue, Basu believes damages will exceed at least the sum of $100,000.

ANSWER TO PARAGRAPH 24

24.    SEVENTH AVENUE denies the allegations of Paragraph "24" of the Complaint.

## SEVENTH AVENUE'S DEFENSES

### FIRST DEFENSE

1.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.    The court lacks jurisdiction over SEVENTH AVENUE.

### THIRD DEFENSE

3.    Plaintiff's claim is barred, in whole or in part, because the copyright registration is invalid.

### FOURTH DEFENSE

4.    Plaintiff's claim is barred, in whole or in part, because the copyright is not infringed by anyone.

### FIFTH DEFENSE

5.      SEVENTH AVENUE, while denying infringement, pleads in the alternative that if there was an infringement, it was an innocent infringer.

**SIXTH DEFENSE**

6.      Plaintiff's claim is barred, in whole or in part, because Plaintiff was not damaged by the alleged infringement.

**SEVENTH DEFENSE**

7.      Plaintiff's claim is are barred, in whole or in part, under the doctrine of unclean hands.

**EIGHTH DEFENSE**

8.      Plaintiff's claim is barred, in whole or in part, under the doctrine of laches.

**NINTH DEFENSE**

9.      The action is barred by the doctrine of waiver and estoppel.

**TENTH DEFENSE**

10.      The Plaintiff has failed to sufficiently allege facts which demonstrate that its alleged copyrighted work contains sufficient originality to merit copyright protection.

**ELEVENTH DEFENSE**

11.      The Plaintiff's work was derived from the works of others without permission

**TWELFTH DEFENSE**

12.      Upon information and belief, the design identified by the Plaintiff is not of the Plaintiff's own creation.

**THIRTEENTH DEFENSE**

13.      Plaintiff's claim is barred, in whole or in part because Plaintiff has failed to

mitigate its damages.

## FOURTEENTH DEFENSE

14.    Plaintiff's claim is barred, in whole or in part because Plaintiff has not alleged sufficient facts to warrant injunctive relief.

## FIFTEENTH DEFENSE

15.    Plaintiff's copyright infringement claim is barred, in whole or in part, by the *scenes a faire* doctrine, because any similarities between the works are incapable of copyright protection.

## SIXTEENTH DEFENSE

16.    Plaintiff's claim is barred, in whole or in part because Plaintiff's alleged copyrighted work is uncopyrightable because the ideas contained therein are inseparably tied to the particular expression displayed in the work.

## SEVENTEENTH DEFENSE

17.    Plaintiff's claim is barred, in whole or in part because any similarity between the accused work and Plaintiff's alleged copyrighted work is a result of derivation from an item of nature.

## EIGHTEENTH DEFENSE

18.    Plaintiff's registration is invalid and unenforceable as procured in violation of Plaintiff's duty to adequately disclose preexisting works to the Copyright Office, accurately identify the publication date of a work made for hire and adequately describe the nature of authorship with sufficient particularity to determine the nature of the work's, originality or authorship.

## NINETEENTH DEFENSE

19.     The action or some of the claim is barred by the applicable statute of

limitations.

## TWENTIETH DEFENSE

20.     Plaintiff's claims of willful infringement and for attorney's fees are barred

by 17 U.S.C. 412 (2), 504, 505.

### COUNTERCLAIM FOR DECLARATION OF COPYRIGHT INVALIDITY AND UNENFORCEABILITY FOR FAILURE TO ADEQUATELY DISCLOSE INFORMATION MATERIAL TO COPYRIGHTABILITY AND COPYRIGHT TERM

SEVENTH AVENUE, INC. ("SEVENTH AVENUE") by way of Counterclaim

against THE BASU GROUP, INC. ("BASU"), states:

1.     This is a Counterclaim for a Declaration of Invalidity and Unenforceability

of the Copyright registration purported to be owned by Counter-Defendant.

### THE PARTIES

2.     Counter-plaintiff SEVENTH AVENUE is a Wisconsin corporation, having

its principal place of business at 1112 7th Avenue, Monroe, WI 53566.

3.     Counter-defendant The Basu Group Inc. (hereinafter "BASU"), is a

corporation of the state of New Jersey, with an office and place of business at 1003

Berkshire Drive, South Brunswick, NJ 08540. BASU is the alleged proprietor of a

copyright registration which purports to reflect a copyrightable work at issue herein.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as a

Federal question, under 28 U.S.C. § 1338(a) because this action arises under the copyright

laws of the United States, and under 28 U.S.C. § 2201 because it involves an actual

controversy concerning claims of copyright unenforceability and noninfringement.

      5.     Without waiver of the claim that venue in the underlying action does not properly lie in this district, venue in this counterclaim is alleged, in the alternative, to be appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) to the extent that venue in the underlying action is appropriate in this judicial district.

**COUNT I**

**UNENFORCEABILITY OF COPYRIGHT REG. NO. VA 1-652-678**

      6.     SEVENTH AVENUE repeats and realleges paragraphs 1-5 as if fully set forth herein.

      7.     On information and belief, on February 6, 2009 BASU signed and submitted, under oath pursuant to 17 USC 506(a), to the Copyright Office, a copyright application which was registered as Reg. No. VA 1-652-678.

