## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                          :
THE BASU GROUP INC.,                      :
                                          :
                    Plaintiff,            :        Civil Action No.
                                          :        16-cv-00461-PGG
        v.                                :
                                          :
SEVENTH AVENUE, INC.                      :        JURY DEMANDED
                                          :
                    Defendant.            :
------------------------------------------------------------X
```

## AMENDED ANSWER AND COUNTERCLAIMS

Defendant Seventh Avenue, Inc. (hereinafter SEVENTH AVENUE) through its

counsel hereby answers the Plaintiff, THE BASU GROUP INC.'s (hereinafter "BASU")

Complaint as follows:

### JURISDICTION AND VENUE

1.      This cause of action arises under the Copyright Laws of the United
States, 17 U.S.C. §101 et. seq.

 ANSWER TO PARAGRAPH 1.

 1.      With respect to the allegations contained in Paragraph "1" of the Complaint,

SEVENTH AVENUE admits the Complaint purports to allege a claim of Copyright

Infringement and denies that there is any infringement.

2.      Jurisdiction of the subject matter of this action is conferred on this Court
by, at least, 28 U.S.C. §§ 1331 and 1338(a).

ANSWER TO PARAGRAPH 2

With respect to the allegations contained in Paragraph "2" of the Complaint,

SEVENTH AVENUE admits Copyright Infringement is a Federal question and denies

there is infringement.

3.      Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§1391 and  1400(a).

ANSWER TO PARAGRAPH 3

SEVENTH AVENUE denies the allegations of Paragraph "3" of the Complaint.

## THE PARTIES

4.      Plaintiff The Basu Group Inc. (hereinafter "Basu"), is a corporation of the state of  New Jersey, with an office and place of business at 1003 Berkshire Drive, Princeton, NJ 08540.

ANSWER TO PARAGRAPH 4

SEVENTH AVENUE is without knowledge sufficient to admit or deny the

allegations of Paragraph "4" and accordingly denies same.

5.      Basu has been, and continues to be, a well-known and well-regarded innovator of  unique works of art used in connection with its lines of women's bags, including but not limited to, handbags, purses and wallets.

ANSWER TO PARAGRAPH 5

5.      SEVENTH AVENUE is without knowledge sufficient to admit or deny the

allegations of Paragraph "5" and accordingly denies same.

6.      Basu's goods are of the highest quality from the viewpoint of both workmanship and design, and are so regarded by the consuming public and associated trades.

ANSWER TO PARAGRAPH 6

6.      SEVENTH AVENUE is without knowledge sufficient to admit or deny the

allegations of Paragraph "6" and accordingly denies same.

7.      Upon information and belief, Seventh Avenue, Inc. (hereinafter "SA" or  "Defendant"), is a corporation of the state of Wisconsin having a place of business at 1112 7th  Avenue, Monroe, Wisconsin 53566, and is the owner and operator of the retail, internet website  located at www.seventhavenue.com and also distributes a consumer goods catalog nationwide.

ANSWER TO PARAGRAPH 7

SEVENTH AVENUE admits the allegations of Paragraph "7".

8.      Upon information and belief, Defendant regularly offers for sale and sells through its stated website and catalogs consumer goods to consumers located throughout the United States, including, but not limited to, to consumers located and/or residing in the state of New York and this judicial district.

ANSWER TO PARAGRAPH 8

SEVENTH AVENUE admits it offers for sale and sells goods to consumers in the

United States through its website and catalogs and occasionally in New York, but denies

the remaining the allegations of Paragraph "8".

9.      Upon information and belief, and as hereinafter further alleged, Defendant has offered for sale and/or sold handbags bearing a design that infringes a US Copyright owned by Basu to consumers located and/or residing in the state of New York and this judicial district.

ANSWER TO PARAGRAPH 9

9.      SEVENTH AVENUE denies the allegations of Paragraph "9" of the

Complaint.

10.     Upon information and belief, Defendant transacts business within this district, derives substantial revenue from intrastate and interstate commerce and has committed tortuous acts within this district and also without this district having injurious consequences within this district, and Defendant is otherwise within the jurisdiction of this Court.

ANSWER TO PARAGRAPH 10

SEVENTH AVENUE admits it offers for sale and sells goods to consumers in the

United States through its website and catalogs and occasionally in New York, but denies

the remaining the allegations of Paragraph "10".

