UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                        :
THE BASU GROUP INC.,                    :

        Plaintiff,           :        Civil Action No.
                                                        :        16-cv-00461-PGG
    v.                                                     :

SEVENTH AVENUE, INC.                   :        **JURY DEMANDED**

        Defendant.         :
------------------------------------------------------------X

**SEVENTH AVENUE, INC.'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

# Contents

I.   INTRODUCTION ..................................................................................................................- 1 -

II.  REGISTRATION VA 1-652-678'S PRESUMPTIONS ARE REBUTTED ..........................- 1 -

   A.   PEACOCK FEATHER #1 IS A DERIVATIVE WORK ................................................- 1 -

   C.   UNPERMITTED DERIVATION IS A GROUND FOR INVALIDITY .............................- 2 -

   D.   INEQUITABLE CONDUCT WAS PERPETRATED .....................................................- 3 -

      1.   FAILURE TO LIMIT THE CLAIM WAS IMPROPER -- THE PREEXISTING IMAGES WERE IMAGES NOT NATURAL PEACOCK FEATHERS ........................................................................- 3 -

      2.   PUBLICATION IS MATERIAL UNDER THE FACTS OF THIS CASE.........................- 4 -

III. INDEPENDENT CREATION IS UNREBUTTED, ACCESS IS NOT SHOWN, AND SIMILARITY IS ONLY IN THE IDEA OF A PEACOCK FEATHER ..................................................................- 5 -

   A.   ADMISSIBLE DECLARATION..................................................................................- 6 -

   B.   THE DESIGNS WERE NEITHER ACCESSED NOR LEGALLY SIMILAR ......................- 7 -

      1.   PEACOCK FEATHER #1 WAS ONLY IN COURT RECORDS ...................................- 7 -

   C.   INSUBSTANTIAL SIMILARITY PRECLUDES INFERENCE OF COPYING....................- 8 -

      1.   NATURAL PEACOCK FEATHERS ........................................................................- 8 -

      2.   PREEXISTING WORKS ......................................................................................- 9 -

IV CONCLUSION ...................................................................................................................- 10 -

**Table of Authorities**

**Cases**

*Eyal R.D. Corp. v. Jewelex New York, Ltd.*, 576 F. Supp.2d 626  (S.D.N.Y. 2008).......... - 3 -

*Family Dollar Stores, Inc. v. United Fabrics Intern., Inc.*, 896 F.Supp.2d 223 (S.D.N.Y. 2012) ................................................................................................................................ - 1 -

*Feist Publications Inc v Rural Telephone Service Co Inc.*, 499 U.S. 340   (1991)........... - 9 -

*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.,* 509 F.2d 64 (2d Cir. 1974) ... - 8 -

*Nobel Ins. Co. v. City of N.Y.*,  2006 WL 2848121, (S.D.N.Y. Sept. 29, 2006) ................ - 6 -

*Porto v. Guirgis*  659 F.Supp.2d 597  (S.D.N.Y., 2009) .................................................... - 9 -

*Prince Group, Inc. v. MTS Products*, 967 F. Supp. 121   (S.D.N.Y. 1997) ....................... - 6 -

*Santrayall v. Burrell*, 993 F. Supp. 173  (S.D.N.Y. 1998) ................................................. - 4 -

*Satava v. Lowry,* 323 F.3d 805   (9th Cir.2003) ................................................................. - 8 -

*Sorenson v. Wolfson*, 96 F. Supp.3d 347 (S.D.N.Y. 2015) ............................................... - 5 -

*Warner Bros. Entertainment  Inc. v. RDR Books,* 575 F. Supp.2d  513  (S.D.N.Y. 2008). - 2 -

*Whimsicality, Inc. v. Rubie's Costume Co., Inc.* 891 F.2d 452  (2d Cir 1989) .................. - 3 -

*Yurman Design, Inc. v. Chaindom Enterprises, Inc.* 2002 WL 31358991 (SD NY 20020) - 1

