UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
THE BASU GROUP INC.,                          :
                                              :
                                              :
             Plaintiff,                       :   Civil Action No. 16-cv-00461-PGG
                                              :   ECF CASE
      v.                                      :
                                              :
SEVENTH AVENUE, INC.,                         :
                                              :
             Defendant.                       :
------------------------------------------------------------X

**LOCAL CIVIL RULE 56.1 STATEMENT**

Pursuant to Local Civil Rule 56.1 and Rule 5 of the Individual Rules of Judge Gardephe, Plaintiff The Basu Group Inc., submits this statement of undisputed material facts in support of its motion for partial summary judgment.

1. The Basu Group Inc. ("Plaintiff") is a corporation of the state of New Jersey, having a place of business at 1003 Berkshire Drive, South Brunswick, NJ. (Deposition Transcript of Bhaskar Basu ("Basu Depo.") p. 12, lns. 1-3 (Ex. B to the 56.1 App.[1]))

2. Seventh Avenue, Inc. ("Defendant") is a corporation of the state of Wisconsin having a place of business at 1112 7th Avenue, Monroe, Wisconsin 53566. (Defendant's Answer to the Complaint, Doc 60 of the Docket of this Action ("Ans.") ¶ 7 (Ex. E to the 56.1 App.))

---

[1]  Pursuant to Rule 5(C) of the Individual Rules of Practice of Judge Paul G. Gardephe, Civil Cases, accompanying this document is a document entitled Appendix to Plaintiff's Rule 56.1 Statement ("56.1 App."), containing as Ex. A thereto the Declaration of Michael R. Gilman, counsel for Plaintiff ("Gilman Dec.") attesting that each of the Exhibits of the 56.1 App. are "true and correct copy(ies)".

3. Defendant is the owner and operator of the retail, internet website located at www.seventhavenue.com and also distributes a consumer goods catalog nationwide. (Ans. ¶ 7 (Ex. E to the 56.1 App.))

4. Defendant offers for sale and sells through its stated website and catalogs consumer goods to consumers located throughout the United States, including, but not limited to, to consumers located and/or residing in the state of New York and the judicial district of this Action. (Deposition Transcript of Paula Ludwig ("Ludwig Depo.") p. 11, lns 13-24 (Ex. P to the 56.1 App.); and Ans. ¶¶ 8 and 10 (Ex. E to the 56.1 App.))

5. Plaintiff is the owner of a certain original work of art entitled "Peacock Feather #1", and has used said artwork for a design found on Plaintiff's goods ("Peacock Feather Design"). (U.S. Copyright Registration Certificate VA 1-652-678 ("'678 Reg.") (Ex. F to the 56.1 App.))

6. The Peacock Feather Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq. ('678 Reg. (Ex. F to the 56.1 App.))

7. Plaintiff duly complied with the provisions of the Copyright Laws of the United States and secured rights and privileges in and to the Peacock Feather Design from the U.S. Copyright Office under U.S. Copyright Registration, No. VA 1-652-678, having an effective date of February 10, 2009. ('678 Reg. (Ex. F to the 56.1 App.))

8. Defendant promoted and sold on its website and through catalogs, a handbag under the title "Hand-Painted Leather Peacock Bag", under Item No. #D7724955 ("Accused Bag"). (Ans. ¶ 17 (Ex. E to the 56.1 App.))

9. Plaintiff earlier sued Defendant in another lawsuit in this same judicial district,

Docket No. 12-cv-05565 (SN) (now closed) ("Prior Action"), asserting copyright infringement of the same '678 Reg. against Defendant. (Ans. ¶ 19 (Ex. E to the 56.1 App.); and Complaint in Prior Action ((Ex. H to the 56.1 App.))

10. Plaintiff sent an email letter to Defendant's counsel dated December 9, 2015, notifying Defendant of Plaintiff's new infringement claim of the '678 Reg. (Ans. ¶ 20 (Ex. E to the 56.1 App.))

11. All allegedly infringing activities of Defendant relating to the Accused Bag were, and are if continuing, without the permission, license or consent of Plaintiff. (Ans. ¶ 22 (Ex. E to the 56.1 App.))

12. Plaintiff commenced this Action by the filing of its Complaint on January 21, 2016. (Copy of Complaint ((Ex. C to the 56.1 App.))

13. Defendant was served with the Complaint on March 7, 2016. (Copy of Affidavit of Service ((Ex. D to the 56.1 App.))

14. Plaintiff first started selling bags, purses, wallets and belts bearing the Peacock Feather Design ("Items") protected by the '678 Reg. in 2008. (Declaration of Bhaskar Basu ("Basu Dec.") ¶ 3 ((Ex. B to the 56.1 App.))

15. For the calendar years 2008 through 2016, inclusive, Plaintiff sold approximately one hundred seven thousand eight hundred fifty (107,850) units of Items for total gross sales of over seven million ($7,000,000.00) dollars. (Basu Dec. ¶¶ 4-13 ((Ex. B to the 56.1 App.))

16. Plaintiff's Items are painted and manufactured by Societe Maison de Cuir, a company of India having a place of business in Kolkata, India. (Basu Depo. p. 15, lns 7-9, and p. 50, lns 4-5, ((Ex. K to the 56.1 App.))

17. Defendant's Accused Bags were painted and manufactured by Shankar Produce

Company Private Limited, a company of India also having a place of business in Kolkata, India. (Ludwig Depo. p. 30, lns 2-4 and 18-20 ((Ex. Q to the 56.1 App.))

18. Defendant was the importer of the Accused Bags. (Defendant's Response to Interrogatories, pp. 11-12, answer to Int. 10 (Ex. S to the 56.1 App.))

19. Over the years, Defendant has sold other goods bearing Peacock art. (Ex. T to the 56.1 App.)

20. Images of Peacock art produced by Defendant in the Prior Action, in 2012. (Ex. U to the 56.1 App.)

21. Additional images of Peacock art produced by Defendant in this Action. (Ex. V to the 56.1 App.)

22. A true and accurate representation of a paper Visual Arts (VA) application form and its instructions are available at least from the U.S. Copyright Office website at https://www.copyright.gov/forms/formva.pdf. (Ex. M to the 56.1 App.)

 

Respectfully submitted,

**KAPLAN BREYER SCHWARZ
  & OTTESEN LLP**

By: ___/s/ Michael R. Gilman_____
Michael R. Gilman (MG 7608)
100 Matawan Road, Suite 120
Matawan, New Jersey 07747
Telephone (732) 578-0103, ext. 233
mgilman@kbsolaw.com
*Attorneys for Plaintiff The Basu Group, Inc.*

Dated: March 31, 2017

## CERTIFICATE OF SERVICE

It is hereby certified that true and correct copies of the documents entitled "**LOCAL CIVIL RULE 56.1 STATEMENT**" and "**RULE 56.1 APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**", were served on the below identified counsel for Defendant, on this 31st day of March, 2017, via First Class mail, postage prepaid:

>
> David C. Brezina, Esq.
> Ladas & Parry LLP
> 224 South Michigan Avenue, Suite 1600
> Chicago, IL 60604
> (Attorneys for Defendant Seventh Avenue, Inc.)

Dated:  March 31, 2017             By:    /s/ Michael R. Gilman
                                                    Michael R. Gilman (MG 7608)