# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
THE BASU GROUP INC.,                                :
                                                    :
                                                    :
              Plaintiff,                            :        Civil Action No.
                                                    :          1:12-cv-05565-RJS    ECF CASE
       v.                                           :
                                                    :
BIACCI INC., SHARAT KUMRA, SISBRO                   :        JURY DEMANDED
CREATIONS, POTPOURRI GROUP, INC.                    :
D/B/A CATALOG FAVORITES and D/B/A                   :
SERENGETI CATALOG,                                  :
SEVENTH AVENUE, INC. and MIDNIGHT                   :
VELVET, INC.                                        :
                                                    :
              Defendants.                           :
-------------------------------------------------------------X

## COMPLAINT

       Plaintiff, through its attorneys, for its Complaint against the Defendants, alleges:

## JURISDICTION AND VENUE

       1.     This cause of action arises under the Copyright Laws of the United States, 17 U.S.C.

§101 et. seq.

       2.     Jurisdiction of the subject matter of this action is conferred on this Court by 28

U.S.C. §§ 1331, 1332 and 1338(a).

       3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(a).

## THE PARTIES

**A.**     **Plaintiff**

4.      Plaintiff The Basu Group Inc. (hereinafter "Basu"), is a corporation of the state of New Jersey, with an office and place of business at 1003 Berkshire Drive, Princeton, NJ 08540.

5.      Basu has been, and continues to be, a well-known and well-regarded innovator of unique works of art used in connection with its lines of women's bags, including but not limited to, handbags, purses and wallets.

6.      Basu's goods are of the highest quality from the viewpoint of both workmanship and design, and are so regarded by the consuming public and associated trades.

**B.**     **Defendants**

7.      Upon information and belief, Defendant Biacci Inc. ("Biacci") is a corporation of the State of New York having a place of business at 40 Hewlett Lane, Port Washington, NY 11050 and who regularly shows its goods at a showroom believed to be owned and operated by Blue Plate Of USA Inc. at 525 7th Avenue, #309, New York, NY 10018, and upon further information and belief, showed for sale at this showroom at least some of the below accused items.

8.      Upon information and belief, Sharat Kumra (hereinafter "Kumra") is an individual and is a citizen of India and is, or was, an owner, member, officer, director and/or person in charge of Biacci who is, or was, at least one of the knowing, moving, active, conscious forces responsible for Biacci's infringing activities, and he has an office and principal, regular and established place of business at 40 Hewlett Lane, Port Washington, NY 11050 and, as with Biacci, he regularly shows goods at a showroom believed to be owned and operated by Blue Plate Of USA Inc. at 525 7th Avenue, #309, New York, NY 10018, and upon further information and belief, showed for sale at this showroom at least some of the below accused items.

2

9.     Upon information and belief, Sisbro Creations (hereinafter "Sisbro"), is a corporation of Canada having a place of business at 2287 Erin Centre Blvd., Mississauga, Ontario, L5M 5C1 which is owned and operated by Biacci, deals exclusively, or at least extensively, in Biacci branded goods, solicits the sale of its goods at U.S. tradeshows with Biacci and shares a common catalog and internet website content with Biacci.

10.     Upon information and belief, Potpourri Group, Inc. d/b/a Catalog Favorites and d/b/a Serengeti Catalog (hereinafter "PGI"), is a corporation of the state of Massachusetts having a place of business at 222 Mill Road, Chelmsford, MA 01824, and is the owner and operator of retail, internet websites selling at least consumer goods, located at both www.catalogfavorites.com and www.serengeticatalog.com and also distributes consumer goods catalogs nationwide under the Catalog Favorites and Serengeti Catalog names.

11.     Upon information and belief, Seventh Avenue, Inc. (hereinafter "SA"), is a corporation of the state of Wisconsin having a place of business at 1112 7th Avenue, Monroe, Wisconsin 53566, and is the owner and operator of the retail, internet website located at www.seventhavenue.com and also distributes a consumer goods catalog nationwide.

12.     Upon information and belief, Midnight Velvet, Inc. (hereinafter "MV"), is a corporation of the state of Wisconsin having a place of business at 1112 7th Avenue, Monroe, Wisconsin 53566, and is the owner and operator of the retail, internet website located at www.midnightvelvet.com and also distributes a consumer goods catalog nationwide.

13.     Upon information and belief, SA and MV are related companies.

14.     When referred to collectively hereinafter, but separately from PGI, MV and SA, defendants Biacci, Kumra and Sisbro will be referred to as "the Biacci defendants."

