# EXHIBIT R

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BASU GROUP INC.,

    -Plainitff,

v.

BIACCI INC., SHARAT KUMRA, SISBRO
CREATIONS, POTPOURRI GROUP, INC.
D/B/A CATALOG FAVORITES and D/B/A
SERENGETI CATALOG,
SEVENTH AVE, INC., MIDNIGHT VELVET, INC.
and SIGNALS CATALOGUE CORPORATION
D/B/A CATALOG CLASSICS,

    -Defendants.

BIACCI INC.,

    - Counter-Plaintiff,

v.

THE BASU GROUP INC., BHASKAR BASU,

    - Counter-Defendants.

Civil Action No.:
1:12 cv-05565 (RJS)

HON. JUDGE
RICHARD SULLIVAN

---

## BIACCI INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 1 to 7

### GENERAL OBJECTIONS TO INTERROGATORY AND DOCUMENT REQUESTS

1.    Biacci objects to producing requested documents and/or things at the Woodbridge, New Jersey offices of Basu's counsel. Any documents and/or things produced in response to the requests will be made available for inspection and

TBG - 2856

copying at the offices of Biacci's counsel, JAMES A. QUINTON, ESQ., PLLC, 425 Park Avenue, 5th Floor, New York, NY 10022, or at such other place as may be agreed upon.

2. Biacci objects to the requests to the extent that they seek documents and/or things subject to a claim of attorney-client privilege, attorney work product or any other immunity from discovery. Any such documents and/or things will not be produced.

3. Biacci objects to the requests to the extent that they seek documents and/or things that contain confidential information of Biacci, and shall produce such documents and/or things only in accordance with, and subject to the constraints of the Protective Order.

4. Biacci objects to the requests to the extent that they impose obligations beyond the scope of discovery permissible under the Federal Rules of Civil Procedure, the Court's local rules or other applicable authority.

5. Biacci objects to the requests to the extent that they seek an identification of attorney-client privileged and/or attorney work product documents and/or things and/or information concerning same, which documents, things and/or information concern the conduct of this action and were created after the filing of the Complaint herein.

6. Biacci objects to the requests to the extent that they require Biacci to provide documents and/or things beyond those reasonably available to Biacci.

7. Biacci objects to the requests to the extent that they seek documents and/or things not within Biacci's possession, custody or control.

8. Biacci reserves all objections to the relevance and/or materiality of the requests but nevertheless generally objects to the requests to the extent that they seek documents, things and/or information that are not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

9. Biacci objects to the requests to the extent that they seek production of entire documents that contain both relevant and irrelevant information and/or both information that is immune from discovery and information that is not so immune.

10. Biacci objects to the requests to the extent that they contain a phrase such as "[a]ll documents and things relating to" or the like as being overly broad and unduly burdensome to the extent that they include, for example, documents which, although containing passing reference to identified subject matter, would not ordinarily be expected to contain such information and therefore could be found only through an unreasonably burdensome search.

11. Biacci objects to the requests to the extent that they are duplicative, overlapping or otherwise redundant as to subject matter.

12. Biacci's responses are based upon its present knowledge, information and belief and are subject to correction, modification and/or supplementation based upon later-acquired facts or other information.

13. Biacci's responses are not admissions that the requested documents and/or things are relevant, material or admissible and are not waivers of any rights or objections available to Biacci.

14. Biacci responses indicating that documents and/or things will be produced in accordance with a specific request are not representations or

admissions that such documents and/or things are within the possession, custody or control of Biacci or that such documents and/or things exist. Instead, such responses indicate only that should any such documents and/or things be found within the possession, custody or control of Biacci after a reasonable search, they will be produced, subject to any applicable objections.

15. Similarly, any objection based upon a claim of attorney-client privilege, attorney work product or any other immunity from discovery is not a representation or admission that there are such requested documents and/or things are within the possession, custody or control of Biacci or that such documents and/or things exist. Such an objection indicates only that the scope of the request may extend to documents and/or things not subject to discovery for one or moiré of these reasons and that, should such documents and/or things be found within the possession, custody or control of Biacci after a reasonable search, they will not be produced.

