# EXHIBIT S

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BASU GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> SEVENTH AVENUE, INC., <br><br> Defendant. | Civil Action No. 16-cv-00461-PGG |

### DEFENDANT'S SEVENTH AVENUES RSEPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

### OBJECTIONS TO INSTRUCTIONS AND DEFFINITIONS

Seventh Avenue objects to the instructions and definitions for the Interrogatories and Requests to the extent they impose any obligation beyond the Federal Rules, Local Rules, and Pretrial Scheduling Order

The instructions seek to require Defendant to produce at the offices of Plaintiff's attorneys, Myers Wolin, LLC. Morristown, NJ 07960 within 30 days. Defendant objects as the requirement poses an improper obligation. Any documents and/or things produced in response to the Requests will be made available for inspection and copying at the offices of Seventh Avenue's counsel, David C. Brezina, Ladas & Parry LLP. 224 S Michigan Ave. Chicago, IL 60604, or at such other place as may be agreed upon and within a reasonable time agreed upon.

The instructions seek supplementation of interrogatories within 10 days and supplementation of production within 7 days. Defendant objects as the requirement poses an improper obligation. Defendant will supplement its responses and production as required by the

scheduling order.

Defendant reserves all objections to the relevance and/or materiality of the interrogatories and requests but nevertheless generally objects to the requests to the extent that they seek information, documents, things and/or information that are not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

Seventh Avenue objects to the interrogatories and requests to the extent that they seek information, documents and/or things subject to a claim of attorney-client privilege, attorney work product, joint defense or any other immunity from discovery. Any such documents and/or things will not be produced.

Seventh Avenue objects to the interrogatories and requests to the extent that they seek information, documents and/or things that contain confidential information. Seventh Avenue shall produce such documents and/or things only in accordance with, and subject to the constraints of the Protective Order.

Seventh Avenue objects to the interrogatories and requests to the extent that they seek an identification of attorney-client privileged and/or attorney work product documents and/or things and/or information concerning same, which documents, things and/or information concern the conduct of this action and were created after the filing of the Complaint herein.

Seventh Avenue objects to the interrogatories and requests to the extent that they require Seventh Avenue to provide information, documents and/or things beyond those reasonably available to Seventh Avenue.

Seventh Avenue objects to the interrogatories and requests to the extent that they seek information, documents and/or things not within Seventh Avenue's possession,

custody or control.

Seventh Avenue objects to the interrogatories and requests to the extent that they seek description or production of entire documents that contain both relevant and irrelevant information and/or both information that is immune from discovery and information that is not so immune.

Seventh Avenue objects to the interrogatories and requests to the extent that they are duplicative, overlapping or otherwise redundant as to subject matter.

Seventh Avenue's responses are based upon its present knowledge, information and belief and are subject to correction, modification and/or supplementation based upon later-acquired facts or other information.

Seventh Avenue's responses are not admissions that the requested information, documents and/or things are relevant, material or admissible and are not waivers of any rights or objections available to Seventh Avenue.

Seventh Avenue's responses indicating that documents and/or things will be produced in accordance with a specific request are not representations or admissions that such documents and/or things are within the possession, custody or control of Seventh Avenue or that such documents and/or things exist. Instead, such responses indicate only that should any such documents and/or things be found within the possession, custody or control of Seventh Avenue after a reasonable search, they will be produced, subject to any applicable objections.

Any objection based upon a claim of attorney-client privilege, attorney work product, joint defense privilege or any other immunity from discovery is not a representation or admission that there are such requested documents and/ or things are within the possession, custody or control of Seventh Avenue or that such documents

-3-

and/or things exist. Such an objection indicates only that the scope of the request may extend to documents and/or things not subject to discovery for one or more of these reasons and that, should such documents and/or things be found within the possession, custody or control of Seventh Avenue after a reasonable search, they will not be produced. Advising whether specific documents are being withheld based on privilege violates the privilege. This will advise documents responsive to the request are being withheld based on privilege. The documents will be identified with a privilege log in accordance with the scheduling order.

Seventh Avenue objects to conveying information and the production of documents and/or things that would violate any duty or obligation that Seventh Avenue has to a nonparty to this action. Thus, for example, Seventh Avenue objects to the production of any documents and/or things that would violate a Protective Order or any other undertaking or obligation of confidentiality that exists between Seventh Avenue and any nonparty, and Seventh Avenue objects to and will not produce information which identifies particular consumers.

