**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                         :
THE BASU GROUP INC.,                                     :
                                                         :
                                                         :
                  Plaintiff,                             :        Civil Action No. 16-cv-00461-PGG
                                                         :         ECF CASE
         v.                                              :
                                                         :
SEVENTH AVENUE, INC.,                                    :
                                                         :
                  Defendant.                             :
-------------------------------------------------------------X

## PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 56.1 STATMENT

        Plaintiff The Basu Group Inc. ("Plaintiff"), by and through its counsel hereby submits its

Response to Defendant Seventh Avenue, Inc.'s Statement of Facts Pursuant to Local Rule 56.1.

All admissions here are for purposes of this summary judgment motion, only, and are not meant

to bind Plaintiff from attacking the Fact during trial.

        1.      Admitted.

        2.      Admitted.

        3.      Admitted.

        4.      Admitted.

        5.      Admitted.

        6.      Admitted.

        7.      Admitted.

        8.      Admitted that Mr. Basu attended trade shows.  Contested that this occurred in

2007 and that Mr. Basu did so "to see what designs were becoming popular and concluded that 'feathers' were becoming popular." The contested portion is totally made up and nowhere in the cited deposition testimony.

9.      Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion. Admitted as to all other assertions.

10.     Admitted.

11.     Contested that the photographs were "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion. Admitted as to all other assertions.

12.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion. Contested as to use of the term "define". This term is not found in any of the cited testimony portions.   Further contested to the extent the Fact may be read to imply that only these images were used. Admitted as to all other assertions.

13.     The term "preexisting" and the phrase "[f]ixed in a tangible medium of expression" are terms or art in copyright law, calling for a legal conclusions, and so are contested. Admitted as to all other assertions.

14.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion. The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

15.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.  The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.  Further, the Fact speaks to "each feather strand", but then tapering off at the "tip of the feather", not the "tip of the feather strand", so it is also contested as being confusing and not capable of being answered.

16.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.  None of the feathers in the images or real Peacock feathers have black outer borders.  To the extent any of the images or pictures show black, this is solely due to background effects.

17.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.  The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

18.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their

observations of the cited references.  None of the feathers in the images or real Peacock feathers have black outer borders.  To the extent any of the images or pictures show black, this is solely due to background effects.

19.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.  No reference is cited for use of the phrase "upside-down heart-shaped image" by Plaintiff.

20.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

21.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

22.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their

observations of the cited references.

23.     Admitted Basu had no permissions from any authors of the images.  Contested to
the extent that any such authorizations are needed.  Contested that there are any "common
elements", especially as "common elements" is undefined or given a reference point.

24.     Contested as the Fact clearly indicates it is speculation on the part of Defendant or
Defendant's counsel.

25.     Contested that the images are "preexisting". This is a term of art in copyright law
and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a
factual conclusion.   The entire statement is also contested as being merely Defendant's or
Defendant's counsel's opinion, having no basis in fact and stemming solely from their
observations of the cited references.

26.     Admitted.

27.     Contested.  Peacock Feather #1 is not a derivative work.  (*2 Patry on Copyright*, §
3:38.50; Copyright Office Compendium Sections 621.2, 621.9(A)(1) – Ex. B to Gilman Dec.;
Basu Dep. at 41:22-42:6, 45:5-46:9 and 48:8-21 – Ex. C to Gilman Dec.)

28.     Admitted.

29.     Contested.  (Basu Dep. at 58:24-59:17 and 60:17-61:10 – Ex. C to Gilman Dec.)

30.     Contested.  See above response to 29 and nothing in the quoted Dep. language
indicates any type of "adaptation" of Peacock Feather #1 when placing the same on a product.

31.     Contested.  See above responses 29 and 30, and nothing in the quoted Dep.
language indicates any changes to the Peacock Feather #1 art during manufacturing.  It merely
describes how hand drawn art gets hand painted onto multiple, different items.

