# kbs

# Kaplan Breyer Schwarz, LLP
## Intellectual Property Attorneys

**Michael R. Gilman, Esq.**
Of Counsel
NY and CT Bars ONLY, Reg. Patent Attorney
Email: mgilman@kbsiplaw.com
Phone: 732-578-0103 x233

May 9, 2018

*Via ECF – Courtesy Copy Via Mail*
Honorable Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Rm 2204
New York, NY 10007

> **Re:** *The Basu Group, Inc. v. Seventh Avenue, Inc.*, 1:16-cv-00461 (PGG)
> **Parties' Second Joint Letter Regarding Trial Dates and Trial Appearance of Indian Artist and Vendor**

Dear Judge Gardephe:

Pursuant to Your Honor's instructions during the conference held on April 26, 2018 in the above-referenced civil litigation, and the parties' first joint letter dated May 3, 2018, this is the parties' second joint letter addressing their positions on a date for the trial of this action and appearance at trial of the Indian artist alleged to have created the peacock art accused of infringement in this action and the Indian vendor who sold the accused bag to defendant..

**Trial Dates:**

The parties maintain their earlier, separately proposed trial dates of their joint May 3, 2018 letter. Such proposed dates are respectfully repeated below.

Plaintiff's Proposed Trial Dates: Plaintiff proposes the following alternative dates for trial of this action (which dates are in line with those suggested by the Court during the conference).

    a. July 23, 2018 – July 25, 2018, inclusive; or
    b. July 31, 2018 – August 2, 2018, inclusive.

Defendant's Proposed Trial Dates: Defendant proposes the following trial dates.

    a. September 19 - 21, 2018, to provide for witness availability. Defendant would prefer to utilize electronic systems to provide for witness testimony for witnesses located in the Republic of India to be taken there and displayed

**NEW JERSEY OFFICE:**                                                                                          **New York Office:**
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747          600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (732) 578-0103 • Fax: (732) 578-0104                                        Phone: (732) 578-0103 • Fax: (732) 578-0104

Please send all correspondence to the NJ office
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 2

audiovsually in Court.   If such media are unavailable, there is considerable uncertainty, at this time, about when witnesses may be available,   in part because preliminary information indicates that certain potential witnesses from India will require significant time to obtain necessary travel visas.  Defendant has one potential witness (a US citizen in the US) unavailable July 30 through August 3, 2018.

**Indian Artist and Vendor:**

The parties have not been able to agree regarding the issue of the Indian artist of the accused design in this Action and the Indian vendor from whom defendant purchased the allegedly infringing goods.  The parties' separate arguments against appearance at trial, in any form or manner, of this artist and/or the vendor, follow as stated below.

**<u>Plaintiff's Arguments Against Appearance at Trial of the Indian Artist and Indian Vendor</u>:**

See Exhibit A attached hereto.

**<u>Defendant's Arguments For Appearance at Trial of the Indian Artist and Indian Vendor</u>:**

See Exhibit B attached hereto.

Defendant's counsel, David Brezina, has read and agreed to this letter.

Respectfully submitted,

Michael R. Gilman (MRG 7608)

c: Ralph H. Cathcart, Esq. and David Brezina, Esq. (via email, w/o attachments)

**NEW JERSEY OFFICE:**
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

**New York Office:**
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (646) 571-2300 • Fax: (732) 578-0104

Please send all correspondence to the NJ office
www.kbsiplaw.com

# EXHIBIT A
# [Plaintiff's Arguments]

# kbs **Kaplan Breyer Schwarz, LLP**
## Intellectual Property Attorneys

Michael R. Gilman, Esq.

Of Counsel

NY and CT Bars ONLY, Reg. Patent Attorney

Email: mgilman@kbsiplaw.com

Phone:  732-578-0103 x233

May 9, 2018

*Via ECF – Courtesy Copy Via Mail*
Honorable Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Rm 2204
New York, NY 10007

Re:     *The Basu Group, Inc. v. Seventh Avenue, Inc.*, 1:16-cv-00461 (PGG)

## EXHIBIT A

**To Parties' Second Joint Letter Regarding Trial Dates and Trial Appearances of Indian Witnesses**

**Plaintiff's Arguments Against Appearance at Trial, In Any Manner, of the Indian Witnesses:**

Defendant has known since before the Complaint in this Action that one of its defenses would consist of attempting to prove its affirmative defense of independent creation of the peacock art accused of infringement in this Action (hereinafter "the accused design").   Yet, defendant concealed the identity of the single witness upon which it plans to rely to prove such defense until long after discovery closed.  Moreover, in the time leading up to trial, defendant made none of the arrangements required for such witness (or the other proposed Indian witness) to obtain the necessary documentation to travel to the trial.  Now, at the 11th hour, just weeks before trial in a dispute that has been pending for nearly two and half years, defendant asks the Court to delay the trial so it can try to  bring witnesses from India it did not identify in discovery, who defendant does not even know at this late date are able to come into the United States, and who Plaintiff had no chance to depose.   The requests should be denied.

I.     **Facts**

A.     **Indian Artist**

Plaintiff first approached defendant about plaintiff's discovery of its potential claim of infringement that ultimately resulted in this Action, in an email sent to defendant's

NEW JERSEY OFFICE:
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

New York Office:
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (732) 578-0103 • Fax: (732) 578-0104

Please send all correspondence to the NJ office
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 2

counsel, David Brezina, on December 9, 2015 (copy attached as Exhibit I hereto). On January 12, 2016, defendant's in-house counsel and, as alleged, a registered patent attorney with an LLM in intellectual property law, Timothy Engling, responded in relevant part as follows: "… we checked with the vendor who presented to us the hand-painted design used on bags. The vendor has an artist on payroll for nine years. They are guaranteeing that all designs submitted by him are 100% designed by the artist without copying anyone's designs. From my understanding, the artist included using an original peacock feather from nature in developing the initial design. Seventh Avenue did not create the accused design." (Copy attached as Ex. II hereto).

Clearly, for counsel to have made this representation in a pre-litigation correspondence, to a plaintiff that already twice sued his company for copyright infringement, he had knowledge of the artist, and the artist's claim of independent creation of the accused design.

Plaintiff filed the Complaint in this Action on January 21, 2016 in response to Mr. Engling's email.

Defendant's Rule 26(a) disclosures do not identify the artist and, in fact, provide no information about the artist; not a name, nor the other 26(a) information. (Copy attached as Ex. III hereto)

Defendant's answer to plaintiff's Interrogatory #9, denies having information regarding the artist. (Copy attached as Ex. IV hereto, text of the same quoted immediately below)

"Interrogatory No. 9

Identify the artist(s) of the Accused Design.

Answer:

Seventh Avenue acquired non-infringing products from a vendor and does not have information regarding artist(s)."

