Exhibit 2 to Exhibit B of Joint Letter of May 9, 2018, Defendant's Position on Independent Creation Witnesses, Paragraph 4 c., d., e., f.

| | |
|---|---|
| **From:** | Michael Gilman |
| **To:** | Brezina, David |
| **Cc:** | Robbins, Carolyn |
| **Subject:** | RE: Shankar and Anusha |
| **Date:** | Friday, December 02, 2016 9:01:33 AM |
| **Attachments:** | SA_00549-551 - 2015-16 Corres.pdf |
| **Importance:** | High |

David,

Thanks for the well wishes.

I only suggested a cost sharing, if you were also going to depose them/ask for documents; i.e., we were doing it jointly. If not, plaintiff will foot the costs.

While we have had documents for a month, we did not have your client's deposition, explaining the parties, relationships and the documents. This we have only had (and we do not even have the transcript yet), since Nov. 18th. We then had plaintiff's deposition on the 21st, Thanksgiving was last week and I switched firms. So, if you are suggesting delay on our part, I do not believe that is accurate.

As has been explained, plaintiff would like to know what each of these entities know about the creation of the accused design. It might be able to be as simple as a request for whatever documents they have relating to creation, and then a simple, verified response to some written questions about creation and the documents they send, if any. At worst, it would be some type of telephonic or video deposition after the above production.

Further, it might even be more simple. In particular, we could put a short list of questions together relating to the email chain you mention below (copy attached, I believe), Examples of some questions we can think of off the top of our heads:

- Please confirm that artists working for Shankar Produce Company created the design of item #3378 (SA 000393).
    - If not, where did Shankar obtain this design.
- Please provide the date of creation of the design of item #3378 (SA 000393).
- If the date of creation of the design of item #3378 (SA 000393) is different from the date shown at the bottom right of SA000393 ("2012 08 10"), please explain the significance of the date shown at the bottom right of SA000393.
- Please confirm that the date at the bottom of SA000393 is August 10, 2012. If not, what date is it, if it is a date.
- Please provide us with copies of the "different pictures of Peacock feather designs developed in combination with flowers and other detailings", as is mentioned in the Dec. 17, 2015 email of SA000551.
- How does the explanation of Manju's email to Paula of Dec. 23, 2015 (SA000550, 2nd paragraph), relate to the design of #3378.
    - "As per factory, One of their Australian customers had asked for Peacock desig. The Artist picked up orig feather and bought fabric from market with peacock prints and developed initial design."
    - If it does not relate to the design of #3378, what design does it relate to.
- Do you have the "orig feather" of Manju's email (SA000550).
    - If yes, please send the same to SA's counsel.
- Do you have the "fabric from market with peacock prints" of Manju's email (SA 000550).
    - If yes, please send the same to SA's counsel.
- Is the "print swatch" of the 3rd paragraph of Manju's email (SA000550), the same item as the "fabric from market with peacock prints" of the 2nd para of the email.
    - If not, please send the "print swatch" to SA's counsel, and explain its relationship to this

- correspondence chain.
- How were the "customer … comments" (3rd sentence, 2nd para of SA000550), presented to you; i.e., orally or markings on the initial design.
    - If oral, and if you remember, please list these for us.
    - If by hand drawn markings to the initial design, please send these markings to SA's counsel.
- In making the design accused of infringement in this suit for the Fall 2015 Midnight Velvet catalog, what other inspiration did you have other than item #3378.
- Then some general questions, such as, for example:
    - Please identify the number of artists who have ever worked at Shankar Produce Company, and who, prior to their employment with Shankar, previously worked as an artist with Roma Basu and/or Societe Maison De Cuir ("previous SMDC artists").  (note here – we are only seeking the number, no names)
    - When item #3378 was created, how many such previous SMDC artists were working for Shankar.
    - When working on the design accused of infringement in this suit for the Fall 2015 Midnight Velvet catalog, how many previous SMDC artists were working for Shankar.

Plaintiff will be looking to move the court to add both Shankar and Anusha as defendants into this suit if the parties cannot reach agreement on the above by the end of today.

Sincerely,

**Michael R. Gilman, Esq.** | Of Counsel
Kaplan Breyer Schwarz & Ottesen* | 100 Matawan Rd., Ste 120, Matawan, NJ 07747-3913
**P:** 732.578.0103x  | **M:** 201.522.9050 | **F:** 732.578.0104 | www.kbsolaw.com
mgilman@kbsolaw.com | **LinkedIn** | **Skype:** michael.gilman54

**Admitted New York & Connecticut ONLY**
**\* Ken Ottesen, a name partner, is admitted to the California Bar ONLY**

**CONFIDENTIALITY NOTE:**  This email transmission, including any attachments  hereto, may contain information that is confidential, legally privileged and exempt from disclosure.  The informa ion is intended only for the use of the individual(s) or entity to whom this email has been addressed.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby no ified that any disclosure, copying, distribution or use of any of the information is stric ly PROHIBITED.  If you have received this transmission in error, please let us know immediately and delete the email, including any attachments thereto, from your computer.