      8.     Reg. No. VA 1-652-678 entitled Peacock Feather #1 purports to register as a single work of authorship having no preexisting antecedents, a work which was, on information and belief, a derivative work based upon previously published material, material in the public domain and material not owned by Basu, which derivation was concealed, for the purpose of depriving the Copyright Office of the requisite information upon which to determine copyrightability and avoiding limitations to the claim.  A copy of said Reg. No. VA 1-652-678 is attached hereto as Defendant, Counter-plaintiff's Exhibit A.  A copy of a document including said previously published material not owned by BASU is attached hereto as Defendant, Counter-plaintiff's Exhibit B.  A copy of two images of natural peacock feathers comprising materials in the public domain which BASU had at the time of creation of the allegedly copyrighted work is attached hereto as

Defendant, Counter-plaintiff's Exhibit C.

9.     The omission of identification of some or all of the contents of Exhibits B and C to the Copyright Office was done intentionally and for the purpose of misleading the Copyright Office and the public regarding whether or not there were or should be limitations on the Copyright Claim and adequate identification of the minimal, if any, extent of originality, all for the purpose of having an unreasonably broad registration claim or a registration when it was not entitled to a registration.

10.     In reliance on BASU's intentional omission of disclosure the preexisting works, Reg. No. VA 1-652-678 issued, and issued in a form having no "Limitation of copyright claim", describing no "Material excluded from this claim" and identifying no "New material included in claim" which limitations would have been present had BASU adequately disclosed the preexisting works in Exhibits B and C, if a registration issued at all.

11.     BASU is using its unreasonably broad registration for the purpose of eliminating competition in the hand painted handbag and related fashion accessories markets whenever competitive products graphically convey the idea of a peacock feather.

12,     The Copyright application and omissions described above were on information and belief made based on a false certification by the author, copyright claimant, or owner of exclusive rights, or the authorized agent of the author, copyright claimant, or owner of exclusive rights of this work that the information given in the application was correct, when, in fact, the information was incorrect, in violation of 17 USC 506 (e).

12.     Reg. No. VA 1-652-678 is invalid and/or unenforceable because the

registration of the work was the subject of intentional omissions made for the purpose of obtaining registration as an entirely original work of authorship under 17 U.S.C. 102 when it was not in fact an entirely original work and was based on an application with a false certification.

## COUNT II

### DECLARATION SEEKING REFERRAL TO
### COPYRIGHT OFFICE UNDER 17 U.S.C. 411 (b) (2)

13.    SEVENTH AVENUE repeats and realleges paragraphs 1 - 12 as if fully set forth herein.

14.    On information and belief, submission of adequate identification of the preexisting works in Exhibit B and public domain material in Exhibit C to the Copyright Office would result in denial of a Copyright Certificate or issuance of a Copyright Certificate having Limitation of copyright claim, describing "Material excluded from this claim" and identifying "New material included in claim" if any Registration issued.

15.    This Court has authority under 17 U.S.C. 411 (b) (2) to determine the scope of the relevant facts and direct the Copyright Office to reexamine BASU's copyright claim in light of the complete set of facts to determine if the omissions were material to the issuance or scope of registration.

**WHEREFORE**, Defendant, Counter-plaintiff SEVENTH AVENUE. demands the following relief against Plaintiff Counterdefendant BASU in this action:

1.    The alleged work "Peacock Feather #1" be declared uncopyrightable and not infringed and unenforceable for unclean hands.

2.    Copyright Registration No. VA 1-652-678 be declared invalid and not infringed and that it is unenforceable for unclean hands

3.      Copyright Registration No. VA 1-652-678 be referred to the Copyright
Office for a determination of the materiality of Basu's omissions.

4.      SEVENTH AVENUE be awarded its damages, lost profits, expenses,
interest, costs, and attorneys' fees incurred in defending the underlying Copyright
infringement case.

5.      Any other relief to which SEVENTH AVENUE may appear entitled.

JURY DEMAND

SEVENTH AVENUE hereby demands a jury trial as provided by Rule 38(a) of
the Federal Rules of Civil Procedure.

Respectfully submitted

December 26,  2016                          /David C., Brezina/
Date                                       David C. Brezina
                                           DB4599 (*pro hac vice*)
                                           Ladas & Parry, LLP
                                           224 South Michigan Avenue, #1600
                                           Chicago, IL   60604
                                           312.427.1300
                                           Fax 312.427.6663
                                           dbrezina@ladas.net

Ralph H. Cathcart, Esq. (RHC 2350)
Ladas & Parry, LLP
1040 Avenue of the Americas
New York, NY 10018
Tel 212.708.1800
Fax 212.246.8959

16-cv-00461-PGG   Document 47   Filed 12/26/16   Page 15 of 15

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 26th day of December, 2016, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following ANSWER AND COUNTERCLAIM to the CM/ECF registered address of:

Michael Robert Gilman
Kaplan Breyer Schwarz & Ottesen LLP
100 Matawan Rd., Ste. 120
Matawan, NJ 07747
(732) 578-0103 x233
Fax: (732) 578-0104
Email: mgilman@kbsolaw.com

December 26,  2016                    /David C., Brezina/
Date of Signature                    David C. Brezina
                                     Ladas & Parry LLP
                                     224 S. Michigan Ave. Suite 1600
                                     Chicago, IL 60604
                                     (312) 427-1300
                                     Fax (312) 427-6663
                                     dbrezina@ladas.net