**ANSWER TO FIRST CAUSE OF ACTION FOR COPYRIGHT**
**INFRINGEMENT ARTWORK - PEACOCK FEATHER #1**

11.     Basu repeats and re-alleges paragraphs 1-10 hereof, as if fully set forth herein.

ANSWER TO PARAGRAPH 11

11.     SEVENTH AVENUE repeats and re-alleges its Answers to paragraphs 1-10 hereof, as if fully set forth herein as its Answer to Paragraph "11" of the Complaint.

12.     Basu is the owner of a certain original work of art entitled "Peacock Feather #1", and has used said artwork for a design found on Basu's goods (hereinafter the "Peacock Feather Design").

ANSWER TO PARAGRAPH 12

12.     SEVENTH AVENUE denies the allegations of Paragraph "12" of the Complaint.

13.     The Peacock Feather Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

ANSWER TO PARAGRAPH 13

13.     SEVENTH AVENUE denies the allegations of Paragraph "13" of the Complaint.

14.     Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Peacock Feather Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Peacock Feather Design, identified as VA 1-652-678, having an effective date of February 10, 2009. A copy of the issued Certificate of Registration for the Peacock Feather Design, along with a copy of the registered Peacock Feather Design, is attached hereto as Exhibit "A".

ANSWER TO PARAGRAPH 14

14.     SEVENTH AVENUE admits that a copy of Certificate VA 1-652-678 was attached to the Complaint, but denies the remaining allegations of Paragraph "14" of the Complaint.

15.     All copies of said artwork, including all of Basu's goods bearing the Peacock Feather Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

ANSWER TO PARAGRAPH 15

15.     SEVENTH AVENUE denies the allegations of Paragraph "15" of the

Complaint.

16.     Defendant has infringed Basu's copyright rights in the Peacock Feather Design by manufacturing or having manufactured for it, printing or having printed for it, reprinting or having reprinted for it, painting or having painted for it, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising at least handbags bearing significant copies of the Peacock Feather Design.

ANSWER TO PARAGRAPH 16

16.     SEVENTH AVENUE denies the allegations of Paragraph "16" of the

Complaint.

17.     In particular, Defendant is currently selling on at least its website a handbag it calls "Hand-Painted Leather Peacock Bag", under Item No. #D7724955, which bag bears infringing copies of the Peacock Feather Design. A copy of Defendant's website page showing the sale of such bag, is attached hereto as Exhibit "B".

ANSWER TO PARAGRAPH 17

17.     SEVENTH AVENUE admits that a copy showing content from its website

was attached to the Complaint, but denies the remaining allegations of Paragraph "17" of

the Complaint.

18.     All of these activities of Defendant have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Peacock Feather Design.

ANSWER TO PARAGRAPH 18

18.     SEVENTH AVENUE denies the allegations of Paragraph "18" of the

Complaint.

19.     Based upon an earlier lawsuit, in this same judicial district between these same parties, Docket No. 12-cv-05565 (SN) (now closed), wherein Basu asserted the same Peacock Feather Design against Defendant, Defendant had full and

specific knowledge of Basu's copyright rights in the Peacock Feather Design prior to the creation of the infringing design found on Defendant's Hand-Painted Leather Peacock Bag.

ANSWER TO PARAGRAPH 19

19.     SEVENTH AVENUE admits Copyright Certificate VA 1-652-678 was

alleged in the earlier lawsuit, but denies the remaining allegations of Paragraph "19" of the

Complaint.

20.     Defendant has also had knowledge of Basu's claim of infringement since its receipt of an email letter to Defendant's counsel from the earlier action, dated December 9, 2015, notifying Defendant of Basu's new infringement claim.

ANSWER TO PARAGRAPH 20

20.     SEVENTH AVENUE admits that a letter asserting a baseless claim of

Copyright infringement was received, but denies the remaining allegations of Paragraph

"20" of the Complaint.

21.     Based upon Defendant's prior knowledge of Basu's rights in the Peacock Feather Design, all of Defendant's activities in relation to the infringing design found on Defendant's Hand-Painted Leather Peacock Bag have been in willful violation of Basu's rights.

ANSWER TO PARAGRAPH 21

21.     SEVENTH AVENUE denies the allegations of Paragraph "21" of the

Complaint.