**Statutes**

17 U.S.C. § 103(a) ............................................................................................................. - 3 -

17 U.S.C. §106 ................................................................................................................... - 5 -

17 U.S.C. §410 (c) ............................................................................................................. - 1 -

17 USC Sec. 101 ................................................................................................................ - 1 -

Treatises

1 Nimmer on Copyrights 3,01 (1986) - 1 -

I.      INTRODUCTION

Summary Judgment should be entered in favor of Seventh Avenue, Inc. ("Seventh Avenue") because (1) Any presumption of validity of Copyright in Peacock Feather #1 is rebutted. (2) There is insufficient similarity between the Accused Bag and the original components of Peacock Feather #1, considering the similarities between the original components and the differences in the Accused Bag. (3) Affirmative defenses of independent creation and unclean hands are proven.  (4) Reg. No. VA 1-652-678 is invalid

II.     REGISTRATION VA 1-652-678'S PRESUMPTIONS ARE REBUTTED

Where, as here, there are material misstatements and non-disclosure of similar preexisting works, all presumptions flowing from 17 U.S.C. §410 (c) are rebutted. *Family Dollar Stores, Inc. v. United Fabrics Intern., Inc.*, 896 F.Supp.2d 223 (S.D.N.Y. 2012) (preexisting material was owned and published by the Copyright owner).  Basu had many different images ("Preexisting Images") before its artists when they derived Peacock Feather #1.  (Deposition of Bhaskar Basu ("Basu Dep") Exhibit ("Exh") 4, Defendant's Cumulative Appendix ("Def Cumul Appx") pages131 – 139)  There are also photographs of physical items -- Natural Peacock Feathers. (Basu Exh 6, Peacock Feathers TBG0001623 -- TBG0001624, Def Cumul Appx 143, 324-325)

A.      PEACOCK FEATHER #1 IS A DERIVATIVE WORK

Basu argues ambiguous terms like "inspiration" as excusing failure to identify the Preexisting Images.  The standard is whether Peacock Feather #1 has substantial similarity to the Preexisting Images. *Yurman Design, Inc. v. Chaindom Enterprises, Inc.* 2002 WL 31358991 (SD NY 2002);  1 Nimmer on Copyright § 3.01 (1986). A derivative work is a work "based upon" one or more preexisting works.  17 USC Sec. 101  Basu transformed and

adapted preexisting works keeping key aspects of the Preexisting Images.

B.     DERIVATIVE WORKS REQUIRE IDENTIFICATION AND LIMITATION

Basu filed the application for Reg. No. VA 1-652-678 February 6, 2009 with the Copyright Office's electronic copyright application process. Brezina Declaration ("Dec") Exh. A, Def Cumul Appx 3 – 6.  No paper copyright application was filed.  Def Cumul Appx 3 – 6 show the data submitted by Basu.  The "APPLICATION TEMPLATE FOR COPYRIGHT REGISTRATION" Def Cumul Appx 7 – 10 shows Basu's instructions for its electronic Application.  Section 4 replaces Basu's Space 6 ""Derivative Work or Compilation".  Section 4's instructions say:

> "4 LIMITATION OF COPYRIGHT CLAIM Skip section 4 If this work is all new 4a. Material excluded from this claim (*Material previously registered, previously published, or not owned by this claimant*) Depending upon the type of work being registered, Applicant may select various types of material. …"

The template continues, identifying, *inter alia*, (1) Preexisting photograph(s), (2) Artwork and (3) 2D Artwork as types of works Basu could have checked off.  Basu did not.

Basu argues the inapposite *Warner Bros. Entertainment Inc. v. RDR Books,* 575 F. Supp.2d 513, 538 (S.D.N.Y. 2008) which held an encyclopedia was not derived from films whose facts were identified in the encyclopedia -- the films' expression was not taken.  That is different from photographs used to derive 2D Artwork.  Relative to the Preexisting Images, Peacock Feather #1 a derivative work.  The Preexisting Images should have been disclosed.