15.     When referred to collectively hereinafter, all of the defendants, Biacci, Kumra,

3

Sisbro, PGI, SA and MV, shall be referred to as "all defendants."

16.    The Biacci defendants have, and continue to, manufacture, import, advertise, promote, offer for sale and sell at least handbags, purses and wallets in and/or into this judicial district, at least some of which infringe proprietary copyright rights of Basu.

17.    Upon information and belief, the Biacci defendants have sold at least some of such infringing handbags, purses and/or wallets to PGI, SA and MV.

18.    Upon information and belief, PGI, SA and MV regularly offer for sale and sell through their stated websites and catalogs consumer goods to consumers located throughout the United States, including, but not limited to, to consumers located and/or residing in the state of New York and this judicial district.

19.    Upon information and belief, all defendants have offered for sale and/or sold some handbags, purses and/or wallets bearing designs that infringe some of Basu's US Copyrights, to consumers located and/or residing in the state of New York and this judicial district.

20.    Upon information and belief, all defendants transact business within this district, derive substantial revenue from intrastate and interstate commerce and have committed tortuous acts within this district and also without this district having injurious consequences within this district, and all defendants are otherwise within the jurisdiction of this Court.

## FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## ARTWORK - PEACOCK FEATHER #1

21.    Basu repeats and re-alleges paragraphs 1-20 hereof, as if fully set forth herein.

22.    Basu is the owner of a certain original work of art entitled "Peacock Feather #1", and has used said artwork for a design found on Basu's goods (hereinafter the "Peacock Feather Design").

23.    The Peacock Feather Design consists of material which is wholly original and is

4

copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

24.    Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Peacock Feather Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Peacock Feather Design, identified as VA 1-652-678, having an effective date of February 10, 2009. A copy of the issued Certificate of Registration for the Peacock Feather Design, along with a copy of the registered Peacock Feather Design, is attached hereto as Exhibit "A".

25.    All copies of said artwork, including all of Basu's goods bearing the Peacock Feather Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

26.    All defendants have infringed, and at least the Biacci defendants have willfully infringed, Basu's copyright rights in the Peacock Feather Design by manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising handbags, purses and/or wallets bearing significant copies of the Peacock Feather Design, including, but not limited to, the protected colorway of the Peacock Feather Design.

27.    In particular, at least the following currently existing, or past, styles of the Biacci defendants' bags bear infringing copies of the Peacock Feather Design:  P41888, P42954, P42921, P42937, P42907, P45326, P4P101, P40055, P40163, P4F1, P42865, P42968, R40161, F42940, F42969, F42967, F42966, PK40055, PK40161, PK42907, PK42927, PK43026, PK45326, PK41888, PK42968 and PK4P101.  Copies of a representative sampling of some of defendants' products bearing the infringing Peacock Feather Design, are attached hereto as Exhibit "B", including copies

of the bags sold by defendants SA, MV and PGI, which, upon information and belief, are believed to have been supplied/sold to these defendants by the Biacci defendants.

28.     Further, PGI sells at least through its Catalog Favorites and Serengeti Catalog websites and catalogs at least one bag identified by PGI as a Peacock Painted Leather Bag, under item number of W21233 (or W21-233), which bag bears infringing copies of the Peacock Feather Design.  Copies of pages from PGI's websites and its Catalog Favorites catalog showing this bag, are attached hereto as Exhibit "C".  Upon information and belief, the Biacci defendants, or at least one of them, supplied and/or sold the bag of Exhibit C to defendant PGI.

29.     Further, SA sells at least through its website and catalog at least one bag identified by SA as a Hand-Painted Peacock Bag, under item number #ES66378, which bag bears infringing copies of the Peacock Feather Design.  A copy of the page from SA's website showing this bag, is attached hereto as Exhibit "D".  Upon information and belief, the Biacci defendants, or at least one of them, supplied and/or sold the bag of Exhibit D to defendant SA.

30.     Even further, MV sells at least through its website and catalog at least one bag identified by MV as a Hand-Painted Peacock Bag, under item number #VI66378, which bag bears infringing copies of the Peacock Feather Design.  A copy of the page from MV's website showing this bag, is attached hereto as Exhibit "E".  Upon information and belief, the Biacci defendants, or at least one of them, supplied and/or sold the bag of Exhibit E to defendant MV.

31.     Upon information and belief, the Biacci defendants, or at least one of them, or a related entity to the Biacci defendants going by the names Blue Plate Of USA Inc. and/or Simonia Fashions, Inc. d/b/a Blue Plate, has a showroom located in this judicial district at 525 7th Ave., #309, New York, NY, for at least the marketing, offer for sale and sale of at least the Biacci defendants' goods, including at least some of the above infringing goods.