16. Biacci objects to the production of documents and/or things that would violate any duty or obligation that Biacci has to a nonparty to this action. Thus, for example, Biacci objects to the production of any documents and/or things that would violate a Protective Order or any other undertaking or obligation of confidentiality that exists between Biacci and any nonparty.

17. Biacci objects to Basu's definition of "Biacci," "Defendant," "you" and "your" to the extent that it conflicts with Local Rule 26.3(c)(4).

18. These objections apply to all of Biacci's responses. Specific objections are made in response to a specific request only because they are believed to be particularly applicable to the request. They are not to be construed as waivers of any other General Objection not secifically recited therein.

19.  Biacci objects to the definitions generally as not in conformity with the Federal Rules. In specific, the demand that Applicant's response be made in a certain way as objected to as not required by the Federal Rules. As to identification of privileged documents, Defendant will provide a privileged list with sufficient identification of the documents involved.

20.  Biacci objects to the use of the term "Defendant's infringing products" as unduly prejudicial. Defendants will interpret this term as products bearing a design alleged by Plaintiff to infringe one of the copyrights in suit.

21.  Biacci objects to the definitions in so far as they are in conflict with Local Rule 33.3 relating to interrogatories.

**INTERROGATORY NO. 1**

Identify each computer, whether desktop or laptop, PDA, Tablet Computer, server or other selection for sale by Defendant, manufacture, purchase, importation into the U.S., display, promotion, advertising, offer for sale and/or sale of Defendants' Infringing Products; and identify the location and custodian of each such computer, PDA, Tablet, server or database.

**RESPONSE**

This interrogatory is objected to as it is in violation of Local Rule 33.3 limitation on discovery by interrogatories, commencement of discovery.

**INTERROGATORY NO. 2**

Identify each location where non-ESI, paper documents are now, or have been, kept or stored, relating to any of the creation selection for sale by Defendant, manufacture, purchase, importation into the U.S., display, promotion, advertising, offer for sale and/or sale of Defendants' Infringing Products.

**RESPONSE**

Biacci Inc., 40 Hewlett Lane, Port Washington, New York 11050.

**INTERROGATORY NO. 3**

Identify all customers of Defendants' Infringing Products, or any other item, whether a bag or not, bearing any of the designs found on Defendants' Infringing Products.

**RESPONSE**

Sufficient documents will be produced so that the information can be ascertained.

**INTERROGATORY NO. 4**

Identify the officers, directors, employees, agents, representatives, buyers and/or other person(s) associated with or in privity with Defendant, who was/were in charge, on behalf of Defendant, of the creation, selection for sale by Defendant, manufacture, purchase, importation into the U.S., display, promotion, advertising, offer for sale and/or sale of Defendants' Infringing Products.

**RESPONSE**

Sharat Kumra, 40 Hewlett Lane, Port Washington, New York 11050.

**INTERROGATORY NO. 5**

For the period from January 1, 2005, inclusive, through July 18, 2012, inclusive, identify each of Defendant's representatives and/or agents sent by, or on behalf of, Defendant to any trade show for, in whole or in part, the display, sale, or potential sale, of any type of bag, including, but not limited to, handbags.

**RESPONSE**

Sharat Kumra, 40 Hewlett Lane, Port Washington, New York 11050.

**INTERROGATORY NO. 6**

For the period from January 1, 2005, inclusive, through July 18, 201.2, inclusive, identify each of Defendant's representatives and/or agents sent by, or on

behalf of, Defendant to any trade show for, in whole or in part, the purchase, or potential purchase, of any type of bag, including, but not limited to, handbags.

**RESPONSE**

Sharat Kumra, 40 Hewlett Lane, Port Washington, New York 11050.

**INTERROGATORY NO. 7**

Identify Defendant's supplier(s) of Defendants' Infringing Products.

**RESPONSE**

Shankar Produce, Inc., Calcutta, India.

JAMES A. QUINTON ESQ., PLLC  
425 Park Avenue, 5th Floor  
New York, New York 10022  
212.223.1005  
Attorney for BIACCI & KUMRA

Dated: 12/12/12       By: _James Quinton_  
                       James A. Quinton (JQ 3751)

Dated: _____  By: _____  
                       Sharat Kumra, President  
                       Biacci, Inc.  
                       40 Hewlett Lane  
                       Port Washington, New York 11050