These objections apply to all of Seventh Avenue's responses. Specific objections are made in response to a specific request only because they are believed to be particularly applicable to the request. They are not to be construed as waivers of any other objection not specifically recited therein.

Seventh Avenue objects to the demand that Applicant's response be made in a certain way as not required by the Federal Rules. As to identification of privileged documents, Seventh Avenue will provide a privileged list with sufficient identification of the documents involved.

Seventh Avenue objects to Definition F using the term "Defendant's infringing products" as unduly prejudicial and presuming a legal conclusion. This is conclusory and

argumentative to the extent it identifies purported "infringing products" when in fact, there are significant differences between the accused products and the purported copyrighted works. the similarities being explainable in their inclusion to mimic natural peacock feathers in coloration and appearance. Seventh Avenue further objects to Definition F using the term "Defendant's infringing products" as ambiguous and confusing in light of the position urged by Plaintiff that it is not "products" that infringe but rather "Plaintiff has not accused the entire image of the design shown on the bag of Exhibit B of infringement, but only those images that look like the asserted Peacock Feather Design"

Seventh Avenue objects to the definitions in so far as they are in conflict with Local Rules.

Seventh Avenue objects to Definition C for Document as it exceeds Local Rule.

Seventh Avenue objects to Definition I of "relating to" the extent the definition purports to impose an obligation that exceeds that under the federal rules. It is also unduly burdensome and indefinite.

### INTERROGATORY NO. 1

Identify each computer, whether desktop or laptop, PDA, tablet computer, server or other database which maintains or otherwise stores any of Defendant's ESI relating to any of the creation, selection for sale by Defendant, manufacture, purchase, importation into the U.S., display, promotion, advertising, offer for sale and/or sale of Defendant's Infringing Products, and identify the location and custodian of each such identified device.

### ANSWER:

Seventh Avenue objects to Interrogatory No. 1 as overly broad and unduly burdensome to the extent it includes terminology that does not accurately reflect devices used by Seventh Avenue in its business, such as PDA or Tablet Computer, for those employees who use phones.

Seventh Avenue further objects to the extent some information may be maintained on third party computers, for example, descriptions and images of Seventh Avenue's products may exist in computers of third party service providers that operate websites and server farms, service providers operating component portions of websites and individual consumers having personal computers that may have information in memory, and accordingly, it will be almost if not actually impossible to identify every device that might have website information. Seventh Avenue further objects to the Interrogatory as inconsistent to the extent it initially requests information regarding hardware such as "computer, whether desktop or laptop, PDA, Tablet Computer, server" and then purports to include a form of data processing architecture "or other database" which appears to be broader or narrower or redundant with the hardware mentioned.

Seventh Avenue additionally objects to the extent computer devices such as servers that control or conduct millions of transactions require daily maintenance, repair, replacement, substitution, or other changes for routine good faith operation of an information technology system and therefore each "computer" or "server" cannot be identified at any point in time relevant to the products at issue - any particular server may deal with thousands of unrelated and irrelevant products and only rarely with the products at issue.

Seventh Avenue objects to the interrogatory as overly broad and unduly burdensome in that it unnecessarily requires inventorying devices that may have no responsive information or may have redundant and duplicative information, in that, for example, emails on employee phones may include personal and irrelevant email, burdensome and costly to sort and segregate, and laptop and desktop computers may have preliminary and incomplete files for things such as catalogs and web pages where image size imposes limitations, while the best evidence of what appears in the catalogs is the catalogs.

Without waiver of the foregoing, Seventh Avenue states that it does not sell any

infringing products, therefore, no such devices exist. Seventh Avenue did not create or manufacture the accused products therefore no such devices exist. Without waiver of the foregoing, Seventh Avenue' policy is that communications, merchandising and catalog development is done on company supplied laptop or desktop computers and phones.

### INTERROGATORY NO. 2

Identify each location where non-ESI, paper documents, are now, or have been, kept or stored, relating to any of the creation, selection for sale by Defendant, manufacture, purchase, importation into the U.S., display, promotion, advertising, offer for sale and/or sale of Defendant's Infringing Products.