32.     Contested.   The quoted Dep. language does not say that the most important

element of the finished product are the lines.  It says that the most important part, in drawing the art, are the lines.  This is different.  That said, it is admitted that Plaintiff's position is that the colors of the Peacock Feather #1 are less significant in the current action and in the determination of infringement, as for example, Defendant's art is substantially similar (and/or strikingly similar) despite it having some different coloring.

33.     Contested.  Peacock Feather #1 was published.  See above responses to 29-31.

34.     Contested.  The quoted Dep. language speaks for itself.

35.     Admitted.

36.     Admitted.

37.     Admitted that in completing copyright applications using the Copyright Office on-line filing system, that the system prompts the applicant to answer various questions and provide various information.  Admitted that Plaintiff was prompted, that if its work was a derivative work or a compilation, it should identify matter to be excluded from the claim and matter to be included in the claim.  Otherwise, contested.  Also contested as while Facts 35 and 36 identify the "application(s)" they are specifically referring to, this Fact 37 has no direction, and is, as such, vague and impossible to address.

38.     Contested, as expressed above in response to Fact 37, since no particular "application" is identified.  Nevertheless, otherwise admitted as to the application for Peacock Feather #1.

39.     Admitted.

40.     Contested.  The quoted Dep. testimony clearly indicates there was no fraudulent intent.

41.     Contested.  The application was not filed on February 6, 2008.

42.     Admitted.

43.     Admitted.

44.     Contested.  (Basu Dep. 139:25-140:17, attached to Ex. B of Gilman Dec.)

45.     Admitted.

46.     Contested as to the portion "relies on suppliers and intermediary 'agents' to suggest designs for products to be offered…", as this is not the only way goods are solicited from suppliers by Defendant.  (Ludwig Dep. 9:17-10:9).  Otherwise, admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Contested as to the name of the agent.  Otherwise, admitted.  (Ludwig Dep. 30:5-31:5)

51.     Admitted.

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     Admitted.

57.     Admitted.

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     Admitted.

63.     Admitted as to the statement, but not the truth, accuracy or admissibility thereof.

64.     Admitted.

65.     Admitted.

66.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

67.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

68.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

69.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

70.     Admitted as to the statement, but not the truth, accuracy or admissibility thereof.

71.     Contested, as to "team of artists including Sujit Das that created the red peacock design".  (Chokhany Dec. ¶¶ 9 and 10; Def's Fact 79)

72.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

73.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

74.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

75.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

76.     Contested.   Appears incomplete and referenced support (Chohkany Dec ¶ 14) relates solely to background abstract peacock portion.

77.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

78.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

79.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.

80.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.  Contested it is ¶ 18 of Chokhany Dec.

81.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.  Contested it is ¶ 198 of Chokhany Dec.

82.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.  Contested it is ¶ 20 of Chokhany Dec.

83.     Admitted that this is the statement in the Declaration, but not to the truth, accuracy or admissibility thereof, which is contested.  Contested it is ¶ 21 of Chokhany Dec.

84.     Admitted that these surfaces bear a red color.  Otherwise, contested.

85.     Admitted that the face surfaces of Defendant's accused bag has all or portions of other irrelevant shapes, in various colors, but otherwise contested.

86.     Admitted that Defendant's accused bag has other irrelevant shapes, in various colors thereon, but otherwise contested.

87.     Admitted that Defendant's accused bag has other irrelevant shapes, in various colors thereon, but otherwise contested.

88.     Admitted as to Defendant's accused bag.   Contested that the other images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   Contested as to the other images as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

89.     Admitted as to Defendant's accused bag.   Contested that the other images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   Contested as to the other images as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

90.     Admitted as to Defendant's accused bag.   Contested that the other images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   Contested as to the other images as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.   None of the feathers in the other images have black outer borders.   To the extent any of the images or pictures show black, this is solely due to background effects.