Both defendant's Rule 26(a) disclosures and its answer to Interrogatory 9, were served long after Mr. Engling's January 12, 2016 email; which January 12, 2016 email acknowledged defendant's knowledge of the alleged artist and the potential independent creation defense.

Defendant never served supplemental Rule 26(a) disclosures, nor has defendant ever supplemented its answer to Interrogatory 9, as is required under Fed. R. Civ. P. 26(e).

Discovery closed in this Action on November 30, 2016. (Docket No. 41)

The parties' summary judgment briefing was completed May 5, 2017 (Docket No. 62)

The first time defendant identified the alleged artist of the accused design was in the Declaration of Anurag Chokhany, Director of defendant's supplier of the accused bag, Shankar

NEW JERSEY OFFICE:
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

New York Office:
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (646) 571-2300 • Fax: (732) 578-0104

Please send all correspondence to the NJ office
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 3

Produce Company of Kolkata, India.  (Copy attached as Ex. V hereto)  This Declaration was presented for the first time in this Action in support of defendant's summary judgement papers served on plaintiff on March 31, 2017 - 4 months after the close of discovery.

For its summary judgment papers, defendant never tried gaining a separate declaration of the artist.  Defendant gained the declaration of Mr. Chokhany, but failed to gain a declaration of the artist, instead deciding to submit hearsay evidence in Mr. Chokhany's Declaration of what the artist allegedly told Mr. Chokhany.  (At least paragraphs 12, 14, 15 and 18 of the Chokhany Declaration are admitted in the last paragraph of the Declaration (Ex. V), as well as in defendant's opening summary judgment brief, to be hearsay, Docket No. 74, p. 6).

Defendant should not now be allowed to have the alleged artist of the accused design testify, in any manner, at the trial.  Defendant has obstructed plaintiff's ability to know the name and information about the artist from day 1 of this matter.  Defendant's in-house counsel spoke to it supplier of the accused design about the artist in December, 2015/January, 2016 and asserts independent creation in his letter to plaintiff of January 12, 2016, yet months later defendant purposely failed to identify the artist in its Rule 26(a) disclosures, in its answer to Interrogatory 9, and has to date, never supplemented either of these disclosures as is mandatory under Rule 26(e).

### B.    Anurag Chokhany - Indian Vendor

The key facts surrounding the non-disclosure of Anurag Chokhany, the owner of defendant's Indian vendor of the infringing goods of this Action, are essentially the same as described above for the Indian artist who worked for the Indian vendor.  Namely, neither the vendor's name, Shankar Produce Company of Kolkata, India, nor the vendor's owner's name, Anurag Chokhany, were identified in defendant's Rule 26(a) disclosures and defendant never supplemented these disclosures under Rule 26(e) to identify Mr. Chokhany.

There are some small differences between defendant's failures in identifying the Indian artist and identifying the Indian vendor and Mr. Chokhany, but again, never have the Indian vendor nor Mr. Chokhany been identified in a Rule 26 disclosure.

Defendant's Rule 26(a) disclosure states, "[i]n addition to these individuals, other individuals may have discoverable information that Seventh Avenue may use to support its defenses or a counterclaim, including persons associated with Seventh Avenue's supplier(s) who created the accused bag."  Here, it is clear defendant made a purposeful decision not to specifically identify either its vendor's company's name, Shankar Produce, nor Mr. Chokhany.  As such, this "disclosure" is purposefully vague and misleading, and in fact, obstructionist in not identifying Mr. Chokhany and the vendor, when defendant clearly knew who they were.  This "disclosure" was never supplemented.

As with an interrogatory seeking the identity of the artist(s) of the accused design (Int. 9), plaintiff also issued Interrogatory #8 seeking the identity of defendant's supplier(s) of the infringing bag.  Instead of answering this interrogatory, defendant used the improper response of

**NEW JERSEY OFFICE:**
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

**New York Office:**
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (646) 571-2300 • Fax: (732) 578-0104

Please send all correspondence to the NJ office
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 4

reliance on Rule 33(d) and its future production of documents to identify the vendor. Interrogatory 8 and defendant's answer thereto are as follows (and are attached as Ex. IV hereto):

> "INTERROGATORY N0. 8
>
> Identify Defendant's supplier(s) of Defendant's Infringing Products.
>
> ANSWER:
>
> Seventh Avenue did not sell infringing products. Seventh Avenue acquired noninfringing products from a vendor To the extent the vendor of the accused products can be identified by documents. Purchase Orders or other commercial documents will be produced pursuant to Rule 33 (d)."

Again, defendant was purposely avoiding identifying its vendor. Defendant never supplemented its answer to Interrogatory 8.

Defendant did produce documents that, after deposition testimony of defendant's 30(b)(6) deponents, did reveal the names of Shankar Produce and Mr. Chokhany.

## II.    Legal Arguments

Fed. R. Civ. P. 26(a)(1)(A)(i) demands that "… a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…."

Fed. R. Civ. P. 26(e) further demands that, "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."

If a party fails in its disclosures under Rules 26(a) and 26(e), Fed. R. Civ. P. 37(c)(1) mandates, as follows:

> *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party **is not allowed** to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

**NEW JERSEY OFFICE:**
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

**New York Office:**
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (646) 571-2300 • Fax: (732) 578-0104

Please send all correspondence to the NJ office
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 5

The Advisory Committee Notes to the 1993 Amendments to Rule 37, as well as numerous courts across the country, refer to the above language of Rule 37(c)(1) as an "automatic" sanction. "Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This *automatic sanction* provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence..." *Fed.R.Civ.P. 37 Advisory Committee Notes to 1993 Amendments* (emphasis added); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) ("Rule 37(c)(1) provides that 'a party that without substantial justification fails to disclose information required by Rule 26(a) ... *shall* not, unless such failure is harmless, be permitted to use as evidence at a trial ... any ... information not so disclosed' (emphasis added). The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless."); and *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ("… it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction. This is a burden that plaintiff made no attempt to shoulder, and the district court did not abuse its discretion in imposing Rule 37(c)(1)'s 'self-executing' sanction.")

While this Circuit in *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) has slightly diverted from the above treatment of Rule 37(c)(1) as an "automatic sanction", the Second Circuit's holding that Rule 37(c)(1) provides discretion to the District Court Judge to "impose other, less drastic, sanctions" *Id*., only applies after "an appropriate motion is made and a hearing has been held." *Id.* Otherwise, and in the first instance, plaintiff contends that *Design Strategy* holds that Rule 37(c)(1)'s sanction language is automatic if the failure to disclose was not substantially justified or harmless, and that this automatic determination can only be changed at the discretion of the District Judge, if the sanctioned party brings an appropriate motion and a hearing is held..

In determining whether such failure to disclose was substantially justified or harmless, the Courts in this Circuit have applied the following factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Atkins v. County of Orange*, 372 F. Supp.2d 377, 396 (SDNY 2005) (citing *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1998)). "The burden to prove substantial justification or harmlessness rests with the dilatory party." *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (SDNY 2002).