**From:** Brezina, David [mailto:DBrezina@ladas.net]
**Sent:** Thursday, December 01, 2016 4:51 PM
**To:** Michael Gilman
**Cc:** Robbins, Carolyn
**Subject:** RE: Shankar and Anusha

Hi Mike:

Good luck at the new firm.

When I said we would consider cooperating, I was thinking in terms of encouraging connection with Shankar, not expense sharing, with an open ended project.
Maybe we are better going back to the way things were.
You have had documents identifying Shankar and Anusha for a month or so.  At least one, as I recall, was a string in which we advised them of Basu's contentions and in which they responded.  If you have a proposal for Basu to follow up on that, I would have to verify with the client, but I do not anticipate that we would object if it is after the close of discovery.

We are not prepared to stipulate that we would not introduce evidence on particular topics.  It is simply too early for that.  Under the scheduling order, as I recall it, we do not even need to think about a pretrial scheduling order when there is pending a dispositive motion.

Dave

---

**From:** Michael Gilman [mailto:mgilman@kbsolaw.com]
**Sent:** Thursday, December 01, 2016 1:19 PM
**To:** Brezina, David <DBrezina@ladas.net>
**Subject:** FW: Shankar and Anusha
**Importance:** High

David,

Today is my first day at my new firm.  See below.  I'll have my phone extension next week.

I never received a response to my below email.  Please let me know where we stand.

Sincerely,

**Michael R. Gilman, Esq.** | Of Counsel
Kaplan Breyer Schwarz & Ottesen | 100 Matawan Rd., Ste 120, Matawan, NJ 07747-3913
**P:** 732.578.0103x  | **M:** 201.522.9050 | **Skype:** michael.gilman54
mgilman@kbsolaw.com | **LinkedIn**

**Admitted New York & Connecticut ONLY**

**CONFIDENTIALITY NOTE:**  This email transmission, including any attachments hereto, may contain information that is confidential, legally privileged and exempt from disclosure.  The informa ion is intended only for the use of the individual(s) or entity to whom this email has been addressed.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby no ified that any disclosure, copying, distribution or use of any of the information is stric ly PROHIBITED.  If you have received this transmission in error, please let us know immediately and delete the email, including any attachments thereto, from your computer.

-------- Original message --------
From: Michael Gilman <michael.gilman@myerswolin.com>
Date: 11/28/16 6:18 PM (GMT-05:00)
To: David Brezina <DBrezina@ladas.net>
Subject: RE: Shankar and Anusha

David,

This email should continue to work for at least the near future.  As soon as I know my new email address ,  I'll let you know.

As to Shankar/Anusha, I want to again say that if Seventh Avenue agrees not to try to bring a Shankar or Anusha representative to trial or into a summary judgment in person or via affidavit or declaration, then plaintiff does not need to disturb Shankar or Anusha.  Otherwise, we anticipate the efforts being something along the lines of what you suggested - a depo by video conference with a prior request for whatever "creation documents" they claim to have.  Plaintiff would agree to split the cost of this depo.  We would agree to work with you and Seventh Avenue in approaching Shankar and Anusha: i.e., maybe a joint letter from counsel.  It may also be that Anusha is not needed, if Seventh Avenue agrees Anusha had nothing to do with creation of the accused design.

As I've said, plaintiff's concern is to avoid being surprised at trial/sj with new documents and or testimony from Shankar or Anusha relating to creation of the accused design.  So, plaintiff is fine with an agreement as to no surprises, or the above joint efforts to gain docs and testimony.

Sincerely,

Mike Gilman

Myers Wolin, LLC, 100 Headquarters Plaza, North Tower, 6th Fl, Morristown,  NJ 07960
mobile: 201.522.9050

Admitted NY and CT Only

Sent from my Sprint Samsung Galaxy S7 edge.

-------- Original message --------
From: "Brezina, David" <DBrezina@ladas.net>
Date: 11/28/16 4:30 PM (GMT-05:00)
To: Michael Gilman <michael.gilman@myerswolin.com>
Subject: RE: Shankar and Anusha

Hi Mike:

We can see what we can do to encourage Shankar to cooperate.
As far as "joint effort" you and I discussed a wide ranging number of possibilities.
Since it is clear that Seventh Avenue didn't even design the accused graphics, they would need to know more about what "efforts" you have in mind.
How is the longevity of this email address for you coming along?

Dave

**From:** Michael Gilman [mailto:michael.gilman@myerswolin.com]
**Sent:** Monday, November 28, 2016 11:04 AM
**To:** Brezina, David <DBrezina@ladas.net>
**Subject:** Shankar and Anusha

David,

What did your client say about a joint effort to depos Shankar and Anusha?

Sincerely,

Mike Gilman
Myers Wolin, LLC, 100 Headquarters Plaza, North Tower, 6th Fl, Morristown,  NJ 07960
mobile: 201.522.9050

Admitted NY and CT Only

Sent from my Sprint Samsung Galaxy S7 edge.