22.     All of the acts of Defendant are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

ANSWER TO PARAGRAPH 22

22.     SEVENTH AVENUE admits that no permission, license or consent was

necessary and accordingly was not received and further denies the remaining allegations of

Paragraph "22" of the Complaint.

23.     Defendant has been unjustly enriched and Basu is entitled to an accounting of all defendant's profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

ANSWER TO PARAGRAPH 23

23.     SEVENTH AVENUE denies the allegations of Paragraph "23" of the Complaint.

24.     Defendant's foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing activities of Defendant continue, Basu believes damages will exceed at least the sum of $100,000.

ANSWER TO PARAGRAPH 24

24.     SEVENTH AVENUE denies the allegations of Paragraph "24" of the Complaint.

## SEVENTH AVENUE'S DEFENSES

### FIRST DEFENSE

1.     BASU's claim is barred, in whole or in part, because the copyright registration is not enforceable.

### SECOND DEFENSE

2.     BASU's claim is barred, in whole or in part, because the copyright registration is invalid.

### THIRD DEFENSE

3.     BASU's claim is barred, in whole or in part, because the copyright is not infringed by anyone.

### FOURTH DEFENSE

4.     SEVENTH AVENUE, while denying infringement, pleads in the alternative that if there was an infringement, it was an innocent infringer.

## FIFTH DEFENSE

5.      BASU's claim is barred, in whole or in part, because BASU was not damaged by the alleged infringement.

## SIXTH DEFENSE

6.      BASU's claim is are barred, in whole or in part, under the doctrine of unclean hands.

## SEVENTH DEFENSE

7.      BASU's claim is barred, in whole or in part, under the doctrine of laches.

## EIGHTH DEFENSE

8.      The action is barred by the doctrine of waiver and estoppel.

## NINTH DEFENSE

9.      BASU has failed to sufficiently allege facts which demonstrate that its alleged copyrighted work contains sufficient originality to merit copyright protection.

## TENTH DEFENSE

10.     The accused Hand-Painted Leather Peacock Bag was independently created by SEVENTH AVENUE's supplier.

## 11.     ELEVENTH DEFENSE

11.     Upon information and belief, the design identified by the BASU is not of the BASU's own creation.

## TWELFTH DEFENSE

12.     BASU's claim is barred, in whole or in part because BASU has failed to mitigate its damages.

**THIRTEENTH DEFENSE**

13.     BASU's claim is barred, in whole or in part because BASU has not alleged

sufficient facts to warrant injunctive relief.

**FOURTEENTH DEFENSE**

14.     BASU's copyright infringement claim is barred, in whole or in part, by the

*scenes a faire* doctrine, because any similarities between the works are incapable of

copyright protection.

**FIFTEENTH DEFENSE**

15.     BASU's claim is barred, in whole or in part because BASU's alleged

copyrighted work is uncopyrightable because the ideas contained therein are inseparably

tied to the particular expression displayed in the work.

**SIXTEENTH DEFENSE**

16.     BASU's claim is barred, in whole or in part because any similarity between

the accused work and BASU's alleged copyrighted work is a result of derivation from an

item of nature.  Any such similarity is not substantial or striking.

**SEVENTEENTH DEFENSE**

17.     At the time of BASU's preparation of its work BASU had in its possession,

displayed on a table and referred to preexisting images that BASU downloaded from the

Internet and/or clipped from magazines, said images being copyrightable subject matter not

owned by BASU, which images contained graphic components of peacock feathers, which

graphic components included individual feather strands having thickness and width; said

feather strands gradually tapering off to a point; said feather strands being colored to have

inner lines that were black and outer borders; said components including colors similar to

those BASU's work; said components including blue strands and black border; said

components including upside-down heart-shaped image in the center area of the feathers;

said heart-shaped images being superimposed over ovals of a contrasting colors;  said

shapes being encircled by a roundish form, and said images having yellow, green and

purplish colors, therefore, BASU's work was derived from and based upon said images and

comprises a work derived from the works of others without permission of the authors of

said images.