C.     UNPERMITTED DERIVATION IS A GROUND FOR INVALIDITY

Basu fails to refute the rule that if Peacock Feather #1 is a derivative work and if Basu did not obtain permission from the owners of rights in any one of the Preexisting Images, then Peacock Feather #1 is fatally defective as an infringing derivation.

Compendium III, 313.6 (B), Unlawful Use of Preexisting Material in a Derivative Work, a Compilation, or a Collective Work, (Def Cumul Appx 1537 – 1539) states:

> Some derivative works, compilations, and collective works cannot be registered with the U.S. Copyright Office. Section 103(a) of the statute states that copyright protection for a compilation or derivative work "employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully."

The Preexisting Images were on a table (Basu Dep. 49:11-24, Def Cumul Appx 59) while Basu derived Peacock Feather #1.  It was later used for derivative decoration on useful items.  This overt commercial use has no legal justification.  Basu cites no contrary cases.

### D. INEQUITABLE CONDUCT WAS PERPETRATED

The "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action." *Whimsicality, Inc. v. Rubie's Costume Co., Inc*. 891 F.2d 452, 456 (2d Cir 1989) Unlike *Eyal R.D. Corp. v. Jewelex New York, Ltd.*, 576 F. Supp.2d 626, 640, 641 (S.D.N.Y. 2008) Basu's intent to protect the "idea" of peacock feather adornment, (Basu Dep. 86:24-87:1, 87:13-18, Def. Facts 11, 12, 13, 22, 29 - 34, 44; Def  Resp Facts 8 a. – p., Def Cumul Appx 77 - 78)  and this case show overreaching where the same similarities were in the undisclosed Preexisting Images.

#### 1. FAILURE TO LIMIT THE CLAIM WAS IMPROPER -- THE PREEXISTING IMAGES WERE IMAGES NOT NATURAL PEACOCK FEATHERS

Basu asserts a natural feather immunity from identification to negate its duty to limit its claim.   The Preexisting Images (Basu Dep. Ex. 4, Def Cumul Appx 131 – 139) are downloaded or clipped images (*Id* pages 53, 62) and are different than the Natural Peacock

feathers (Basu Dep. Ex. 6, Def Cumul Appx 62, 142-143, 324-325).  The premise that only Natural Peacock feathers were copied by Basu is false. Images were on the table when Peacock Feather #1 was derived. (*supra*)

Basu's natural peacock features argument also supports the defense that the Accused Bag's similarity is explainable because the common features are in the public domain.  Basu argues "items in nature" cases to excuse failure to disclose the Preexisting Images.  This provides a defense that if Peacock Feather #1 is not a derivative work, then the Accused Bag is not. *Santrayall v. Burrell*, 993 F. Supp. 173, 176 and 176-177 (S.D.N.Y. 1998).

### 2. PUBLICATION IS MATERIAL UNDER THE FACTS OF THIS CASE

Basu argues the exact Peacock Feather #1 image was duplicated on actual handbags, but the testimony was evasive. When asked about handbags, the witness referred to other in-house drawings, qualifying those as "pretty much the exact same feather that we have drawn" and "pretty much the look and feel".  When again asked if Peacock Feather #1 was on handbags, Basu referred to other drawings and how "peacock feather four" was laid out to make a handbag. "[P]eacock feather four" was not Peacock Feather #1. It was two overlapping peacock feathers.   (Basu Dep 62:3 – 63:9, Def Cumul Appx 1482 - 1483) Basu's loose interpretation is revealed in discussing a product first saying it was the same, then admitting there were differences in, at least, color, lines and the curve of the stem. (I*d.*)  The testimony is that Peacock Feather #1 was an internal guide (Basu Dep. 33:1-12; 35:19-36:10; 42:22-25; 53:14-54:19; 55:1-56:5 58:21-24; 134-135:5  Def Cumul Appx 48 – 49, 52, 63 – 64, 68, 95 – 96) used to prepare sample bags (Basu Dep. 55:1-56:5; Def Cumul Appx Pages 64 – 66) in turn followed to hand paint actual production bags.