6

32.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Biacci and was the knowing, moving, active, conscious force at Biacci responsible for Biacci's acts of infringement, and he thereby personally participated in and orchestrated such acts.

33.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Sisbro and was the knowing, moving, active, conscious force at Sisbro responsible for Sisbro's acts of infringement, and he thereby personally participated in and orchestrated such acts.

34.     Upon information and belief, at the very least, Kumra is a contributory infringer to the direct infringements alleged herein of Biacci, Sisbro, PGI, SA and/or MV, or induced Biacci's, Sisbro's, PGI's, SA's and/or MV's infringements alleged herein.

35.     Upon information and belief, sale of goods by Sisbro is the same as sale of goods by Biacci, as is evidenced by the copy of these defendants' catalog, attached hereto as Exhibit "F", and the fact that Biacci and Sisbro share Biacci's website, as shown in Exhibit "G" hereto.

36.     All of the activities of all defendants have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Peacock Feather Design.

37.     Upon information and belief, at least the Biacci defendants had full knowledge of the copyright rights in the Peacock Feather Design, as alleged herein, prior to the creation of their infringing designs, or prior to the creation of at least some of their infringing designs.

38.     Upon information and belief, at least the Biacci defendants have had knowledge of instances of actual confusion in the marketplace from the marketing and sale of at least some products bearing at least some of the infringing designs, from a date prior to the filing of this Complaint.

7

39. All of the acts of all defendants are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

40. All defendants have been unjustly enriched and Basu is entitled to an accounting of all defendants' profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

41. All defendants' foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing and following activities of all defendants continue, Basu believes damages will exceed at least the sum of $250,000.

**SECOND CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
ARTWORK – PEACOCK SAFARI #1**

42. Basu repeats and re-alleges paragraphs 1-41 hereof, as if fully set forth herein.

43. Basu is the owner of a certain original work of art entitled "Peacock Safari #1", and has used said artwork for a design found on Basu's goods (hereinafter the "Peacock Safari Design").

44. The Peacock Safari Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

45. Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Peacock Safari Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Peacock Safari Design, identified as VA 1-652-680, having an effective date of February 10, 2009. A copy of the issued Certificate of Registration for the Peacock Safari Design, along with a copy of the registered Peacock Safari Design, is attached hereto as Exhibit "H".

46. All copies of said artwork, including all of Basu's goods bearing the Peacock Safari

Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

47.     All defendants have infringed, and at least the Biacci defendants have willfully infringed Basu's copyright rights in the Peacock Safari Design by manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising handbags, purses and/or wallets bearing significant copies of the Peacock Safari Design, including, but not limited to, the protected colorway of the Peacock Safari Design.

48.     In particular, at least the following currently existing, or past, styles of the Biacci defendants' bags bear infringing reproductions of the Peacock Safari Design:  P45326, P4F1, PK40055, PK40161, PK42907, PK42927, PK43026, PK45326, PK41888, PK42968 and PK4P101. Copies of a representative sampling of defendants' bags bearing the infringing Peacock Safari Design, are attached hereto as Exhibit "I", including copies of the bags sold by defendants SA, MV and PGI, which, upon information and belief, are believed to have been supplied/sold to these defendants by the Biacci defendants.

49.     Further, PGI sells at least through its Catalog Favorites and Serengeti Catalog websites and catalogs at least one bag identified by PGI as a Peacock Painted Leather Bag, under item number of W21233 (or W21-233), which bag bears infringing copies of the Peacock Safari Design.   Copies of pages from PGI's websites and its Catalog Favorites catalog showing this bag, are attached hereto as Exhibit "C".  Upon information and belief, the Biacci defendants, or at least one of them, supplied and/or sold the bag of Exhibit C to defendant PGI.

50.     Further, SA sells at least through its website and catalog at least one bag identified by SA as a Hand-Painted Peacock Bag, under item number #ES66378, which bag bears infringing

copies of the Peacock Safari Design.  A copy of the page from SA's website showing this bag, is attached hereto as Exhibit "D".  Upon information and belief, the Biacci defendants, or at least one of them, supplied and/or sold the bag of Exhibit D to defendant SA.

51.    Even further, MV sells at least through its website and catalog at least one bag identified by MV as a Hand-Painted Peacock Bag, under item number #VI66378, which bag bears infringing copies of the Peacock Safari Design.  A copy of the page from MV's website showing this bag, is attached hereto as Exhibit "E".  Upon information and belief, the Biacci defendants, or at least one of them, supplied and/or sold the bag of Exhibit E to defendant MV.