### ANSWER:

Seventh Avenue objects to the interrogatory as overly broad and unduly burdensome in that it unnecessarily requires reconstructing operation of printing devices that may have no responsive information or may have redundant and duplicative information, in that, for example, employee computers may or may not have data reflecting commands to "Print" documents including printing personal and irrelevant documents, which will be burdensome and costly to sort and segregate, and laptop and desktop computers may have preliminary and incomplete files for things that were printed.

Seventh Avenue has not sold any infringing products therefore no such documents exist... Seventh Avenue did not create or manufacture the accused products therefore no such documents exist. Seventh Avenue does not routinely maintain paper records of business transactions. Copies of catalogs are being retained.

### INTERROGATORY NO. 3

Identify each computer, whether desktop or laptop, PDA, tablet computer, server or other database which maintains or otherwise stores any of Defendant's ESI relating to the creation of the Accused Design, and identify the location and custodian of each such identified device.

ANSWER:

Seventh Avenue objects to Interrogatory No. 3 as overly broad and unduly burdensome to the extent it includes terminology that does not accurately reflect devices used by Seventh Avenue in its business, such as PDA or Tablet Computer, for those employees who use phones.

Seventh Avenue further objects to the extent some information may be maintained on third party computers, for example, descriptions and images of Seventh Avenue's products may exist in computers of third party service providers that operate websites and server farms, service providers operating component portions of websites and individual consumers having personal computers that may have information in memory, and accordingly, it will be almost if not actually impossible to identify every device that might have website information. Seventh Avenue further objects to the Interrogatory as inconsistent to the extent it initially requests information regarding hardware such as "computer, whether desktop or laptop, PDA, Tablet Computer, server" and then purports to include a form of data processing architecture "or other database" which appears to be broader or narrower or redundant with the hardware mentioned.

Seventh Avenue additionally objects to the extent computer devices such as servers that control or conduct millions of transactions require daily maintenance, repair, replacement, substitution, or other changes for routine good faith operation of an information technology system and therefore each "computer" or "server" cannot be identified at any point in time relevant to the products at issue - any particular server may deal with thousands of unrelated and irrelevant products and only rarely with the products at issue.

Seventh Avenue objects to the interrogatory as overly broad and unduly burdensome in that it unnecessarily requires inventorying devices that may have no responsive information or may have redundant and duplicative information, in that, for example, emails on employee

-8-

phones may include personal and irrelevant email, burdensome and costly to sort and segregate, and laptop and desktop computers may have preliminary and incomplete files for things such as catalogs and web pages where image size imposes limitations, while the best evidence of what appears in the catalogs is the catalogs.

Without waiver of the foregoing, Seventh Avenue did not create the accused products, therefore no responsive documents or things are believed to exist.

### INTERROGATORY NO. 4

Identify each location where non-ESI, paper documents, are now, or have been, kept or stored, relating to the creation of the Accused Design.

### ANSWER

Seventh Avenue objects to the interrogatory as overly broad and unduly burdensome in that it unnecessarily requires reconstructing operation of printing devices that may have no responsive information or may have redundant and duplicative information, in that, for example, employee computers may or may not have data reflecting commands to "Print" documents including printing personal and irrelevant documents, which will be burdensome and costly to sort and segregate, and laptop and desktop computers may have preliminary and incomplete files for things that were printed.

Without waiver of the foregoing, Seventh Avenue did not create the accused products, therefore no responsive documents or things are believed to exist.

### INTERROGATORY NO. 5

Identify all customers of Defendant's Infringing Products, or any other item, whether a bag or not, bearing the Accused Design.

### ANSWER:

Seventh Avenue objects to Interrogatory No. 5 as calling for confidential personal information of consumers, the disclosure of which is a violation of consumer privacy rights

and will not be produced. Seventh Avenue is retailers, thus there are no products sold to "customers" other than those sold to consumers. It is also objected to as indefinite as it is unclear how an infringing product which Defendant does not sell could bear on the accused design. It is also unclear how the Accused design which is defined as the feather appearing on the handbag could encompass a feather on a non-handbag

Without waiver of the foregoing, Seventh Avenue states it has not sold any infringing products and thus no products bear on the accused design.