91.     Contested that the other images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   Contested to the extent that "colors … are the same" is vague and indefinite.  Otherwise, admitted.

92.     Admitted as to Defendant's accused bag.   Contested that the other images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as

such, calls for a legal conclusion as opposed to a factual conclusion.   Contested as to the other images as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.  None of the feathers in the other images have black outer borders.  To the extent any of the images or pictures show black, this is solely due to background effects.

93.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.  No reference is cited for use of the phrase "upside-down heart-shaped image" by Plaintiff.

94.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

95.     Contested that the images are "preexisting". This is a term of art in copyright law and as argued in the parties' brief, and as such, calls for a legal conclusion as opposed to a factual conclusion.   The entire statement is also contested as being merely Defendant's or Defendant's counsel's opinion, having no basis in fact and stemming solely from their observations of the cited references.

96.     Contested. Counterclaim Ex. B and Complaint Ex. B.

**Plaintiff's Additional Factual Allegations**

97.     The "images" of Def's Fact 12, were glanced at, along with real Peacock feathers, to try and capture an image in Mr. Basu's mind.  Basu Dep. 45:10-13 ("when I'm creating an artwork, what I do is I glance across all these images to try to capture, you know, that image that forms in my mind.")

98.     The "images" of Def's Fact 12, along with real Peacock feathers, were used less for technical accuracy and more for interpretation value.  Basu Dep. 45:19-21

99.     The "images" of Def's Fact 12, along with real Peacock feathers, were used to try to capture the look and feel of a Peacock feather.  Basu Dep. 45:21

100.     The "images" of Def's Fact 12, along with real Peacock feathers, were used to see what caught Mr. Basu's attention.  Basu Dep. 45:22

101.     Real Peacock feathers were the primary inspiration for Basu's copyrighted work. Basu Dep. 44:6-8

102.     Relating to Def's Fact 77, it is therefore contended that the original sample sent to the Australian customer had coloring substantially identical to that of Plaintiff's copyrighted work.

103.     Defendant offers for sale and sells through its website and catalogs consumer goods to consumers located throughout the United States, including, but not limited to, to consumers located and/or residing in the state of New York and the judicial district of this Action.  (Deposition Transcript of  Paula Ludwig ("Ludwig Depo.") p. 11, lns 13-24 (Ex. P to the 56.1 App.); and Ans. ¶¶ 8 and 10 (Ex. E to Plaintiff's Rule 56.1 Appendix))

104.     Plaintiff is the owner of a certain original work of art entitled "Peacock Feather #1", and has used said artwork for a design found on Plaintiff's goods ("Peacock Feather

Design"). (U.S. Copyright Registration Certificate VA 1-652-678 ("'678 Reg.") (Ex. F to

Plaintiff's Rule 56.1 Appendix))

105.    The Peacock Feather Design consists of material which is wholly original and is

copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. Sec. 101,

et. seq. ('678 Reg. (Ex. F to Plaintiff's Rule 56.1 Appendix))

106.    Plaintiff duly complied with the provisions of the Copyright Laws of the United

States and secured rights and privileges in and to the Peacock Feather Design from the U.S.

Copyright Office under U.S. Copyright Registration, No. VA 1-652-678, having an effective

date of February 10, 2009.  ('678 Reg. (Ex. F to Plaintiff's Rule 56.1 Appendix))

107.    Defendant promoted and sold on its website and through catalogs, a handbag

under the title "Hand-Painted Leather Peacock Bag", under Item No. #D7724955 ("Accused

Bag").  (Ans. ¶ 17 (Ex. E to Plaintiff's Rule 56.1 Appendix))

108.    Plaintiff earlier sued Defendant in another lawsuit in this same judicial district,

Docket No. 12-cv-05565 (SN) (now closed) ("Prior Action"), asserting copyright infringement

of the same '678 Reg. against Defendant.  (Ans. ¶ 19 (Ex. E to the 56.1 App.); and Complaint in