None of the factors favor defendant for either proposed Indian witness. Even if the Court does not want to issue a holding that defendant's failure to disclosure the artist was purposeful obstruction, then the only other explanation is that defendant chose a particular strategy for moving the case forward and because that strategy failed during summary judgment, it now realizes it needs to change its strategy if it has any hope of winning the case. In particular, defendant was convinced in its theories of invalidity of plaintiff's copyright registration. Having failed with all of its argued invalidity grounds on summary judgment, defendant now realizes it

**NEW JERSEY OFFICE:**
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

**New York Office:**
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (646) 571-2300 • Fax: (732) 578-0104

**Please send all correspondence to the NJ office**
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 6

will need to actually defend against infringement. Defendant's failed legal strategies for this case should not allow factor (1) to weigh in defendant's favor.

Further, case law holds that even if a potential witnesses' name is disclosed in discovery, this does not remedy the party's failure to identify the individual in its initial Rule 26(a) disclosures, nor remedy the party's failure to supplement its disclosures under Rule 26(e). *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) (Fourth Circuit upheld District Court's preclusion of a late Declaration of a witness during summary judgment motion, despite the potential witness having been identified in both deposition testimony and discovery responses before discovery in the case had closed.); and *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014) (Ninth Circuit upheld District Court's preclusion of witnesses at trial, even though those witnesses had been mentioned at the depositions of other witnesses. The Ninth Circuit stated, "[t]he theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush. After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved. The late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket.")

As to factor (2), the importance of the artist's testimony could be critical on the issue of independent creation of the accused design, while Mr. Chokhany's testimony is essentially irrelevant. It is clear from Mr. Chokhany's Declaration that Mr. Chokhany has no firsthand knowledge of how the artist created the accused design, with the only testimony able to be given by Mr. Chokhany in this regard being hearsay evidence of the artist's explanations of creation, a fact of which Mr. Chokhany has no personal knowledge. Accordingly, factor (2) cannot favor defendant since such a decision would mean that an entire defense known to exist by defendant since before the Action was started, but not disclosed or pursued by defendant through the closed discovery stage of the Action, would now need to be reopened for discovery. This would cause an unprecedented delay in the Action and would drastically hinder this Court's ability to manage its docket, on the eve of trial.

Factors (3) and (4) weigh heavily in plaintiff's favor. This Action is a simple, straight forward copyright infringement claim, based on a single copyright registration and a single copyrighted design. Yet, despite the apparent simplicity of the Action, it has been pending for over 2 ¼ years. The parties had plenty of time for discovery; the case having been filed on January 21, 2016 and discovery having not closed until November 30, 2016. The parties have fought through defendant's unsuccessful motion to dismiss and their respective summary judgment motions. Now, on the eve of trial, with the Court having suggested at the recent conference a trial at the end of July, 2018, defendant has decided its earlier strategy on invalidity was a failure and has changed its strategy to now try to win its earlier dismissed thoughts of trying

NEW JERSEY OFFICE:                                                                                          New York Office:
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747              600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (732) 578-0103 • Fax: (732) 578-0104                                          Phone: (646) 571-2300 • Fax: (732) 578-0104

Please send all correspondence to the NJ office
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 7

to prove independent creation.  Plaintiff is ready and willing to have the trial of this Action as suggested in this and the May 3, 2018 joint letter, on either July 23-25, 2018 or July 31 – Aug. 2, 2018, both inclusive.  These dates align exactly with the dates suggested by this Court.  In the alternative, and based solely on defendant's failures to disclose and make ready its production of the Indian artist and Mr. Chokhany, defendant's suggested trial dates are 2 months later, at the end of September, 2018 (and again, defendant does not even truly know if or when either, or both, of these Indian citizens would be granted visas and allowed into the United States for a trial).  Defendant's two month delay in the trial is not even premised on plaintiff's need to take discovery of these Indian witnesses.  Defendant's delay is solely based upon the fact that it will likely take these witnesses months to get visas allowing them into the country – because defendant never bothered to start these steps, and has still not started this process (to plaintiff's knowledge).  Courts have routinely held that such delay in trial, as well as the need for new, extended discovery, are prejudicial to the non-sanctioned party.  *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 95-96 (SDNY 2002) (defendant did not meet its "burden of demonstrating substantial justification because it offers no viable explanation for why it waited until one month after the close of discovery …"); *Classicberry Limited v. Misicmaker.com, Inc.*, 48 Red. Appx. 360, 362 (2d Cir. 2002) (prejudice to plaintiff based upon greater litigation costs to plaintiff, delay in the resolution of the case and motion made after close of discovery); *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 159 (SDNY 2003) (plaintiff showed prejudice to it in defendant's attempt to bring two earlier unidentified witnesses to trial, based upon having to squeeze in two depositions in the two-month period before trial and because plaintiff would also need to pursue document production from the proposed witnesses before the depositions.  The *Emmpresa* Court also held, "… delay resulting from neglect is sufficient for preclusion." *Id.*); *Harriman v. Hancock County*, 627 F.3d 22, 31 (1st Cir. 2010) (prejudice to defendant held where plaintiff knew early in the case that two undisclosed witnesses could help his case but surprised the defendant with declarations during summary judgment from the undisclosed witnesses); *Primus v. United States*, 389 F.3d 231, 236 (1st Cir. 2004) (finding prejudice when information disclosed after summary judgment motion filed but before trial was imminent); *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("The record demonstrates that the district court's conclusion, that reopening discovery before trial would have burdened Plaintiffs and disrupted the court's and the parties' schedules, was well within its discretion. The last thing a party or its counsel wants in a hotly contested lawsuit is to make last-minute preparations and decisions on the run. The late disclosures here were not harmless."); and *Design Strategy*, 469 F.3d at 297 ("Finally, weighing heavily on both the prejudice and possibility of continuance factors was the fact that discovery had been closed for 'approximately one and a half years,' and … there was only a 'short time left before trial.'  On the facts before us, the District Court did not abuse its discretion in determining that sanctions, including severe sanctions, were warranted for Design's failure to abide by Rule 26(a)(1)(c).")

Finally, "[s]ince Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule." *Design Strategy*, 469 F.3d at 296.  *See also,  Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) (bad faith or callous disregard of the discovery rules is not required under Rule 37(c)(1) for the sanction of exclusion to apply).

**NEW JERSEY OFFICE:**
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

**New York Office:**
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (646) 571-2300 • Fax: (732) 578-0104

**Please send all correspondence to the NJ office**
www.kbsiplaw.com

Honorable Judge Paul G. Gardephe
May 9, 2018
Page 8

       Based upon the above facts and case law, defendant should not be allowed to have the Indian witnesses testify at trial, in any manner or form.