## EIGHTEENTH DEFENSE

18.     At the time of BASU's preparation of its work BASU had in its possession,

displayed on a table and referred to preexisting images that BASU downloaded from the

Internet and/or clipped from magazines, said images being copyrightable subject matter not

owned by BASU, which images contained graphic components of peacock feathers, which

graphic components included individual feather strands having thickness and width; said

feather strands gradually tapering off to a point; said feather strands being colored to have

inner lines that were black and outer borders; said components including colors similar to

those BASU's work; said components including blue strands and black border; said

components including upside-down heart-shaped image in the center area of the feathers;

said heart-shaped images being superimposed over ovals of a contrasting colors;  said

shapes being encircled by a roundish form, and said images having yellow, green and

purplish colors, therefore, BASU's work is derived from and based upon said images and

said basing upon was derivation from the works of others without permission of the authors

of said images.

BASU was aware of the facts that it observed the foregoing features in the

foregoing preexisting images.   After review of the authorship of the three named authors
and identifying them and the nature of their authorship one or both of BASU or BASU's
agent completed an application to register, having been prompted by the Copyright Office
application form to complete the screen identifying limitations to the copyright claim if the
work contained or was based on previously registered material, previously published
material, material in the public domain or material not owned by BASU, and not disclosing
said preexisting images while having knowledge of said basing upon, BASU caused to be
filed said application on February 6, 2008, and because of said knowing failure to disclose
said limitations, BASU's registration is invalid and unenforceable as procured in violation
of BASU's duty to adequately disclose said preexisting published images to the Copyright
Office to the detriment of the public because the true nature of authorship is not identified
with sufficient particularity to determine the nature of the work's, originality or authorship
and said failure to disclose that said work was a work derivative from and based upon said
images without permission to use said images.   Further, the work which is registered is an
internal guide for use by the manufacturer of hand painted handbags which are sold to and
imported by BASU being used by employed artists to follow when they prepare different
works and as such have been maintained internally and never published, thus the fact of
and date of publication in the United States asserted as January 1, 2008 in the copyright
application are not true.   The facts surrounding publication are material because they may
affect the term and termination of transfer of said copyright and the presumptions on which
BASU relies.   BASU knowingly made false representations of material facts in its
application for Copyright Registration No. VA 1-652-678.

## NINETEENTH DEFENSE

19.     The action or some of the claim is barred by the applicable statute of limitations.

## TWENTIETH DEFENSE

20.     BASU's claims of willful infringement and for attorney's fees are barred by 17 U.S.C. 412 (2), 504, 505.

## TWENTIETH DEFENSE

21.     SEVENTH AVENUE should avoid any liability and BASU should not be allowed to enforce any copyright rights due to BASU's copyright misuse including engaging in abusive and improper conduct in exploiting or enforcing the copyright and attempting to extend the effect or operation of copyright to control the idea of presenting hand painted peacock feathers on handbags which extends the copyright beyond the scope of the statutory right.


## AMENDED COUNTERCLAIM FOR DECLARATION OF COPYRIGHT INVALIDITY AND UNENFORCEABILITY FOR FAILURE TO ADEQUATELY DISCLOSE INFORMATION MATERIAL TO COPYRIGHTABILITY AND COPYRIGHT TERM

SEVENTH AVENUE, INC. ("SEVENTH AVENUE") by way of Counterclaim against THE BASU GROUP, INC. ("BASU"), states:

1.     This is a Counterclaim for a Declaration of Invalidity and Unenforceability of the Copyright registration purported to be owned by Counter-Defendant.

## THE PARTIES

2.      Counter-plaintiff SEVENTH AVENUE is a Wisconsin corporation, having its principal place of business at 1112 7th Avenue, Monroe, WI 53566.

3.      Counter-defendant The Basu Group Inc. (hereinafter "BASU"), is a corporation of the state of New Jersey, with an office and place of business at 1003 Berkshire Drive, South Brunswick, NJ 08540. BASU is the alleged proprietor of a copyright registration which purports to reflect a copyrightable work at issue herein.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as a Federal question, under 28 U.S.C. § 1338(a) because this action arises under the copyright laws of the United States, and under 28 U.S.C. § 2201 because it involves an actual controversy concerning claims of copyright unenforceability and noninfringement.

5.      Without waiver of the claim that venue in the underlying action does not properly lie in this district, venue in this counterclaim is alleged, in the alternative, to be appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) to the extent that venue in the underlying action is appropriate in this judicial district.