The New Year's Day date of publication sounds wrong.  Basu argues it did not get

caught and a date <u>may</u> not be material.  The importance is not just the date error, but the date and the fact of <u>non-publication</u> with argued access to Peacock Feather #1.  Basu's access argument should be restricted.  Basu must prove Defendant's supplier of the Accused Bag, Shankar Produce Company Private Limited ("Shankar") (Ludwig Dep. 30: 5 – 32:18, Def Cumul Appx 238 – 240) knew of Basu's copyrighted work.  There is no evidence that Shankar saw Peacock Feather #1 --  the only place it was available was in a court file.

    3.    CASE LAW AND THE COMPENDIUM, IN LIGHT OF THE FACTS, SUPPORT UNENFORCEABILITY OR INVALIDITY

When Preexisting Images with similar features were used, Basu should have identified them.  A Limitation of Claim should have been in a proper Registration.  Under the Compendium standards the derivation was unlawful.   Basu cites no authority justifying downloading or clipping images and making a derivative work.

There is materiality between the Preexisting Images and what, if anything, would be in a correct certificate.  This is like lying about "authorship" --  authorship of the Preexisting Images was hidden.  *Sorenson v. Wolfson*, 96 F. Supp.3d 347 (S.D.N.Y. 2015)

When Basu's process for preparing additional derivative works is considered in light of its desire for secrecy (Basu Dep. 54:20 – 55:23, Def Cumul Appx  64 – 65) and its idea protection goal (Basu Dep. 86:6 – 88:10)  Def Cumul Appx 77 – 79) the intent to not diminish the strength of its copyright is clear.

    III.    INDEPENDENT CREATION IS UNREBUTTED, ACCESS IS NOT SHOWN, AND SIMILARITY IS ONLY IN THE IDEA OF A PEACOCK FEATHER

The proof of independent creation shows that there was not "copying". Basu again emphasizes that Seventh Avenue's liability is only based on either importation or distribution of copies.  17 U.S.C. §106   There must first be a "copy" for Seventh Avenue to be liable for

importing or distributing a copy. Unlike *Prince Group, Inc. v. MTS Products*, 967 F. Supp. 121, 125 (S.D.N.Y. 1997) we have a complete record of (1) submission of the proposed design from a purchasing agent in 2012 (Ludwig Dep. 35: 5 – 13 37: 7 – 2 Def Cumul Facts 243 - 245)  (2) direct contact with Shankar only after the submission was evaluated and a purchase order issued (Ludwig Dep. 30: 5 – 32:18, Def Cumul Appx 238 – 240) (3) documents support the narration (Ludwig Exhibit 11, 12, 13, 20, Def Cumul Appx 260, 261, 264, 266, 272, 275 – 278, 301 - 304) (4) independent creation was explained before the Complaint (Ludwig Exhibit 25, Def Cumul Appx 312) (5) the Declaration has personal knowledge and attests to the accuracy of the translation of Shankar's artist (6) timing agrees with Basu's observing third party feather designs at trade shows (Basu Dep. 47:14-25 Def Cumul Appx 59).

Basu incorrectly asserts that the standard used in deciding the Motion to Dismiss based on only two graphic images restricts the Court from considering the standard to apply based on the present facts. *Nobel Ins. Co. v. City of N.Y.*, 2006 WL 2848121, at 4 (S.D.N.Y. 2006) stated "[A]s a ruling in favor of a plaintiff on a motion to dismiss does not address the merits of a case, such ruling will not preclude a subsequent ruling in favor of a defendant on the same issue on a motion for summary judgment following discovery."