52.    Upon information and belief, the Biacci defendants, or at least one of them, or a related entity to defendants going by the names Blue Plate Of USA Inc. and/or Simonia Fashions, Inc. d/b/a Blue Plate, has a showroom located in this judicial district at 525 7th Ave., #309, New York, NY, for at least the marketing, offer for sale and sale of at least the Biacci defendants' goods, including at least some of the above infringing goods.

53.    Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Biacci and was the knowing, moving, active, conscious force at Biacci responsible for Biacci's acts of infringement, and he thereby personally participated in and orchestrated such acts.

54.    Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Sisbro and was the knowing, moving, active, conscious force at Sisbro responsible for Sisbro's acts of infringement, and he thereby personally participated in and orchestrated such acts.

55.    Upon information and belief, at the very least, Kumra is a contributory infringer to the direct infringements alleged herein of Biacci, Sisbro, PGI, SA and/or MV, or induced Biacci's,

Sisbro's, PGI's, SA's and/or MV's infringements alleged herein.

56.     Upon information and belief, sale of goods by Sisbro is the same as sale of goods by Biacci, as is evidenced by the copy of defendants' catalog, attached hereto as Exhibit "F", and the fact that Biacci and Sisbro share Biacci's website, as shown in Exhibit "G" hereto.

57.     All of the activities of defendants have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Peacock Safari Design.

58.     Upon information and belief, at least the Biacci defendants had full knowledge of the copyright rights in the Peacock Safari Design, as alleged herein, prior to their creation of their infringing designs, or prior to the creation of at least some of their infringing designs.

59.     Upon information and belief, at least the Biacci defendants have had knowledge of instances of actual confusion in the marketplace from the marketing and sale of at least some products bearing at least some of their infringing designs, from a date prior to the filing of this Complaint.

60.     All of the acts of all defendants are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

61.     All defendants have been unjustly enriched and Basu is entitled to an accounting of all defendants' profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

62.     All defendants' foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing and following activities of all defendants continue, Basu believes damages will exceed at least the sum of $250,000.

### THIRD CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
### ARTWORK – WILD FLOWER #4

63.     Basu repeats and re-alleges paragraphs 1-62 hereof, as if fully set forth herein.

11

64.     Basu is the owner of a certain original work of art entitled "Wild Flower #4", and has used said artwork for a design found on Basu's goods (hereinafter the "Wild Flower Design").

65.     The Wild Flower Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

66.     Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Wild Flower Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Wild Flower Design, identified as VA 1-652-825, having an effective date of February 11, 2009.  A copy of the issued Certificate of Registration for the Wild Flower Design, along with a copy of the registered Wild Flower Design, is attached hereto as Exhibit "J".

67.     All copies of said artwork, including all of Basu's goods bearing the Wild Flower Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

68.     Upon information and belief, the Biacci defendants have willfully infringed Basu's copyright rights in the Wild Flower Design by manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising handbags, purses and/or wallets bearing significant copies of the Wild Flower Design.

69.     In particular, at least the following currently existing, or past, styles of the Biacci defendants' bags bear infringing reproductions of the Wild Flower Design:  F42967, F42940, F42966, F42969, R42977 and R40161.  Copies of a representative sampling of these bags bearing the infringing Wild Flower Design, are attached hereto as Exhibit "K".

12

70.     Upon information and belief, the Biacci defendants, or at least one of them, or a related entity to the Biacci defendants going by the names Blue Plate Of USA Inc. and/or Simonia Fashions, Inc. d/b/a Blue Plate, has a showroom located in this judicial district at 525 7th Ave., #309, New York, NY, for at least the marketing, offer for sale and sale of the Biacci defendants' goods, including at least some of the above infringing goods.

71.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Biacci and was the knowing, moving, active, conscious force at Biacci responsible for Biacci's acts of infringement, and he thereby personally participated in and orchestrated such acts.

72.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Sisbro and was the knowing, moving, active, conscious force at Sisbro responsible for Sisbro's acts of infringement, and he thereby personally participated in and orchestrated such acts.

73.      Upon information and belief, at the very least, Kumra is a contributory infringer to the direct infringements alleged herein of Biacci and Sisbro, or induced Biacci's and Sisbro's infringements alleged herein.

74.     Upon information and belief, sale of goods by Sisbro is the same as sale of goods by Biacci, as is evidenced by the copy of these defendants' catalog, attached hereto as Exhibit "F", and the fact that Biacci and Sisbro share Biacci's website, as shown in Exhibit "G" hereto.