Seventh Avenue will not provide information that identifies consumers.

### INTERROGATORY NO. 6

Identify the officers, directors, employees, agents, representatives, buyers and/or other person(s) associated with or in privity with Defendant, who was, or were, in charge of the creation, selection for sale by Defendant, manufacture, purchase, importation into the U.S., display, promotion, advertising, offer for sale and/or sale of Defendant's Infringing Products.

**ANSWER:**

Seventh Avenue states it does not sell any infringing products. Seventh Avenue did not design the accused products. To the extent the one accused product is at issue, Seventh Avenue incorporates by reference its Rule 26 statement pursuant to Rule 33(d). Additionally, to the extent documents were created by employees, the employees' names would be reflected thereon, pursuant to Rule 33 (d). Additionally, creative work in preparation of catalog and website content and administrative tasks were done by merchandising employees.

### INTERROGATORY NO. 7

Identify the officers, directors, employees, agents, representatives, buyers and/or other person(s) associated with or in privity with Defendant, who was, or were, involved in any capacity with the creation of the Accused Design.

-10-

**ANSWER**

Seventh Avenue states it does not sell any infringing products. To the extent the one accused product is at issue, Seventh Avenue incorporates by reference its Rule 26 statement pursuant to Rule 33(d). Additionally, to the extent documents were created by employees, the employees' names would be reflected thereon, pursuant to Rule 33 (d). Additionally, creative work in preparation of catalog and website content and administrative tasks were done by merchandising employees.

**INTERROGATORY NO. 8**

Identify Defendant's supplier(s) of Defendant's Infringing Products.

**ANSWER:**

Seventh Avenue did not sell infringing products. Seventh Avenue acquired non-infringing products from a vendor To the extent the vendor of the accused products can be identified by documents, Purchase Orders or other commercial documents will be produced pursuant to Rule 33 (d).

**INTERROGATORY NO. 9**

Identify the artist(s) of the Accused Design.

**ANSWER:**

Seventh Avenue acquired non- infringing products from a vendor and does not have information regarding artist(s).

**INTERROGATORY NO. 10**

Identify the importer(s) of Defendant's Infringing Products.

**ANSWER:**

Seventh Avenue did not sell infringing products. Seventh Avenue acquired non-infringing products from a vendor. Seventh Avenue is the importer.

## DOCUMENT REQUESTS

### REQUEST NO. 1

Produce the documents, in Defendant's possession, custody or control, which were referred to, referenced by, and/or used by Defendant in answering any of Interrogatories 1 - 10.

### ANSWER:

Seventh Avenue objects to the Request as overly broad and unduly burdensome in that use and reference could include documents checked, but which did not yield positive responses, such as catalogs that were referred to but did not have any accused handbags, records that were referred to, but were found to not have responsive information, or records, such as databases, having millions of nonresponsive data when only a few pieces of information are responsive.

Seventh Avenue objects to the Request as calling for attorney client privileged or attorney work product documents, such as attorneys' notes and attorneys' advice to the clients.

Seventh Avenue objects to the request as calling for confidential business information the disclosure of which may cause competitive harm.

Without waiver of the foregoing objections, Seventh Avenue will produce representative catalogs and documents indicating web pages where the accused fantasy peacock bags were offered for sale.

### REQUEST NO. 2

Produce copies of any agreements, including, but not limited to, distributorship agreements, manufacturing agreements, production agreements, shipping agreements,

Attorney for SEVENTH AVENUE

By:  /David C. Brezina/
David C. Brezina (pro hac vice)

Ralph H. Cathcart, Esq.
Ladas & Parry, LLP
1040 Avenue of the Americas New York, NY 10018
Tel 212.708.1800
Fax 212.246.8959

David C. Brezina, Esq. Ladas & Parry, LLP
224 South Michigan Avenue, #1600
Chicago, IL 60604
Tel 312.427.1300
Fax 312.427.6663

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel via first class mail postage prepaid in an envelope addressed as shown below this 12th day of September, 2016 to:

Michael Robert Gilman
Myers Waolin, LLC
100 Headquarters Plaza
North Tower 6th Floor
Morristown, NJ 07960

Dated: _September 12, 2016                David C. Brezina/
                                          David C. Brezina
                                          DB4599 (*pro hac vice*)