Prior Action ((Ex. H to Plaintiff's Rule 56.1 Appendix))

109.    Plaintiff sent an email letter to Defendant's counsel dated December 9, 2015,

notifying Defendant of Plaintiff's new infringement claim of the '678 Reg.  (Ans. ¶ 20 (Ex. E to

Plaintiff's Rule 56.1 Appendix))

110.    All allegedly infringing activities of Defendant relating to the Accused Bag were,

and are if continuing, without the permission, license or consent of Plaintiff.  (Ans. ¶ 22 (Ex. E to

Plaintiff's Rule 56.1 Appendix))

111.    Plaintiff commenced this Action by the filing of its Complaint on January 21,

2016.  (Copy of Complaint ((Ex. C to Plaintiff's Rule 56.1 Appendix))

112.   Defendant was served with the Complaint on March 7, 2016.  (Copy of Affidavit of Service ((Ex. D to Plaintiff's Rule 56.1 Appendix))

113.   Plaintiff first started selling bags, purses, wallets and belts bearing the Peacock Feather Design ("Items") protected by the '678 Reg. in 2008.  (Declaration of Bhaskar Basu ("Basu Dec.") ¶ 3 ((Ex. B to Plaintiff's Rule 56.1 Appendix))

114.   For the calendar years 2008 through 2016, inclusive, Plaintiff sold approximately one hundred seven thousand eight hundred fifty (107,850) units of Items for total gross sales of over seven million ($7,000,000.00) dollars.  (Basu Dec. ¶¶ 4-13 ((Ex. B to the 56.1 App.))

115.   Plaintiff's Items are painted and manufactured by Societe Maison de Cuir, a company of India having a place of business in Kolkata, India.  (Basu Depo. p. 15, lns 7-9, and p. 50, lns 4-5, ((Ex. K to Plaintiff's Rule 56.1 Appendix))

116.   Defendant's Accused Bags were painted and manufactured by Shankar Produce Company Private Limited, a company of India also having a place of business in Kolkata, India. (Ludwig Depo. p. 30, lns 2-4 and 18-20 ((Ex. Q to Plaintiff's Rule 56.1 Appendix))

117.   Defendant was the importer of the Accused Bags. (Defendant's Response to Interrogatories, pp. 11-12, answer to Int. 10 (Ex. S to Plaintiff's Rule 56.1 Appendix))

118.   Over the years, Defendant has sold other goods bearing Peacock art.   (Ex. J to Gilman Dec.)

119.   Images of Peacock art produced by Defendant in the Prior Action, in 2012.  (Ex. K to Gilman Dec.)

120.   Additional images of Peacock art produced by Defendant in this Action.  (Ex. L to Gilman Dec.)

121.    A true and accurate representation of a paper Visual Arts (VA) application form and its instructions are available at least from the U.S. Copyright Office website at https://www.copyright.gov/forms/formva.pdf.  (Ex. A to Gilman Dec.)


Respectfully submitted,

**KAPLAN BREYER SCHWARZ, LLP**


By: _____/s/ Michael R. Gilman_____
Michael R. Gilman (MG 7608)

100 Matawan Road, Suite 120
Matawan, New Jersey 07747
Telephone (732) 578-0103, ext. 233
mgilman@kbsolaw.com
*Attorneys for Plaintiff The Basu Group, Inc.*

Dated: April 21, 2017

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the document entitled "**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 56.1 STATMENT**" was served on the below identified counsel for Defendant, on this 21st day of April, 2017, via UPS courier, prepaid:

> David C. Brezina, Esq.
> Ladas & Parry LLP
> 224 South Michigan Avenue, Suite 1600
> Chicago, IL 60604
> (Attorneys for Defendant Seventh Avenue, Inc.)

Dated: April 21, 2017                    By: ____/s/ Michael R. Gilman_____
                                                   Michael R. Gilman (MG 7608)