                        Respectfully submitted,

                        Michael R. Gilman (MRG 7608)

c: Ralph H. Cathcart, Esq. and David Brezina, Esq. (via email, w/o attachments)

**NEW JERSEY OFFICE:**
100 Matawan Road • Suite 120 • Matawan, New Jersey • 07747
Phone: (732) 578-0103 • Fax: (732) 578-0104

**New York Office:**
600 Third Avenue • 2nd Floor • New York, New York • 10016
Phone: (646) 571-2300 • Fax: (732) 578-0104

**Please send all correspondence to the NJ office**
www.kbsiplaw.com

# EXHIBIT I
# [In Support of Plaintiff's Arguments]

| | |
|---|---|
| **From:** | Mike Gilman |
| **To:** | dbrezina@ladas.net |
| **Cc:** | Iciar Narvaez |
| **Subject:** | Peacock Feather Violation by Seventh Avenue - The Basu Group, Inc. - PGC Ref. 847-025 |
| **Date:** | Wednesday, December 09, 2015 10:03:51 AM |
| **Attachments:** | US CPY Reg VA 1652678 - Peacock Feather #1.pdf |
| | Seventh Avenue - Hand Painted Leather Peacock Bag.jpg |
| **Importance:** | High |

David,

It's been a while.  I hope you are well and that you remember me.  If you do not remember me, I am counsel for The Basu Group, Inc. and you and I were involved in a copyright litigation in the Southern District of New York involving your clients, Midnight Velvet, Inc. and Seventh Avenue, Inc., and their supplier at that time, Biacci Inc.

I am writing to you today, to inform you of a new allegation of copyright infringement by The Basu Group against your Seventh Avenue client.  This new allegation involves one of the same copyrights our client asserted in the Biacci case, namely, US Copyright Reg. No. VA 1-652-678, entitled Peacock Feather #1.  A copy of this registration is attached.  The accused Seventh Avenue bag is seen on the attached image from your client's website, and is entitled "Hand-Painted Leather Peacock Bag," and appears to be item number "#D7724955".

We request the following:

- The name, address and contact information for Seventh Avenue's supplier(s) of the allegedly infringing bag;
- The total number of these allegedly infringing bags ordered by Seventh Avenue from these suppler(s), whether already delivered or pending delivery to Seventh Avenue;
- The number of these allegedly infringing bags sold by Seventh Avenue;
- The number of these allegedly infringing bags held in inventory by, or on behalf of, Seventh Avenue; and
- Copies of all purchase orders and invoices relating to these allegedly infringing bags.

I look forward to working with you to amicably resolve this matter.

Sincerely,

**Michael R. Gilman | Partner**
**PERGAMENT & CEPEDA LLP**

**Main Contact Info.**
163 Madison Ave., Suite 110
Morristown, NJ  07960
T: 973-998-7722
F: 973-998-7720
C: 201-522-9050

**Secondary Contact Info.**
315 Madison Ave., Ste 901
New York, NY 10017
(212) 807-4171 phone
(212) 957-1912 fax

Admitted NY & CT ONLY

mgilman@pgclawgroup.com
www.pgclawgroup.com

# EXHIBIT II
# [In Support of Plaintiff's Arguments]

| | |
|---|---|
| **From:** | Engling, Tim |
| **To:** | Mike Gilman |
| **Cc:** | Gallagher-Lindholm, Kris -- LEGAL; Surlas, Jeff; "Brezina, David" |
| **Subject:** | RE: Peacock Feather Response by Seventh Avenue - The Basu Group, Inc. |
| **Date:** | Tuesday, January 12, 2016 10:05:13 AM |
| **Attachments:** | Seventh Avenue - Hand Painted Leather Peacock Bag.jpg |
| | US CPY Reg VA 1652678 - Peacock Feather #1.pdf |

Dear Mr. Gilman,

I am writing to further respond to your allegation sent to outside counsel David Brezina on December 9, 2015 that a hand-painted leather peacock bag sold by Seventh Avenue (picture attached) infringes the work shown in the deposit submitted to obtain Registration VA 1-652-678 for "Peacock Feather #1" apparently owned by Basu Group, Inc.  As I advised earlier, our vendor was not Biacci, Inc., and it was not L & D either.   Nevertheless, as in those cases, Seventh Avenue buys market goods, relying on its vendors to supply noninfringing works and to defend and indemnify it.

First, the copyright owner does not have the exclusive right to use the idea of depictions of peacock feathers on products. To the extent that the feather work is protected, it has very thin protection as it covers a feather found in nature.  Numerous pictures of peacock feathers show unprotectable features of an item found in nature.  A majority of the content reflected in Basu's peacock feather work is unprotectable as derived from nature.

Next, the feather depictions or designs are not similar between the asserted copyrighted feather depiction and the allegedly infringing design on the bag.  The overall shapes and particularly the base of the feathers are different in the feather designs of the registration and on the hand-painted bag.  The "hearts" and circles of the eye on the feather depiction are completely dissimilar in size, shape, shading and color between the designs.  Those elements are similar to features of a feather found in nature.  A "thin" copyright requires nearly an exact copy to be infringed.

I attach the copyrighted feather design and the bag sold by Seventh Avenue to see if I was comparing the appropriate works.  Other aspects of the pattern on the accused bag are unrelated to the "Peacock Feather #1", and as far as I can identify, you are focusing on just the peacock feather portion of that pattern on the bag.  Please let me know if these are the correct works or scope so that I can further evaluate whether an allegation of very close similarity completely lacks merit.

Further, despite the substantial differences in designs, we checked with the vendor who presented to us the hand-painted design used on bags.  The vendor has an artist on payroll for nine years. They are guaranteeing that all designs submitted by him are 100% designed by the artist without copying anyone's designs.  From my understanding, the artist included using an original peacock feather from nature in developing the initial design.  Seventh Avenue did not create the accused design.  Please provide any evidentiary support that the artist or vendor had access to your client's copyrighted works.

Thus, I find that your allegation of copyright infringement lacks merit, is not warranted by existing law, and seems to be frivolous, so we will not be providing requested information about the limited number of bags sold or in inventory since your client's copyright registration is irrelevant to the bags sold by Seventh Avenue. As you know, the copyright statute and the *Fogerty* case provide authority to award fees and costs for a successful copyright defense.  Please confirm that your client is dropping its unjustifiable accusation as we are entitled to take action based on indemnification from our vendor.

Sincerely,

Timothy Engling

**From:** Mike Gilman [mailto:mgilman@pgclawgroup.com]
**Sent:** Monday, January 11, 2016 9:24 AM
**To:** Engling, Tim
**Cc:** Gallagher-Lindholm, Kris -- LEGAL; Surlas, Jeff; 'Brezina, David'; Iciar Narvaez
**Subject:** RE: Peacock Feather Violation by Seventh Avenue - The Basu Group, Inc. - PGC Ref. 847-025
LP File C15675543

Mr. Engling,

I hope you had an enjoyable holiday season and new year.