## COUNT I

## UNENFORCEABILITY AND INVALIDITY OF COPYRIGHT REG. NO.

## VA 1-652-678 FOR FAILURE TO DISCLOSE WORK BASED UPON

## PREEXISTING PUBLISHED IMAGES

6.      SEVENTH AVENUE repeats and realleges paragraphs 1-5 as if fully set forth herein.

7.     At the time of BASU's preparation of its work BASU had in its possession, displayed on a table and referred to preexisting images that BASU downloaded from the Internet and/or clipped from magazines, said images being copyrightable subject matter not owned by BASU.   A copy of said Reg. No. VA 1-652-678 is attached hereto as SEVENTH AVENUE's Exhibit A.  Copies of said images have been arranged by BASU and produced during discovery and comprise Exhibit B to this Amended Answer and Counterclaim.   A copy of two images of natural peacock feathers comprising materials in the public domain which BASU had at the time of creation of the allegedly copyrighted work is attached hereto as SEVENTH AVENUE's Exhibit C.  A copy of BASU's Copyright Application, comprising a record produced by the Copyright Office, a branch of the government, is attached hereto as SEVENTH AVENUE's Exhibit D.

8.     One or more of said images contain graphic components of peacock feathers, which graphic components include, but are not limited to:

(a)     individual strands of particular relative thickness and width;

(b)     the width of each feather strand gradually tapers off to a point at the tip of the feather;

(c) the feather strands feature colored inner lines with a dark outer border;

(d) prominent green colors are on feather strands;

(e) some of the images have bluish strands;

(f) an upside-down heart-shaped image in the center area of the feather;

(g) the heart-shaped image is superimposed over an oval shape of a contrasting color in the center area of the feather;

(h) heart-shaped image and oval are encircled by a roundish form, featuring

yellow, green with additional images having yellow, green and purplish coloration;

(i) additionally, image TBG0001287 (bottom right) appears to be a whimsical, rather than realistic, image representing a peacock feather.

Two of the eighteen preexisting images are reproduced below, left and center and the image from BASU's Copyright deposit is on the right.

Def. Exh. B,              Def. Exh.              Plaintiff's Copyright

TBG0001287, Bottom       TBG0001291            Deposit Def. Exh. A

Left Image, Rotated



9.      BASU's work is derived from and based upon said preexisting images containing said enumerated graphic components and therefore comprises a derivative work.

10.     BASU did not have permission from the authors of said images to create a work derived from, based up or otherwise sharing features of any of those images.

11.     BASU was aware of the fact that it observed the foregoing features in the foregoing preexisting images at the time BASU's work was prepared and was aware of said fact when it prepared its copyright application.

12.     After review of the authorship of the three named authors and identifying them and the nature of their authorship one or both of BASU or BASU's agent completed an application to register Copyright in BASU's work.

13.     During the process of preparing said application to register, BASU was prompted by the electronic Copyright Office application form to complete the screen identifying limitations to the Copyright claim, specifically requiring said limitation if the work contained or was based on previously registered material, previously published material, material in the public domain, or material not owned by BASU.

14.     Despite knowing that its work was derived from, based upon and shares features with said preexisting images, BASU did not in any way disclose any of the preexisting images in DX B to the Copyright Office.

15.     BASU caused to be filed said application on February 6, 2008 knowing that no limitations were disclosed, no description of BASU's allegedly original contributions was included and that disclosure of previously registered material, previously published material, material in the public domain or material not owned by BASU was required if BASU's work is derived from and based upon the aforementioned images.

16.     BASU's omission was made for the purpose of having a Copyright Registration issue without limitations and without a description of the original components contributed by BASU, so as to make said Registration appear to cover subject matter greater than BASU's actual contribution, thereby enabling BASU to suppress competition in the sale of handbags and other goods having any peacock theme.

17.     The work which is registered is a an internal guide for use by the manufacturer of hand painted handbags which are sold to and imported by BASU being

used by employed artists to follow when they prepare different works and as such have been maintained internally and never published, thus the fact of and date of publication in the United States asserted as January 1, 2008 in the copyright application are not true.  The facts surrounding publication are material because they may affect the term and termination of transfer of said copyright and the presumptions on which BASU relies. BASU knowingly made false representations of material facts in its application for Copyright Registration No. VA 1-652-678.  BASU knowingly made false representation of material fact in said application for copyright registration per SA001230 to secure a VA (Visual Arts) Certificate instead of an VAu (Visual Arts – Unpublished) Certificate for unpublished works.