### A.  ADMISSIBLE DECLARATION

Basu attacks the Chokhany Declaration (Def Appx 15 – 18) translation of statements of Sanjit Das who created the design on the Accused Bag. The facts are consistent with Mr. Chokhany's observations regarding creation of the product and business records (or absence) showing no action by Seventh Avenue comprising copying. The timing is consistent with Mr. Basu's observations of third parties at trade shows. The 2012 creation is corroborated

by other documents.  Mr. Chokhany declares the translation to be true. (Fed. R. Evid. 604). The witnesses are unavailable -- both are in India.  The statements are consistent with Mr. Chokhany's December, 2015 explanation (Ludwig Exh 25, Def Cumul Appx 312)   These meet the Fed. R. Evid. 807. The Declaration is trustworthy and admissible.

B.      THE DESIGNS WERE NEITHER ACCESSED NOR LEGALLY SIMILAR

Basu has no evidence of actual copying.  Ms. Ludwig purchased the Accused Bag through Anusha Marketing, who connected Seventh Avenue with Shankar (Ludwig Dep. 30: 5 – 32:18, Def Cumul Appx 238 – 240). Seventh Avenue never purchased or saw Basu products.  (Ludwig Dep. 23: 6 – 19 Def Cumul Appx 231).   Basu has no evidence that Shankar copied.  Access and substantial similarity permit *inference* of copying.  Only when a creator had access and there is substantial similarity can it be inferred the creator is a direct infringer.  An importer or distributor only commits infringement if they import or distribute an illegal copy.   If the creator had no access Peacock Feather #1 was an internal guide (*supra*) -if substantial similarity were the standard and found, copying would not be inferred.

1.      PEACOCK FEATHER #1 WAS ONLY IN COURT RECORDS

Basu argues it sued Seventh Avenue before and because Peacock Feather #1 was an exhibit Shankar had access to Peacock Feather #1.  No connection between Seventh Avenue and Shankar before creating of the Accused Bag is shown.  Shankar did not have access.

The steps to create the Accused Bag are clear.  Shankar created the design in 2012. It was submitted to Seventh Avenue who did not pick up the product then.  Separately, Seventh Avenue's purchasing agent was selling other designs, and misinterpreted a request for "feathers" in a Southwestern (American Indian) theme as "feathers" in an Asian Indian theme and sent suggested designs.  One was too close to a Basu product and not pursued for

purchase: "No peacock feathers. Pretty sure that was one of the ones in questioning from basu." (Ex. E to Gilman Dec.)  Seventh Avenue <u>avoided</u> copying Basu's asserted works.

Basu's misleading sales claims fail to support access by Shankar.  Basu's Declaration is argued to show significant sales of Peacock Feather #1, while in actuality those sales are sales of any product whose name has "peacock" in the title.  Basu produced a spreadsheet substantially conforming to the sales in its Declaration, but the words "Peacock Feather" do not appear to be in the spreadsheet.  (TBG Peacock Sales - 11-08-2016 - TBG - 1791-2855, Def Cumul Appx pages 326 – 1390)  It is reasonable to expect the product title to appear – if one looked at the titles of some of the other products alleged in the Complaint for the Prior Action, one finds titles such as "Peacock Safari" but no "Peacock Feather #1."

C.  INSUBSTANTIAL SIMILARITY PRECLUDES INFERENCE OF COPYING

Because the Court is not constrained by the ruling on the Motion to Dismiss, given the complete record currently available, it is appropriate to apply the correct test under these facts.  The new facts are the presence of (1) the Preexisting Images and (2) Natural Peacock Feathers, that show Peacock Feather #1 is not "wholly original" but derived and adapted from existing materials. These will be discussed in reverse order.