75.     All of the activities of all defendants have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Wild Flower Design.

76.     Upon information and belief, at least the Biacci defendants had full knowledge of the copyright rights in the Wild Flower Design, as alleged herein, prior to their creation of their

infringing designs.

77.     All of the acts of all defendants are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

78.     All defendants have been unjustly enriched and Basu is entitled to an accounting of all defendants' profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

79.     All defendants' foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing and following activities of all defendants continue, Basu believes damages will exceed at least the sum of $250,000.

**FOURTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
ARTWORK – FLORAL SAFARI #1**

80.     Basu repeats and re-alleges paragraphs 1-79 hereof, as if fully set forth herein.

81.     Basu is the owner of a certain original work of art entitled "Floral Safari #1", and has used said artwork for a design found on Basu's goods (hereinafter the "Floral Safari Design").

82.     The Floral Safari Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

83.     Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Floral Safari Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Floral Safari Design, identified as VA 1-652-675, having an effective date of February 10, 2009. A copy of the issued Certificate of Registration for the Floral Safari Design, along with a copy of the registered Floral Safari Design, is attached hereto as Exhibit "L".

84.     All copies of said artwork, including all of Basu's goods bearing the Floral Safari

14

Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

85.     Upon information and belief, the Biacci defendants have willfully infringed Basu's copyright rights in the Floral Safari Design by manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising handbags, purses and/or wallets bearing significant copies of the Floral Safari Design.

86.     In particular, at least the following currently existing, or past, styles of the Biacci defendants' bags bear infringing copies of the Floral Safari Design:  B48062, B48860, B45326, B45197, B40401, B40666, B46009, B40114, B42907 and R42977.  Copies of a representative sampling of these bags bearing the infringing Floral Safari Design, are attached hereto as Exhibit "M".

87.     Upon information and belief, the Biacci defendants, or at least one of them, or a related entity to the Biacci defendants going by the names Blue Plate Of USA Inc. and/or Simonia Fashions, Inc. d/b/a Blue Plate, has a showroom located in this judicial district at 525 7th Ave., #309, New York, NY, for at least the marketing, offer for sale and sale of the Biacci defendants' goods, including at least some of the above infringing goods.

88.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Biacci and was the knowing, moving, active, conscious force at Biacci responsible for Biacci's acts of infringement, and he thereby personally participated in and orchestrated such acts.

89.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Sisbro

and was the knowing, moving, active, conscious force at Sisbro responsible for Sisbro's acts of infringement, and he thereby personally participated in and orchestrated such acts.

90.     Upon information and belief, at the very least, Kumra is a contributory infringer to the direct infringements alleged herein of Biacci and Sisbro, or induced Biacci's and Sisbro's infringements alleged herein.

91.     Upon information and belief, sale of goods by Sisbro is the same as sale of goods by Biacci, as is evidenced by the copy of defendants' catalog, attached hereto as Exhibit "F", and the fact that Biacci and Sisbro share Biacci's website, as shown in Exhibit "G" hereto.

92.     All of the activities of all defendants have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Floral Safari Design.

93.     Upon information and belief, at least the Biacci defendants had full knowledge of the copyright rights in the Floral Safari Design, as alleged herein, prior to their creation of their infringing designs.

94.     All of the acts of all defendants are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

95.     All defendants have been unjustly enriched and Basu is entitled to an accounting of all defendants' profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

96.     All defendants' foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing and following activities of all defendants continue, Basu believes damages will exceed at least the sum of $250,000.

### FIFTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
### ARTWORK – SAFARI LEAF #1

97.     Basu repeats and re-alleges paragraphs 1-96 hereof, as if fully set forth herein.

16

98.     Basu is the owner of a certain original work of art entitled "Safari Leaf #1", and has used said artwork for a design found on Basu's goods (hereinafter the "Safari Leaf Design").

99.     The Safari Leaf Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

100.    Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Safari Leaf Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Safari Leaf Design, identified as VA 1-652-674, having an effective date of February 10, 2009.  A copy of the issued Certificate of Registration for the Safari Leaf Design, along with a copy of the registered Safari Leaf Design, is attached hereto as Exhibit "N".

101.    All copies of said artwork, including all of Basu's goods bearing the Safari Leaf Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

102.    Upon information and belief, the Biacci defendants have willfully infringed Basu's copyright rights in the Safari Leaf Design by manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising handbags, purses and/or wallets bearing significant replications of the Safari Leaf Design.