We would appreciate knowing when you believe you will be getting back to us with your
substantive response to our letter?

Thank you.

Sincerely,

**Mike Gilman | Partner**
**PERGAMENT & CEPEDA LLP**

163 Madison Ave., Suite 110
Morristown, NJ  07960
T: 973-998-7722
F: 973-998-7720
C: 201-522-9050

Admitted NY & CT ONLY
mgilman@pgclawgroup.com
www.pgclawgroup.com


**From:** Mike Gilman [mailto:mgilman@pgclawgroup.com]
**Sent:** Wednesday, December 16, 2015 7:35 AM
**To:** 'Engling, Tim'
**Cc:** 'Gallagher-Lindholm, Kris -- LEGAL'; 'Surlas, Jeff'; 'Brezina, David'; Iciar Narvaez
(inarvaez@pergamentcepeda.com)
**Subject:** RE: Peacock Feather Violation by Seventh Avenue - The Basu Group, Inc. - PGC
Ref. 847-025 LP File C15675543

Dear Mr. Engling,

Thank you for your below email.

We look forward to your more substantive response, and will look for the same within a
reasonably short period after the new year.

Enjoy the holidays and new year.

Sincerely,

**Mike Gilman | Partner**
**PERGAMENT & CEPEDA LLP**

163 Madison Ave., Suite 110
Morristown, NJ  07960
T: 973-998-7722
F: 973-998-7720
C: 201-522-9050

Admitted NY & CT ONLY
mgilman@pgclawgroup.com
www.pgclawgroup.com


**From:** Engling, Tim [mailto:Engling@sccompanies.com]
**Sent:** Tuesday, December 15, 2015 2:48 PM
**To:** mgilman@pgclawgroup.com
**Cc:** Gallagher-Lindholm, Kris -- LEGAL; Surlas, Jeff; Brezina, David
**Subject:** RE: Peacock Feather Violation by Seventh Avenue - The Basu Group, Inc. - PGC
Ref. 847-025 LP File C15675543

Dear Mr. Gilman,
I am Associate General Counsel for Colony Brands, Inc. responding to your copyright
allegation email dated December 9, 2015 on behalf of The Basu Group, Inc. for a peacock
feather depiction.  I am a registered patent attorney with an LLM in intellectual property
law.  Part of my role is to address infringement allegations, such as in your email.  Colony
Brands respects intellectual property rights and endeavors to not infringe the rights of others.

I can advise you that Biacci  Inc. was not the vendor for the accused bag, but we must further
analyze and gather information for our response.

It is a busy time of year, and I will be out of the office for most of the remainder of the year
so we will substantively respond after the first of the year.

Sincerely,

Timothy Engling

**From:** Mike Gilman [mailto:mgilman@pgclawgroup.com]
**Sent:** Wednesday, December 09, 2015 9:04 AM
**To:** Brezina, David <DBrezina@ladas.net>
**Cc:** Iciar Narvaez <inarvaez@pgclawgroup.com>
**Subject:** Peacock Feather Violation by Seventh Avenue - The Basu Group, Inc. - PGC Ref.
847-025
**Importance:** High

David,

It's been a while.  I hope you are well and that you remember me.  If you do not remember me, I am counsel for The Basu Group, Inc. and you and I were involved in a copyright litigation in the Southern District of New York involving your clients, Midnight Velvet, Inc. and Seventh Avenue, Inc., and their supplier at that time, Biacci Inc.

I am writing to you today, to inform you of a new allegation of copyright infringement by The Basu Group against your Seventh Avenue client.  This new allegation involves one of the same copyrights our client asserted in the Biacci case, namely, US Copyright Reg. No. VA 1-652-678, entitled Peacock Feather #1.  A copy of this registration is attached.  The accused Seventh Avenue bag is seen on the attached image from your client's website, and is entitled "Hand-Painted Leather Peacock Bag," and appears to be item number "#D7724955".

We request the following:

·       The name, address and contact information for Seventh Avenue's supplier(s) of the allegedly infringing bag;

·       The total number of these allegedly infringing bags ordered by Seventh Avenue from these suppler(s), whether already delivered or pending delivery to Seventh Avenue;

·       The number of these allegedly infringing bags sold by Seventh Avenue;

·       The number of these allegedly infringing bags held in inventory by, or on behalf of, Seventh Avenue; and

·       Copies of all purchase orders and invoices relating to these allegedly infringing bags.


I look forward to working with you to amicably resolve this matter.

Sincerely,

**Michael R. Gilman | Partner**
**PERGAMENT & CEPEDA LLP**

**Main Contact Info.**
163 Madison Ave., Suite 110
Morristown, NJ  07960
T: 973-998-7722
F: 973-998-7720
C: 201-522-9050

**Secondary Contact Info.**
315 Madison Ave., Ste 901
New York, NY 10017
(212) 807-4171 phone
(212) 957-1912 fax

Admitted NY & CT ONLY
mgilman@pgclawgroup.com
www.pgclawgroup.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential, privileged or proprietary information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, immediately contact the sender
and destroy all copies of the original message.
This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential, privileged or proprietary information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, immediately contact the sender
and destroy all copies of the original message.

# EXHIBIT III
# [In Support of Plaintiff's Arguments]

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

THE BASU GROUP INC.,                       )
                                           )
            Plaintiff,                     )
                                           )        Civil Action No. 16-cv-00461-PGG
        v.                                 )
                                           )
SEVENTH AVENUE, INC.,                      )
                                           )
            Defendant.                     )
                                           )

**INITIAL DISCLOSURES OF DEFENDANT SEVENTH AVENUE, INC.
PURSUANT TO RULE 26(a)(1)**

Defendant Seventh Avenue, Inc. (hereinafter "SEVENTH AVENUE") through

counsel hereby submits the following as their Rule 26 disclosures, based on information

reasonably available to date.

> **Rule 26(a)(1)(A)**: The name and, if known, the address and telephone
> number of each individual likely to have discoverable information that the
> disclosing party may use to support its claims or defenses, unless solely
> for impeachment, identifying the subjects of the information.

**RESPONSE:**

Seventh Avenue believes individuals likely to have discoverable information

that Seventh Avenue may use to support its claims or defenses include the following:

1.      Russell Davis (President, Seventh Avenue) - Knowledge of defendants'

catalogs and web site, direct marketing practices and operations of Seventh Avenue.

Address: 1112 7th Avenue Monroe, WI 53566-8016.

2.      A Merchandiser or Merchandisers for Seventh Avenue - Knowledge of

purchase and sale of the bags at issue. Address: 1112 7th Avenue Monroe, WI 53566-

8016.

These individuals may only be contacted through the counsel for Seventh Avenue.