18.     As described in the preceding paragraphs, BASU's application for copyright registration was factually inaccurate, the inaccuracies were knowing, willful and deliberate and the Copyright Office relied on those omissions and publication misrepresentations in issuing Registration No. VA 1-652-678 in its present form and in issuing it at all, therefore said Registration No. VA 1-652-678 is invalid as procured in violation of BASU's duty to adequately disclose said preexisting images and misrepresenting the fact and date of publication in the United States.

19.     By seeking to enforce rights claimed as a result of said Registration BASU has engaged in unclean hands and said rights are unenforceable.

**COUNT II**

**UNENFORCEABILITY AND INVALIDITY OF COPYRIGHT REG. NO.**

**VA 1-652-678 FOR REGISTERING WORK BASED UPON PREEXISTING**

**PUBLISHED IMAGES WITHOUT PERMISSION OF THE AUTHORS**

20.      SEVENTH AVENUE repeats and realleges paragraphs 1 - 19 as if fully set forth herein.

21.      As described in the preceding paragraphs, BASU's application for copyright registration was factually inaccurate, the inaccuracies were knowing, willful and deliberate and the Copyright Office relied on those omissions in issuing Registration No. VA 1-652-678 in its present form and in issuing it at all, therefore said Registration No. VA 1-652-678 is invalid as procured in violation of BASU's duty to adequately disclose and disclaim said preexisting images.

22.      Because the work is derived from and based upon said preexisting images comprising a derivative work derived from the works of others without permission of the authors of said images, the Registration of BASU's the work is invalid.

23.      By seeking to enforce rights claimed as a result of said Registration BASU has engaged in unclean hands and said rights are unenforceable.

**COUNT III**

**DECLARATION SEEKING REFERRAL TO**

**COPYRIGHT OFFICE UNDER 17 U.S.C. 411 (b) (2)**

24.      SEVENTH AVENUE repeats and realleges paragraphs 1 - 23 as if fully set forth herein.

25.     The submission of adequate identification of the preexisting works in Exhibit B and public domain material in Exhibit C to the Copyright Office would result in denial of a Copyright Certificate, issuance of a VAu (Visual Arts - Unpublished) Certificate for unpublished works, or issuance of a Copyright Certificate having Limitation of copyright claim, describing "Material excluded from this claim" and identifying "New material included in claim" if any Registration issued.

26.     This Court has authority under 17 U.S.C. 411 (b) (2) to determine the scope of the relevant facts and direct the Copyright Office to reexamine BASU's copyright claim in light of the complete set of facts to determine if the omissions and misrepresentations were material to the issuance or scope of registration.


**WHEREFORE**, Defendant, Counter-plaintiff SEVENTH AVENUE demands the following relief against Plaintiff Counter-defendant BASU in this action:

1.     The alleged work "Peacock Feather #1" be declared uncopyrightable and not infringed and unenforceable for unclean hands.

2.     Copyright Registration No. VA 1-652-678 be declared invalid and not infringed and that it is unenforceable for unclean hands and copyright misuse.

3.     Copyright Registration No. VA 1-652-678 be referred to the Copyright Office for a determination of the materiality of Basu's omissions and misrepresentations.

4.     SEVENTH AVENUE be awarded its damages, lost profits, expenses, interest, costs, and attorneys' fees incurred in defending the underlying Copyright infringement case.

5.     Any other relief to which SEVENTH AVENUE may appear entitled.

JURY DEMAND

SEVENTH AVENUE hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted

February 24, 2017
Date

/David C., Brezina/
David C. Brezina
DB4599 (*pro hac vice*)
Ladas & Parry, LLP
224 South Michigan Avenue, #1600
Chicago, IL   60604
312.427.1300
Fax 312.427.6663
dbrezina@ladas.net

Ralph H. Cathcart, Esq. (RHC 2350)
Ladas & Parry, LLP
1040 Avenue of the Americas
New York, NY 10018
Tel 212.708.1800
Fax 212.246.8959

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of February, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following ANSWER AND COUNTERCLAIM to the CM/ECF registered address of:

Michael Robert Gilman
Kaplan Breyer Schwarz & Ottesen LLP
100 Matawan Rd., Ste. 120
Matawan, NJ 07747
Email: mgilman@kbsolaw.com

February 24, 2017
Date of Signature

/David C., Brezina/
David C. Brezina
Ladas & Parry LLP
224 S. Michigan Ave. Suite 1600
Chicago, IL 60604
(312) 427-1300
Fax (312) 427-6663
dbrezina@ladas.net