1. NATURAL PEACOCK FEATHERS

In its Motion to Dismiss, Seventh Avenue argued "derived from nature" cases, but the record did not have images of a natural peacock feather.  The Court did not have things like the dramatic "upside down heart shape" which is unique in peacock feathers or the arrays of stems and branches in peacock feathers (also common in all feathers).  Basu cannot capture features from the public domain and enforce them against Seventh Avenue. *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64, 65 (2d Cir. 1974)  *Satava v.*

*Lowry*, 323 F.3d 805, 810 (9th Cir.2003) (artist of jellyfish sculpture "may not prevent others from copying elements of expression that nature displays for all observers.")

### 2. PREEXISTING WORKS

Basu is wrong that Peacock Feather #1 is "wholly original." The Preexisting Images still existed before Basu derived Peacock Feather #1. They are third party works that define, by subtraction, what, if anything might be "original." The substantial similarity test always is limited to what is "original". (*Feist Publications Inc v Rural Telephone Service Co Inc.,* 499 U.S. 340, 350 (1991) "[C]opyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original—for example ... facts, or materials in the public domain—as long as such use does not unfairly appropriate the author's original contributions.") While there is no evidence of copying here, "un-original" elements used to make the work look like a peacock feather, can be used without infringing.

The content of Preexisting Images is clear so the "more discerning observer" test applies. It is easy to subtract what is not original. The Court summed up in Doc, 45, fn 1,

> "Courts apply a "more discerning" test where "a work contains both protectible and unprotectible elements." In such circumstances, the court must "eliminate the unprotectible elements from its consideration and to ask whether the protectible elements, standing alone, are substantially similar." Hamil Am., 193 F.3d at 101 (citing Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995); Folio Impressions, Inc. v. Byer Cal., 937 F.2d 759, 765- 66 (2d Cir. 1991)).

Now the record shows the unprotectable elements in the Preexisting Images and in the Natural Peacock Feathers. If the Court subtracts preexisting strands; of particular geometry; with particular colors; overall coloration; blue and black coloration, the heart shape; oval, encircling shape and purple coloration, there is not enough left in the Accused Bag to find similarity. Analysis should also consider "differences between the two works are relevant to the question of substantial similarity because "numerous differences tend to undercut

- 9 -

substantial similarity." *Porto v. Guirgis* 659 F.Supp.2d 597, 609 (S.D.N.Y., 2009). Independent creation proves no copying. No inference of copying is warranted based on insubstantial similarity. Incredible leaps to suggest access by the artist fail.

## IV CONCLUSION

Based on the present record, there is substantiated proof of independent creation (thus no copying at all), no convincing evidence of access before creation, insubstantial similarity, and Basu's registration is compromised because it failed to disclose Preexisting Images and falsely claimed publication. Since there was no copying and no rational inference of access or similarity, along with knowing omissions from Basu's copyright application as filed, summary judgment should be granted in favor of Seventh Avenue.

Respectfully submitted

May 5, 2017
Date

/David C., Brezina/
David C. Brezina
DB4599 (*pro hac vice*)
Ladas & Parry, LLP
224 South Michigan Avenue, #1600
Chicago, IL   60604
312.427.1300
Fax 312.427.6663
dbrezina@ladas.net

Ralph H. Cathcart, Esq. (RHC 2350)
Ladas & Parry, LLP
1040 Avenue of the Americas
New York, NY 10018
Tel 212.708.1800
Fax 212.246.8959

- 11 -

CERTIFICATE OF SERVICE

I hereby certify that I have this 5th day of May, 2017, served a copy of the foregoing by filing with the US District Court ECF system which will electronically serve on the address below and by mailing, postage/shipping prepaid, in an envelope addressed to:

> Michael Robert Gilman
> Kaplan Breyer Schwarz & Ottesen LLP
> 100 Matawan Rd., Ste. 120
> Matawan, NJ 07747
> Email: mgilman@kbsolaw.com

Dated: May 5, 2017                                         /David C. Brezina/

                                                                    David C. Brezina
                                                                      DB4599 (*pro hac vice*)