103.    In particular, at least the following currently existing, or past, styles of the Biacci defendants' bags bear infringing copies of the Safari Leaf Design:  P42954, P42921, P48860, O42927 and R42982.  Copies of a representative sampling of these bags bearing the infringing Safari Leaf Design, are attached hereto as Exhibit "O".

17

104.     Upon information and belief, the Biacci defendants, or at least one of them, or a related entity to the Biacci defendants going by the names Blue Plate Of USA Inc. and/or Simonia Fashions, Inc. d/b/a Blue Plate, has a showroom located in this judicial district at 525 7th Ave., #309, New York, NY, for at least the marketing, offer for sale and sale of the Biacci defendants' goods, including at least some of the above infringing goods.

105.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Biacci and was the knowing, moving, active, conscious force at Biacci responsible for Biacci's acts of infringement, and he thereby personally participated in and orchestrated such acts.

106.     Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Sisbro and was the knowing, moving, active, conscious force at Sisbro responsible for Sisbro's acts of infringement, and he thereby personally participated in and orchestrated such acts.

107.     Upon information and belief, at the very least, Kumra is a contributory infringer to the direct infringements alleged herein of Biacci and Sisbro, or induced Biacci's and Sisbro's infringements alleged herein.

108.     Upon information and belief, sale of goods by Sisbro is the same as sale of goods by Biacci, as is evidenced by the copy of defendants' catalog, attached hereto as Exhibit "F", and the fact that Biacci and Sisbro share Biacci's website, as shown in Exhibit "G" hereto.

109.     All of the activities of all defendants have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Safari Leaf Design.

110.     Upon information and belief, at least the Biacci defendants had full knowledge of the copyright rights in the Safari Leaf Design, as alleged herein, prior to their creation of their infringing

designs.

111.     All of the acts of all defendants are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

112.     All defendants have been unjustly enriched and Basu is entitled to an accounting of all defendants' profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

113.     All defendants' foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing and following activities of all defendants continue, Basu believes damages will exceed at least the sum of $250,000.

**SIXTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
ARTWORK – ROSE #5**

114.     Basu repeats and re-alleges paragraphs 1-113 hereof, as if fully set forth herein.

115.     Basu is the owner of a certain original work of art entitled "Rose #5", and has used said artwork for a design found on Basu's goods (hereinafter the "Rose Design").

116.     The Rose Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

117.     Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Rose Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Rose Design, identified as VA 1-652-851, having an effective date of February 10, 2009. A copy of the issued Certificate of Registration for the Rose Design, along with a copy of the registered Rose Design, is attached hereto as Exhibit "P".

118.     All copies of said artwork, including all of Basu's goods bearing the Rose Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

19

119.    Upon information and belief, the Biacci defendants have willfully infringed Basu's copyright rights in the Rose Design by manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising handbags, purses and/or wallets bearing significant copies of the Rose Design.

120.    In particular, at least the following currently existing, or past, styles of the Biacci defendants' bags bear infringing copies of the Rose Design:  BF48860, BF42907, BF42941, BF42865, BF42944, BF42933, BF40055, WB42940, 1933 Spring Floral, 2151 Spring Floral, and 1934 Butterfly Floral and Spring Floral.  Copies of a representative sampling of these bags bearing the infringing Rose Design, are attached hereto as Exhibit "Q".

121.    Upon information and belief, the Biacci defendants, or at least one of them, or a related entity to the Biacci defendants going by the names Blue Plate Of USA Inc. and/or Simonia Fashions, Inc. d/b/a Blue Plate, has a showroom located in this judicial district at 525 7th Ave., #309, New York, NY, for at least the marketing, offer for sale and sale of the Biacci defendants' goods, including at least some of the above infringing goods.

122.    Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Biacci and was the knowing, moving, active, conscious force at Biacci responsible for Biacci's acts of infringement, and he thereby personally participated in and orchestrated such acts.

123.    Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Sisbro and was the knowing, moving, active, conscious force at Sisbro responsible for Sisbro's acts of

infringement, and he thereby personally participated in and orchestrated such acts.

124.    Upon information and belief, at the very least, Kumra is a contributory infringer to the direct infringements alleged herein of Biacci and Sisbro, or induced Biacci's and Sisbro's infringements alleged herein.

125.    Upon information and belief, sale of goods by Sisbro is the same as sale of goods by Biacci, as is evidenced by the copy of these defendants' catalog, attached hereto as Exhibit "F", and the fact that Biacci and Sisbro share Biacci's website, as shown in Exhibit "G" hereto.

126.    All of the activities of all defendants have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Rose Design.

127.    Upon information and belief, at least the Biacci defendants had full knowledge of the copyright rights in the Rose Design, as alleged herein, prior to their creation of their infringing designs.