1

In addition to these individuals, other individuals may have discoverable information that Seventh Avenue may use to support its defenses or a counterclaim, including persons associated with Seventh Avenue's supplier(s) who created the accused bag.

Seventh Avenue may have a creative, production, marketing a n d / o r o r n i t h o l o g y expert and a damages expert, but has not, as yet, retained such testifying expert(s).

Depending on discovery disclosures, document production f u r t h e r i n v e s t i g a t i o n and the pleadings, Seventh Avenue reserves the right to amend this list as additional information becomes available and as the issues are clarified.

> **Rule 26(a)(1)(B)**: A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**Response:**

Seventh Avenue  responds to this disclosure requirement by identifying the following document categories:

1.      Preexisting and alternative art;.

2.      Natural peacock feathers;

3.      Purchasing, inventory, shipping and related documents or information showing Seventh Avenue's obtaining accused product from i t s v e n d o r , w h o c r e a t e d t h e a c c u s e d b a g s . To the extent these exist, they are at Seventh Avenue or a related company's data center. Upon entry of a suitable Protective Order, documents will be made available where they are kept in the ordinary course of business or in a mutually agreeable medium at a mutually agreeable place and time. Seventh Avenue will not provide personal

information about consumers.

4. Creative materials may show steps used to place the accused products in Seventh Avenue's catalog(s) and their websites. To the extent these exist, they are believed to be at Seventh Avenue's or a related company's data center. Upon entry of a suitable Protective Order, documents or information will be made available where they are kept in the ordinary course of business or in a mutually agreeable medium at a mutually agreeable place and time. It is possible that photographers or printers may have some images.

Seventh Avenue reserve the right to supplement if the issues or relevance change.

Seventh Avenue are willing to produce such non-privileged and non-confidential documents to the extent the Federal Rules of Civil Procedure call for production of information that is not covered by the attorney-client privilege or protected by work-product immunity. Seventh Avenue reserve the right to produce additional documents, as the search for relevant materials continues.

> **Rule 26(a)(1)(C)**: A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response:**

> Seventh Avenue does not claim damages from plaintiff.

> **Rule 26(a)(1)(D)**: For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:**

Seventh Avenue does not believe it has insurance coverage for the acts at issue.

Attorneys for SEVENTH AVENUE

By:___/David C. Brezina/_____
        David C. Brezina
        DB4599 (*pro hac vice*)

Ralph Cathcart
Ladas & Parry, LLP
1040 Avenue of the Americas
New York, NY 10018
Tel 212.708.1800
Fax 212.246.8959

David C. Brezina, Esq.
Ladas & Parry, LLP
224 South Michigan Avenue, #1600
Chicago, IL 60604
Tel 312.427.1300
Fax 312.427.6663

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon counsel via first class mail postage prepaid in an envelope addressed as shown below this 9th day of August, 2016 to:

>
> Michael Robert Gilman
> Myers Waolin, LLC
> 100 Headquarters Plaza
> North Tower 6th Floor
> Morristown, NJ 07960
>
> Email: mgilman@pgclawgroup.com

Dated: August 9, 2016                    /David C. Brezina/
                                         David C. Brezina
                                         DB4599 (*pro hac vice*)

**EXHIBIT IV**
**[In Support of Plaintiff's Arguments]**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE BASU GROUP INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-cv-00461-PGG |
| SEVENTH AVENUE, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S SEVENTH AVENUES RSEPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

**OBJECTIONS TO INSTRUCTIONS AND DEFFINITIONS**

Seventh Avenue objects to the instructions and definitions for the Interrogatories and Requests to the extent they impose any obligation beyond the Federal Rules, Local Rules, and Pretrial Scheduling Order

The instructions seek to require Defendant to produce at the offices of Plaintiff's attorneys, Myers Wolin, LLC, Morristown, NJ 07960 within 30 days. Defendant objects as the requirement poses an improper obligation. Any documents and/or things produced in response to the Requests will be made available for inspection and copying at the offices of Seventh Avenue's counsel, David C. Brezina, Ladas & Parry LLP, 224 S Michigan Ave, Chicago, IL 60604, or at such other place as may be agreed upon and within a reasonable time agreed upon.

The instructions seek supplementation of interrogatories within 10 days and supplementation of production within 7 days. Defendant objects as the requirement poses an improper obligation. Defendant will supplement its responses and production as required by the

**ANSWER**

Seventh Avenue states it does not sell any infringing products. To the extent the one accused product is at issue, Seventh Avenue incorporates by reference its Rule 26 statement pursuant to Rule 33(d). Additionally, to the extent documents were created by employees, the employees' names would be reflected thereon, pursuant to Rule 33 (d). Additionally, creative work in preparation of catalog and website content and administrative tasks were done by merchandising employees.

**INTERROGATORY NO. 8**

Identify Defendant's supplier(s) of Defendant's Infringing Products.

**ANSWER:**

Seventh Avenue did not sell infringing products. Seventh Avenue acquired non-infringing products from a vendor  To the extent the vendor of the accused products can be identified by documents, Purchase Orders or other commercial documents will be produced pursuant to Rule 33 (d).

**INTERROGATORY NO. 9**

Identify the artist(s) of the Accused Design.

**ANSWER:**

Seventh Avenue acquired non- infringing products from a vendor and does not have information regarding artist(s).

**INTERROGATORY NO. 10**

Identify the importer(s) of Defendant's Infringing Products.

**ANSWER:**

Attorney for SEVENTH AVENUE


By:___/David C. Brezina/_____
David C. Brezina (pro hac vice)

Ralph H. Cathcart, Esq.
Ladas & Parry, LLP
1040 Avenue of the Americas New York, NY 10018
Tel 212.708.1800
Fax 212.246.8959

David C. Brezina, Esq. Ladas & Parry, LLP
224 South Michigan Avenue, #1600
Chicago, IL   60604
Tel 312.427.1300
Fax 312.427.6663

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel via  first class mail postage prepaid in an envelope addressed as shown below this 12th day of September, 2016 to:

Michael Robert Gilman
Myers Waolin, LLC
100 Headquarters Plaza
North Tower 6th Floor
Morristown, NJ 07960


Dated: _September 12, 2016                    David C. Brezina/_____
                                             David C. Brezina
                                             DB4599 (*pro hac vice*)

# EXHIBIT V
# [In Support of Plaintiff's Arguments]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                :

THE BASU GROUP INC.,            :
                                :

               Plaintiff,       :          **Civil Action No.**
                                :         **16-cv-00461-PGG**

          v.                  :
                                :

SEVENTH AVENUE, INC.         :         <u>**JURY DEMANDED**</u>
                                :

               Defendant.     :
-----------------------------------------------------------------X


**DEFENDANT'S CUMULATIVE APPENDIX IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


**PAGES 1-127**

Attorney Docket No.: C15675543

SA001239

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

THE BASU GROUP INC.,

     Plaintiff,

     v.