128.    All of the acts of all defendants are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

129.    All defendants have been unjustly enriched and Basu is entitled to an accounting of all defendants' profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

130.    All defendants' foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing and following activities of all defendants continue, Basu believes damages will exceed at least the sum of $250,000.

### SEVENTH CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT ARTWORK – PREMIUM ROSE ANTIQUE #1

131.    Basu repeats and re-alleges paragraphs 1-130 hereof, as if fully set forth herein.

132.    Basu is the owner of a certain original work of art entitled "Premium Rose Antique

21

#1", and has used said artwork for a design found on Basu's goods (hereinafter the "Antique Rose Design").

133.    The Antique Rose Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101, et. seq.

134.    Basu has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Antique Rose Design, and Basu has duly requested and received from the Register of Copyrights a Certificate of Registration pertaining to the Antique Rose Design, identified as VA 1-652-852, having an effective date of February 10, 2009.  A copy of the issued Certificate of Registration for the Antique Rose Design, along with a copy of the registered Antique Rose Design, is attached hereto as Exhibit "R".

135.    All copies of said artwork, including all of Basu's goods bearing the Antique Rose Design have been sold in conformity with the provisions of the Copyright Laws of the United States.

136.    Upon information and belief, the Biacci defendants have willfully infringed Basu's copyright rights in the Antique Rose Design by manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, publishing, displaying, importing, exporting, vending, distributing, offering for sale, selling, promoting and/or advertising handbags, purses and/or wallets bearing significant copies of the Antique Rose Design.

137.    In particular, at least the following currently existing, or past, styles of the Biacci defendants' bags bear infringing copies of the Antique Rose Design:  BF48860, BF42907, BF42944, BF42935, WB42940, 1933 Spring Floral, 2151 Spring Floral, and 1934 Butterfly Floral and Spring Floral.  A copy of these bags bearing the infringing Antique Rose Design, is attached hereto as

Exhibit "S".

138.    Upon information and belief, the Biacci defendants, or at least one of them, or a related entity to the Biacci defendants going by the names Blue Plate Of USA Inc. and/or Simonia Fashions, Inc. d/b/a Blue Plate, has a showroom located in this judicial district at 525 7th Ave., #309, New York, NY, for at least the marketing, offer for sale and sale of the Biacci defendants' goods, including at least some of the above infringing goods.

139.    Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Biacci and was the knowing, moving, active, conscious force at Biacci responsible for Biacci's acts of infringement, and he thereby personally participated in and orchestrated such acts.

140.    Upon information and belief, defendant Kumra was, during all relevant time periods herein, and currently still is, the owner, member, officer, director and/or person in charge of Sisbro and was the knowing, moving, active, conscious force at Sisbro responsible for Sisbro's acts of infringement, and he thereby personally participated in and orchestrated such acts.

141.    Upon information and belief, at the very least, Kumra is a contributory infringer to the direct infringements alleged herein of Biacci and Sisbro, or induced Biacci's and Sisbro's infringements alleged herein.

142.    Upon information and belief, sale of goods by Sisbro is the same as sale of goods by Biacci, as is evidenced by the copy of these defendants' catalog, attached hereto as Exhibit "F", and the fact that Biacci and Sisbro share Biacci's website, as shown in Exhibit "G" hereto.

143.    All of the activities of all defendants have been, and if continuing are, in violation of Basu's rights under 17 U.S.C. Sec. 101 et. seq. in the Antique Rose Design.

144.    Upon information and belief, at least the Biacci defendants had full knowledge of the

copyright rights in the Antique Rose Design, as alleged herein, prior to their creation of their infringing designs.

145.    All of the acts of all defendants are without the permission, license or consent of Basu and will continue to cause irreparable injury unless enjoined by the Court.

146.    All defendants have been unjustly enriched and Basu is entitled to an accounting of all defendants' profits, Basu's damages and the costs of the action, including but not limited to, Basu's legal fees and costs.

147.    All defendants' foregoing activities have damaged Basu in an amount as yet unknown, but if the foregoing and following activities of all defendants continue, Basu believes damages will exceed at least the sum of $250,000.