SEVENTH AVENUE, INC.,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 16-cv-00461-PGG

Hon. Paul G. Gardephe

### DECLARATION OF ANURAG CHOKHANY

1. My name is Anurag Chokhany.

2. I am a resident of the Republic of India and am more than 18 years old.

3. I am Director at Shankar Produce Company Private Limited in India, sometimes later referred to as "Shankar".

4. Shankar produced and sold to Seventh Avenue, Inc. the Red Peacock Feather Baga picture of which is attached hereto as Exhibit A.

5. All our designs in hand painting as well as styles are developed for our buyers as per their demand and requirements.

6. All the designs we offer that include Peacock feather have developed by us for our buyers since 2008.

7. Our team of artists make graphic designs for bags as per requirement of our buyers.

8. In the year 2012, one of our Australian customers had asked for a Peacock design, which became the design on the Hand-Painted Leather Peacock Book Bag as Exhibit B

(SA000393) (later "Peacock Book Bag").

SA001240

9. The artist who created the Peacock Book Bag is named Sujit Das (later "Artist" or "The Artist").

10. Out of our team of artists with one artist namely Sujit Das, created the red peacock design in Shankar's factory on request of our Australian customer with red being one of the main colors on the Peacock Book Bags sometimes in the year 2012.

11. The Artist does not speak or write English. I have discussed the facts with him and I am accurately translating his description of his actions into English.

12. The Artist picked up an original feather and bought a fabric swatch from the market with peacock prints and developed the initial design for the Peacock Book Bag.

13. The design was sent to the Australian customer and then the Australian customer made some comments, and the Peacock Book Bag design was then developed accordingly.

14. The background abstract peacock portion of the Peacock Book Bag design was derived from fabric sold for dresses

15. The portion of the Peacock Book Bag design that most closely resembles a natural peacock feather was derived from a natural peacock feather.

16. The suggestion from the Australian customer to change the Peacock Book Bag design was to make the background and eye of the peacock feather including red as the dominant color.

17. The Peacock Book Bag design having the original peacock feather was used on the bag sold to Seventh Avenue with no suggested changes from Seventh Avenue to the Design, besides using the Peacock Book Bag design on a different item.

18. The Artist created the Peacock Book Bag and the Red Peacock Feather Bag

independently of Anushka items from an original peacock feather, a fabric swatch with peacock prints and comments from the Australian customer.

SA001241

19. The design on the Peacock Book Bag as Exhibit B (SA000393) was used for the Red Peacock Feather Bag attached hereto as Exhibit A.

20. The Peacock design was hand painted on eachRed Peacock Feather Bag.

21. We never copy anyone else's designs.

22. Seventh Avenue and its affiliates did not provide any creative input used in creating either Peacock design.

23. I worked with a buyer's agent of Seventh Avenue to provide the red peacock handbag to Seventh Avenue, and the name of the buyer's agent is Manju Mittal, who does business as Anusha Marketing.

24. Regarding providing handbags for Seventh Avenue, Manju Mittal confirmed that we had a team of creative artists and that we never copy anyone else's designs.

25. The peacock feather is from the national bird of India and hence nobody can make it registered.

I declare under penalty of perjury under the laws of the United States, as provided in 28 U.S.C. § 1746, that paragraphs 1 – 11, 13, 16, 17, 19 - 24 are made based on my personal knowledge, including my personal knowledge as Director of Shankar based on personal observations and after review of business records, and paragraphs 12, 14, 15 and 18 are accurate translations of statements made by Sujit Das, and the statements so described are true and accurate to the best of my knowledge, information, and belief and are consistent with how Shankar operates as a business.

Def. Cumul. App'x 17

3

SA001242

Date: March 14, 2017      **ANURAG CHOKHANY**
                          Director
                              Shankar Produce Company Private Limited

SA001243

Chokhany Declaration Exhibit A

SA001244



**Def. Cumul. App'x 20**

SA001245

Chokhany Declaration Exhibit B

SA001246



**Def. Cumul. App'x 22**

**EXHIBIT B**
**[Defendant's Arguments]**



## LADAS & PARRY LLP
### INTELLECTUAL PROPERTY LAW

David C. Brezina  david.brezina@ladas.net

*~Celebrating 100 Years ~*

LAW OFFICES ▪ LADAS & PARRY LLP ▪ 224 South Michigan Avenue ▪ Suite 1600 ▪ Chicago, Illinois 60604
P 312.427.1300 ext. 213 ▪ F 312.427.6663 ▪ F 312.427.6668 ▪ www.ladas.com

May 9, 2018

***Via ECF – Courtesy Copy Via Fax (212) 805-7986***
Honorable Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Rm 2204
New York, NY 10007

   Re: The Basu Group Inc. v. Seventh Avenue, Inc. – Civil Action No. 1:16-cv-
      00461-PGG, U.S.D.C. – S.D.N.Y. (Our Ref: C15675543)

Dear Judge Gardephe:

  This letter conveys Defendant's position described in the Joint Letter under the heading "Indian Artist and Vendor" as described as "[t]he parties have not been able to agree regarding the issue of the alleged Indian artist of the accused design in this Action and the Indian vendor from whom defendant purchased the allegedly infringing goods.

  A. Defendants Key Witnesses Relating to the Defense of Independent Creation
    Should Be Allowed to Testify by Video Conference

  Three possible witnesses who were involved in the creation of the bag at issue and its subsequent sale to Defendant are Ms. Manju Mittal, a purchasing agent, Mr. Anurag Chokhany, proprietor of the company that made and sold the accused product, and Mr. Sujit Das, an artist who created the specific embodiment later hand painted on the bags actually sold to Defendant.

  Initially, Defendant believes that presenting testimony of Mr. Chokhany and Mr. Das, and Ms. Mittal, remotely, such as by videoconference, is more a more logical and efficient way to present their testimony than requiring travel.  This type of arrangement was suggested by Plaintiff more than a year ago.

  B. Plaintiff Has Long Known of These Witnesses, Elected Not to Depose Them
    And Has No Grounds to Exclude Them

  It now appears that Plaintiff, who argued that the Chokhany Declaration was hearsay, now wants to prevent live, or contemporaneous video testimony.

1040 Avenue of the Americas, New York, NY 10018 ▪ 5670 Wilshire Boulevard, Los Angeles, CA 90036
1700 Diagonal Road, Alexandria, VA 22314
Temple Chambers, 3-7 Temple Avenue, London EC4Y 0DA, England ▪ Dachauerstrasse 37, 80335 Munich, Germany

(1) It is illogical for Plaintiff to oppose direct testimony of Mr. Chokhany, Mr. Das.  Plaintiff opposed the Chokhany Declaration (Dkt 79 pages 16 – 23) based on hearsay (Basu Brief, Dkt 76, page 24) and now Plaintiff want to prevent direct testimony.  Of course, Plaintiff's only objection was hearsay, because Plaintiff failed to assert any need for discovery under Rule 56 (d).