## JURY DEMANDED

148.    Basu herein demands trial by jury.

**WHEREFORE**, The Basu Group Inc. demands:

A.    That all defendants, Biacci, Kumra, Sisbro, PGI, SA and MV, their employees, owners, members, agents, servants, related companies, and all persons and/or entities in privity with them, or any of them, be permanently enjoined from infringing the copyrights of Basu in the copyrighted Peacock Feather, Peacock Safari, Wild Flower, Floral Safari, Safari Leaf, Rose, Antique Rose Designs as alleged herein, in any manner including, but not limited to, manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, importing, exporting, illustrating, publishing, displaying, vending, distributing, offering for sale, selling, shipping, delivering, promoting and/or advertising any copies of such works which are the subject of said copyrights, including but not limited to an

24

injunction against all defendants from using any unauthorized copies of the copyrighted designs, or causing and/or participating in such manufacturing, printing, reprinting, painting, importing, exporting, publishing, displaying, distributing, offering to sell, selling, promoting, or advertising of copies of such works;

B.      That all defendants, Biacci, Kumra, Sisbro, PGI, SA and MV, be required to immediately deliver up for destruction all items bearing the infringing designs, including but not limited to, all infringing bags, including but not limited to, handbags, purses and/or wallets, which are in their possession or under their control, and to deliver up for destruction all material for implementing such infringing works;

C.      That defendants Biacci, Kumra and Sisbro be required to disclose to Basu the identities, including the names, addresses, phone and facsimile numbers and e-mail addresses, of all of their customers of the infringing items;

D.      That all defendants, Biacci, Kumra, Sisbro, PGI, SA and MV, be required to disclose to Basu the identities, including the names, addresses, phone and facsimile numbers and e-mail addresses, of all persons, suppliers, manufacturers and/or artists who assisted them in creating the infringing designs and in producing the bags bearing the infringing designs;

E.      That defendants Biacci, Kumra and Sisbro, jointly and severally, be required to pay Basu all damages as Basu sustained in consequence of all defendants' infringements of Basu's copyrights, and to account for all gains, profits and advantages derived by all defendants from said infringements, whether direct, contributory or induced, and whether joint or several, and that such award for damages be increased due to the willful and wanton nature thereof;

F.      That defendant PGI and the Biacci defendants, jointly and severally, be required to pay Basu all damages as Basu sustained in consequence of PGI's infringements of Basu's

copyrights, and to account for all gains, profits and advantages derived by PGI from said infringements, whether direct, contributory or induced, and whether joint or several, and that such award for damages be increased if the PGI infringements are found to be willful;

G.      That defendant SA and the Biacci defendants, jointly and severally, be required to pay Basu all damages as Basu sustained in consequence of SA's infringements of Basu's copyrights, and to account for all gains, profits and advantages derived by SA from said infringements, whether direct, contributory or induced, and whether joint or several, and that such award for damages be increased if the SA infringements are found to be willful;

H.      That defendant MV and the Biacci defendants, jointly and severally, be required to pay Basu all damages as Basu sustained in consequence of MV's infringements of Basu's copyrights, and to account for all gains, profits and advantages derived by MV from said infringements, whether direct, contributory or induced, and whether joint or several, and that such award for damages be increased if the MV infringements are found to be willful;

I.      That defendants Biacci, Kumra and Sisbro, jointly and severally, pay to Basu its costs of this action, including Basu's reasonable attorneys' fees, as the Court may allow Basu; and

26

J.    That Basu be granted such other and further relief as the Court may deem just.

**GILMAN PERGAMENT LLP**
Attorneys for Plaintiff
1480 Route 9 North, Suite 204
Woodbridge, New Jersey 07095
Telephone (732) 636-4500

Dated: __7/18__, 2012        By: _____

Michael R. Gilman (MG 7608)
mgilman@gilmanpergament.com

27

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-652-678

**Effective date of registration:**

February 10, 2009

---

## Title

**Title of Work:** Peacock Feather #1

## Completion/ Publication

**Year of Completion:** 2007

**Date of 1st Publication:** January 1, 2008          **Nation of 1st Publication:** United States

## Author

■          **Author:** The Basu Group Inc.

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

■          **Author:** Societe Maison De Cuir

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** India

■          **Author:** Soumitra Roy

**Author Created:** 2-D artwork

**Work made for hire:** No

**Domiciled in:** India

## Copyright claimant

**Copyright Claimant:** The Basu Group Inc.

2227 US Highway One, #162, North Brunswick, NJ, 08902, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

Page 1 of 2

| | |
|---|---|
| **Organization Name:** | The Basu Group Inc. |
| **Name:** | To whom it may concern |
| **Address:** | 2227 US Highway One |
| | #162 |
| | North Brunswick, NJ 08902  United States |

## Certification

| | |
|---|---|
| **Name:** | Michael R. Gilman |
| **Date:** | February 6, 2009 |

| | |
|---|---|
| **Correspondence:** | Yes |