(2)  Plaintiff was aware that Defendant had been told by its vendor that the accused work was independently created in an email to counsel for Plaintiff sent <u>January 12, 2016</u>. This was before Plaintiff filed the suit.

(3) Plaintiff chose to not pursue discovery diligently (Dkt 43) however counsel for Defendant attempted to work with counsel for Plaintiff to enable discovery in late 2016.

(4) With respect to Shankar, Defendant's vendor, which is Mr. Chokhany's company, a third party, not under Defendant's control, counsel for Defendant tried to work with counsel for Plaintiff to enable appropriate, efficient, development of information as follows:

a. In a telephone discussion the afternoon of Tuesday, November 08, 2016 counsel for Plaintiff suggested to counsel for Defendant that in connection with Defendant's independent creation defense Plaintiff would like to depose a representative of Shankar.  Counsel for Plaintiff suggested Plaintiff was open to some sort of remote deposition arrangement.   Shankar is Mr. Chokhany's company, and Mr. Das was an employee.

b. On November 28, 2016 counsel for Plaintiff wrote in an email from the Myers Wolin law firm:

"…. we anticipate the efforts being something along the lines of what you suggested - a depo by video conference with a prior request for whatever "creation documents" they claim to have. Plaintiff would agree to split the cost of this depo. We would agree to work with you and Seventh Avenue in approaching Shankar and Anusha: i.e., maybe a joint letter from counsel."

Plaintiff's counsel was leaving the Myers Wolin firm at that time.

c. Counsel for Defendant replied to counsel for Plaintiff at his new firm, Kaplan Breyer, apparently the day after counsel for Plaintiff's email was operative there, December 2, 2016:

"When I said we would consider cooperating, I was thinking in terms of encouraging connection with Shankar, not expense sharing, with an open ended project.

Maybe we are better going back to the way things were.

> You have had documents identifying Shankar and Anusha for a
> month or so. At least one, as I recall, was a string in which we
> advised them of Basu's contentions and in which they responded.
> If you have a proposal for Basu to follow up on that, I would have
> to verify with the client, but I do not anticipate that we would
> object if it is after the close of discovery.
> We are not prepared to stipulate that we would not introduce
> evidence on particular topics."

d.  Later that day, December 2, 2016, counsel for Plaintiff replied, and
    included a list of specific written questions counsel for Plaintiff
    contemplated asking Shankar:  Before the list of questions counsel for
    Plaintiff stated:

> "I only suggested a cost sharing, if you were also going to depose
> them/ask for documents; i.e., we were doing it jointly. If not,
> plaintiff will foot the costs.
> While we have had documents for a month, we did not have your
> client's deposition, explaining the parties, relationships and the
> documents. This we have only had (and we do not even have the
> transcript yet), since Nov. 18th. We then had plaintiff's deposition
> on the 21st, Thanksgiving was last week and I switched firms. So,
> if you are suggesting delay on our part, I do not believe that is
> accurate.
> As has been explained, plaintiff would like to know what each of
> these entities know about the creation of the accused design. It
> might be able to be as simple as a request for whatever documents
> they have relating to creation, and then a simple, verified response
> to some written questions about creation and the documents they
> send, if any. At worst, it would be some type of telephonic or video
> deposition after the above production.
> Further, it might even be more simple. In particular, we could put a
> short list of questions together relating to the email chain you
> mention below (copy attached, I believe), Examples of some
> questions we can think of off the top of our heads" [with a
> proposed questionnaire]

e.  Thursday, December 15, 2016 counsel for Plaintiff emailed:
> "As it seems that our earlier progressing discussions of getting
> testimony and documents from Shankar and Anusha have now
> stalled, I will be writing to the judge seeking a pre-motion

conference to bring a motion to add these entities into the suit as defendants."
Plaintiff never added these known parties as defendants.

f.  The phraseology of Plaintiff's questionnaire did not appear the best for the purpose of documenting facts with persons for whom English was a second language, or not understood at all.  Thus, counsel for Defendant prepared a draft Declaration largely based on produced correspondence and sent it to Plaintiff on Monday, December 19, 2016 10:39 AM.  Related to the form of questions was the fact that Shankar is not a company related to or controlled by Seventh Avenue.  The approach was necessary to gain cooperation.

g.  A vast majority of *Plaintiff's counsel's questions* were answered in the Chokhany Declaration (Dkt 79 pages 16 – 23).

h.  Defendant filed its Answer and Counterclaim on December 26, 2016.

i.  Subsequently, the case went into motion practice.  The Chokhany Declaration (Dkt 79 pages 16 – 23) was completed and submitted to establish facts in the Cross Motions for Summary Judgment.  It was executed by Mr. Chokhany March 14, 2017 and sent to Plaintiff on March 28, 2017 as documents SA001239 - SA001246.

(5) While State Department procedures are not clear at this time, recent indications on the State Department website for visas showed a 42-day wait, before an appointment could be scheduled in New Delhi.  With modern technology, it is prudent to allow the witnesses in India to testify by video conference.

C.  Plaintiff Has Long Known of Other Witnesses Employed by Defendant and Elected Not to Depose Them

Separate from Mr. Chokhany and Mr. Das, Plaintiff has had documents including those identifying Seventh Avenue employees since October, 2016.  Counsel for Plaintiff chose to limit examination to depositions notice under Rule 30 (b) (6) and at those depositions chose to examine only two witnesses regarding noticed subjects and documents.  Plaintiff has had the identification of employees whose activities it chose to explore since November 18, 2016.   The subjects discussed in several emails between employees of Defendant and the Indian purchasing agent Manju Mittal were explored

with the witnesses proffered.  Plaintiff chose not to examine any other Seventh Avenue employees or any witnesses by name and chose to not seek discovery of Ms. Mittal.

      D. Defendant Would Be Prejudiced If It Cannot Present Its Independent Creation
        Defense

Since Plaintiff has known about the independent creation defense since before the suit was filed, has had identification of Ms. Mittal and Mr. Chokhany in documents produced long ago, and has known about Mr. Das – whose statements were translated by Mr. Chokhany – since the production of the Chokhany Declaration, it would be manifestly prejudicial to deny the Defense the opportunity to submit evidence of independent creation, using a natural peacock feather to create the original artwork on the accused purse, no access of the asserted work by the Artist, and the rationale for why the accused purse is not substantially similar to the copyrighted feather template of Plaintiff.

Defendant would prefer to use of technology to permit their testimony remotely, which would reduce costs and speed the process.  Barring this, there is significant uncertainty with respect to their travel needs, including US visas, if necessary.   Rather than being hidden from the facts of how the accused purse was independently created, the jury should be able to weigh the testimony from Indian witnesses.

Respectfully submitted,

David C. Brezina (DB 4599)

DCB/msw
Enclosure